UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

CHRISTOPHER D. WYMAN
*Debtor(s),*

CASE NO. 12-32264
CHAPTER 7
HON: D. S. OPPERMAN

\

MICHAEL A. MASON, US
BANKRUPTCY TRUSTEE
And STATE COURT JUDGMNT
CREDITOR BARBARA DUGGAN

              Plaintiffs

v.

MICHELLE PICHLER, a/k/a MICHELLE GENTRY;
and, EDWARD LINCK

              Defendants.
\

TINDALL LAW
Attorneys for Creditor B. DUGGAN
BY: MICHAEL E. TINDALL P29090
P.O, BOX 46564
MOUNT CLEMENS, MI 480436
(313) 638-7613
(815) 572-5858 (FAX)
Direct Email: met@comcast.net

\

ADVERSARY NO. _____

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served upon counsel of record herein at their respective addresses on the record on _____9/20_____, 2012

___ US MAIL __X__ E-FILE/MAIL
___ FAX ___ DELIVERY

_/s/ MICHAEL E. TINDALL_

## COMPLAINT TO COMPEL TURNOVER OF PROPERTY OF THE BANKRUPTCY ESTATE AND TO INVALIDATE MORTGAGE LIEN OR, IN THE ALTERNATIVE FOR MONEY JUDGMENT PURSUANT TO 11 USC 542(a)

Now come Plaintiffs MICHAEL A. MASON, Chapter 7 Trustee and BARBARA DUGGAN, State Court Judgment Creditor and for their Complaint against Defendants state:

TINDALL LAW
ATTORNEYS AND COUNSELLORS AT LAW
12-03348-dof   Doc 1   Filed 09/20/12   Entered 09/20/12 13:28:54   Page 1 of 8

1

## JURISDICTION

1. This is an adversary proceeding brought pursuant to 11 USC § 542, 544(b), 547, and 550. the Michigan Uniform Fraudulent Transfer Act, MCL § 566.31, et seq., and Federal Rule of Bankruptcy Procedure 7001 to recover property of the Bankrupt Estate.

2. This court has jurisdiction over this matter pursuant to 28 USC §1334 and 11 USC 542, 544, 547 and 550.

## PARTIES

3. State Court Judgment Creditor BARBARA DUGGAN is a creditor and interested party in this Bankruptcy Estate pursuant to 11 USC 101(5), as the holder of a state law claim based on fraudulent transfers described below.

4. Trustee MICHAEL A. MASON is the Trustee of the WYMAN Bankruptcy Estate and succeeds to the rights of all creditors of WYMAN under 11 USC 544.

5. **CHRISTOPHER D. WYMAN a/k/a CHRIS WYMAN a/k/a CD WYMAN a/k/a CD WYMAN INC;** WYMAN is the Debtor in this case who transferred assets to Defendant PICHLER in violation of *MCL 566.34(1)and 11 USC 544 and 547.*

6. **MICHELLE PICHLER f/k/a MICHELLE GENTRY:** PICHLER is an "insider" of WYMAN under *MCL 566.31(g)* and 11 USC 101(32), and claims an interest in certain real property owned and occupied by WYMAN, commonly known as 1011 Jones Rd., Howell MI, by virtue of preferential and fraudulent transfers - by fraudulent Land Contract and Quit Claim Deed - from WYMAN.

7. **EDWARD LINCK**, LINCK is the uncle of WYMAN, and, an "insider" under *MCL 566.31(g)* and 11 USC 101(32), and, claims an interest in 1011 Jones Rd., Howell MI, by virtue of a fraudulent mortgage executed by PICHLER.

## GENERAL ALLEGATIONS

8. WYMAN purchased the real property commonly known as 1011 Jones Rd., (hereinafter "Jones Rd.") on May 14, 2009, for $79,900.00. See, Exhibit 1. At the time of the purchase, WYMAN was insolvent.

9. On October 16, 2009, WYMAN recorded a Memorandum of Land Contract on Jones Rd. to his then girlfriend, MICHELLE PICHLER. See, Exhibit 2.

10. The Memorandum of Land Contract was a sham. No Land Contract existed in fact; no payment(s) were made by PICHLER to WYMAN; and, no transfer of title or interest from WYMAN to PICHLER occurred.

11. On October 17, 2009, PICHLER gave a mortgage against Jones Rd. to LINCK for $155,000.00. See, Exhibit 3.

12. The mortgage from PICHLER to LINCK was a sham. PICHLER received no money or other consideration in exchange for the mortgage and has never made a mortgage payment.

13. WYMAN has continually occupied Jones Rd., alone and/or with PICHLER, since 2009; including, throughout the duration of this proceeding.

14. On or about April 24, 2012, WYMAN transferred Jones Rd., by back dated Quit Claim Deed, to PICHLER on the Livingston County real estate

records, in direct violation of a then issued and binding state court injunction. See, Exhibit 4.

15. The recording of a transfer on April 24, 2012 from WYMAN to PICHLER was – itself - a fraudulent transfer from WYMAN to PICHLER, voidable under MCL 566.34(1).

