IN RE CHRISTOPHER D. WYMAN          CASE NO: 12-32264

Debtor(s)

# EXHIBIT NO: 3

REGISTER OF DEEDS CERTIFICATE
STATE OF MICHIGAN
I, SALLY REYNOLDS, 3 pgs
Register of Deeds of said County of Livingston
do hereby certify that I have compared this
copy with the original record thereof now re-
maining in my office and that it is a true and
correct transcript therefrom, and of the whole
of such original record.
In Testimony Whereof, I have hereunto set
my hand and affixed the seal of said Register
of Deeds Office at Howell, in said County

2010R-002922
RECORDED ON
02/02/2010    02:00:15PM
SALLY REYNOLDS
REGISTER OF DEEDS
LIVINGSTON COUNTY, MI 48843
RECORDING:    16.00
REMON:         4.00
PAGES: 3

MORTGAGE FORM

THIS MORTGAGE, Made October 17 2009

between MICHELLE PICHLER, 1011 JONES RD, HOWELL MI 48855

"THE MORTGAGOR" and EDWARD LINCK, 1829 HANOVER RD – ANN ARBOR 48103

hereinafter referred to as "THE MORTGAGEE,"

WITNESSETH, that the Mortgagor mortgages and warrants to the Mortgagee lands situated in the TOWNSHIP OF COHOCTAH County of LIVINGSTON and the State of Michigan

described as 1011 JONES ROAD, HOWELL, MI 48843
LEGAL ATTACHED

#4702-24-300-007

together with the hereditaments and appurtenances thereunto belonging and if the said premises be improved with a building designed for occupancy as an apartment house, family hotel or for commercial or business purposes, also together with all disappearing beds, ice boxes, equipment for heating, lighting, cooking, mirrors, door and window shades, screens and awnings and such other goods, chattels and personal property as are ever furnished by a landlord in letting or operating an unfurnished building similar to the buildings erected upon the mortgaged premises and now or hereafter installed therein by the mortgagor or his assigns, which shall be deemed between the parties hereto, and all parties claiming by, through or under them, an accession to the freehold and a part of the realty and encumbered by this mortgage to secure the performance of the covenants hereinafter contained, and the payment of the principal sum of

ONE HUNDRED FIFTY FIVE THOUSAND and 00/100—————————————————

with interest from date hereof at the rate of 6% per cent per annum while the mortgagor is not in default in making the payments herein provided, and if in default in making such payments for a period of thirty days, then at the rate of seven per cent per annum from the time of such default until all sums in default are fully paid, payable annually until the full payment of all sums owing hereon according to the terms of a promissory note of even date executed by MICHELLE PICHLER to the mortgagee, and will pay interest on all overdue interest from its maturity until paid at the rate of seven per cent per annum, provided, interest shall be paid at the rate here agreed, anything in said note to the contrary notwithstanding.

And the "Mortgagor" covenants with the "Mortgagee," while this mortgage remains in force, as follows:

1. To pay said indebtedness and the interest thereon in the time and in the manner above provided;
2. To pay all taxes and assessments levied on; the land within thirty days after the same become due and payable, and deliver the official receipts therefor to the Mortgagee
3. To keep the buildings and equipment on the premises insured against loss or damage by fire for the benefit of, with loss payable to, and in manner and amount approved by, and deliver the policies as issued to the Mortgagee with the premiums therefor paid in full.
4. To abstain from the commission of waste on the mortgaged premises, and keep the buildings thereon and equipment in good repair and promptly comply with all laws and ordinances, regulations and requirements of the Municipality or other government regulations affecting the mortgaged premises.
5. That, if there be default in delivering any insurance policy or in the payment of any tax, assessment or insurance premium the Mortgagee may effect such insurance or secure such policy and pay such assessments, taxes or in8urance premiums and any amount so paid shall be added to said indebtedness and hereb6y secured and be payable to the Mortgagee forthwith with interest at the rate of seven percent per annum.
6. That the whole of said principal sum shall, at the option of the Mortgagee, become due and payable after default for more than 30 days, in the payment of any installment of principal or interest upon said indebtedness, or any tax, assessment or insurance premium, anything to the contrary herein or in said note notwithstanding.
7. That, in the event of the passage of any law or regulation, State, Federal or Municipal, subsequent to the date hereof in any manner changing or modifying the laws now in force governing the taxation of mortgages or debts secured by mortgages, or the manner of collecting such taxes, the entire principal secured by this mortgage and all interest accrued thereon shall become due and payable forthwith, at the option of the mortgagee.
8. That, in the event the ownership of the mortgaged premises, or any part thereof, become vested in a person other than the mortgagor, the mortgagee may deal with such successor or successors in interest with reference to this mortgage, and the debt hereby secured in the same manner as with the mortgagor, without in any manner vitiating or discharging the mortgagor's liability hereunder, or upon the debt hereby secured.