16. In addition to transferring Jones Rd. as described, WYMAN conducted business and received and concealed revenue and income in an account(s) held in the name of an unincorporated entity, CD WYMAN CONTRACTORS, by MICHELLE PICHLER. See, Exhibit 5. PICHLER then distributed such revenue, income and assets to or for the benefit of WYMAN, in the form of false "payments for services", false "loans", and, direct payment of expenses to third parties.

17. The various transactions between WYMAN, LINCK, and PICHLER were fraudulent and conducted solely to continuously conceal assets and property of WYMAN from his creditors, under MCL 566.34(1), and from Trustee MASON.

## COUNT I: PICHLER; PREFERENTIAL TRANSFER. 11 USC 547(b)

18. Plaintiffs hereby incorporate by reference the preceding allegations.

19. PICHLER is an insider listed as a creditor in WYMAN'S Petition and Schedules whose alleged debt arose before April 24, 2012.

20. On April 24, 2012, within 90 days before the date of filing the Petition, WYMAN conveyed Jones Rd. to PICHLER by back dated Quit Claim Deed for no consideration.

21. Upon information and belief, Jones Rd. has a fair market value of at least $195,000. See, Exhibit 6.

22. The conveyance of Jones Rd. to PICHLER violated 11 USC 547(b) as a preferential transfer to an insider of the Debtor and may be avoided by Trustee MASON on behalf of the Bankruptcy Estate for the benefit of all creditors.

## COUNT II: PICHLER; FRAUDULENT TRANSFER 11 USC 544(b) AND MCL 566.34

23. On October 16, 2009, WYMAN was insolvent.

24. WYMAN transferred Jones Rd. to PICHLER with intent to defraud his creditors in violation of MCL 566.34(1).

25. DUGGAN is a state court Judgment Creditor of WYMAN whose claim arose September 25, 2008 and against whom the transfer of Jones Rd. and/or an interest therein is void.

26. Trustee MASON may avoid the transfer of Jones Rd. and any interest therein under 11 USC 544(b) on behalf of the Bankrupt Estate and may recover the property for the benefit of all creditors.

## COUNT III: LINCK; FRAUDULENT TRANSFER 11 USC 544(b) AND MCL 566.34(1)

27. LINCK is WYMAN'S uncle and an insider listed as a creditor in WYMAN'S Petition and schedules.

28. On October 17, 2009, PICHLER gave a mortgage to LINCK against Jones Rd. for $155,000.00

29. The mortgage from PICHLER to LINCK secured by Jones Rd. was a sham.

30. The mortgage on Jones Rd. from PICHLER conveyed no valid interest to LINCK.

31. PICHLER and LINCK conspired with WYMAN to execute and record the LINCK mortgage to defraud WYMAN'S creditors in violation of MCL 566.34(1).

32. DUGGAN is a creditor of WYMAN against whom the conveyance of the mortgage from PICHLER to LINCK is void.

33. Trustee MASON may avoid the LINCK mortgage on Jones Rd. under 11 USC 542 (a) and 544(b).

## COUNT IV: PICHLER AND LINCK; TURNOVER 11 USC 542(a).

34. PICHLER and LINCK must deliver and turn over to Trustee MASON the Jones Rd. property and their interest(s) therein, and, account for the property or its value under 11 USC 542(a).

35. Trustee MASON, through undersigned counsel, has made demand for turn over, but such demand has been refused.

## COUNT V: DUGGAN ONLY; CONSEQUENTIAL DAMAGES MCL 566.38

36. PICHLER and LINCK knowingly and intentionally conspired with WYMAN to transfer, conceal Jones Rd. and defraud WYMAN'S creditors in violation of the Michigan UFTA, MCL 566.31, et seq.

37. At all times relevant hereto, WYMAN was insolvent, and, PICHLER and LINCK knew WYMAN was insolvent.

38. MCL 566.38 gives a defrauded creditor a separate and independent cause of action against the fraudulent transferee(s) of a debtor for damages incurred for conspiring with and assisting a debtor in defrauding creditors.

39. DUGGAN is a defrauded creditor of WYMAN who has suffered damages and incurred costs and attorney fees as a proximate and consequent result of the fraudulent acts of PICHLER and LINCK to assist WYMAN in defrauding his creditors, including DUGGAN.

## RELIEF REQUESTED

Wherefore, Plaintiffs respectfully request this Court:

A. Enter Judgment declaring the claimed interests of PICHLER and LINCK in Jones Rd. to be null and void and compelling turnover of Jones Rd. to Trustee MASON, under 11 USC 542(a) and 550.

B. In the alternative, enter Judgment in favor of Trustee MASON and against PICHLER and LINCK, jointly and severally, in an amount equal to the fair market value of the Jones Rd. property, plus statutory interest, costs and attorney fees, under 11 USC 542(a) and 550.

C. In addition to the relief requested under A and/or B above, enter a separate and independent Judgment in favor of DUGGAN and against PICHLER and LINCK, jointly and severally, for her consequential damages, costs and attorney fees incurred under MCL 566.38.

Respectfully Submitted,
TINDALL LAW

Dated: 9/20/12

BY: /.S/ MICHAEL E. TINDALL
MICHAEL E. TINDALL P29090
For the Firm
P, O, BOX 46564
MOUNT CLEMENS, MI 480436
(313) 638-7613
(815) 572-5858 (FAX)
Direct Email: met@comcast.net