#4702-24-300-007



9. The power is hereby granted by the Mortgagor to the Mortgagee, if default is made in the payment of said indebtedness, interest, taxes, or insurance premiums, or any part thereof at the time and in the manner herein agreed, to grant, bargain, sell, release, and convey the premises, with the appurtenances at public auction and to execute and deliver to the Purchaser or Purchasers, at such sale, deeds of conveyance, good and sufficient at law, pursuant to the statue in such case made and provided, and out of the proceeds to retain all sums due hereon, the costs and charges of such sale, and the attorney fees provided by law, returning the surplus money, if any, to the Mortgagor or Mortgagor's heirs and assigns, and such sale or a sale pursuant to a decree in chancery for the foreclosure hereof may, at the option of the mortgagee, be made en masse.

The covenants herein shall bind and the benefits and advantages enure to the respective heirs, assigns and successors of the parties.
Dated this 17th day of October A.D. 2009

Signed, Sealed and Delivered in Presence of:

_DAVID C. RUDY_
_RENEE GENTRY_

Signed and Sealed:

_MICHELLE PICHLER_
MICHELLE PICHLER

FOR INDIVIDUALS:

STATE OF MICHIGAN
COUNTY OF LIVINGSTON ss

On this 17th day of OCTOBER A.D. 2009
before me, the subscriber, a Notary Public in and for said county, personally appeared Michelle Pichler
known to me to be the person described in and who executed the within Mortgage, and then acknowledged the execution thereof to be her free act and deed.

My commission expires 09-16-2015

DIANA Gentry
Notary Public, LIVINGSTON County, Michigan

Drafted by
CHRISTOPHER D. WYMAN
6241 W Grand River
Brighton, MI 48114

Return to:
EDWARD LINCK
1829 Hanover
Ann Arbor MI 48103

EXHIBIT "A"

Part of the Southwest 1/4 of Section 24, Town 4 North, Range 4 East, and part of the Northwest 1/4 of Section 25, Town 4 North, Range 4 East, more particularly described as follows: Commencing at the Southwest corner of said Section 24; thence North 03 degrees 46 minutes 16 seconds West 1298.63 feet (previously recorded as North 00 degrees 45 minutes 00 seconds West 1298.33 feet); thence along the centerline of Jones Road (66 foot wide Right of Way), North 88 degrees 04 minutes 34 seconds East 183.87 feet (previously recorded as South 89 degrees 29 minutes 00 seconds East 184.60 feet) to the Point of Beginning of the parcel to be described; thence continuing along said line North 88 degrees 04 minutes 34 seconds East (previously recorded as South 89 degrees 25 minutes 00 seconds East) 331.21 feet; thence South 01 degree 58 minutes 26 seconds East 1324.84 feet; thence South 88 degrees 10 minutes 34 seconds West 331.21 feet; thence North 01 degree 58 minutes 26 seconds West 1324.26 feet to the Point of Beginning, subject to the rights of the public over the existing Jones Road. Also subject to any other easements or restriction of record.

1011 East Jones Road          Tax I.D. No.: 02-24-300-007