UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

   CHRISTOPHER D. WYMAN,                      Case No. 12-32264-dof
                                                            Chapter 7 Proceeding
           Debtor.                                      Hon. Daniel S. Opperman
_____/
MICHAEL A. MASON and
BARBARA DUGGAN,

       Plaintiffs,

v.                                                                    Adversary Proceeding
                                                                   Case No. 12-3348-dof
MICHELLE PICHLER
and EDWARD LINCK,

       Defendants.
_____/

Opinion Regarding Motions for Summary Judgment

The Plaintiffs, Michael Mason, Trustee for the Debtor Christopher D. Wyman, and Barbara Duggan, a creditor of Mr. Wyman, filed a Complaint against Michelle Pichler and Edward Linck, claiming that a transfer from the Debtor to Ms. Pichler is a preference pursuant to 11 U.S.C. § 547 and that certain transfers between and among the Debtor, Ms. Pichler, and Mr. Linck are fraudulent conveyances pursuant to 11 U.S.C. § 544 and Michigan Fraudulent Conveyance law.

The Plaintiffs filed a Motion for Summary Judgment on the preference action and certain counts regarding fraudulent conveyances. The Defendants, Ms. Pichler and Mr. Linck, filed a Response to that Motion and also request summary judgment in their favor.

Facts

The Debtor purchased property known as 1011 Jones Road, Howell, Michigan (the "Jones Road Property") on May 14, 2009. A few months later, the Debtor borrowed $133,000 and gave

1

a mortgage to Mr. Linck that was recorded on July 13, 2009. That mortgage was discharged on February 2, 2010, as evidenced by a Discharge of Mortgage recorded with the Livingston County Register of Deeds. This Discharge states the mortgage is "fully paid, satisfied and discharged".

In October of 2009, a Memorandum of Land Contract evidencing a land contract between the Debtor and Ms. Pichler was signed and that document was recorded on November 25, 2009. Subsequently, on October 17, 2009, Ms. Pichler signed a mortgage regarding the Jones Road Property to Mr. Linck in the amount of $155,000. The Plaintiffs allege that the mortgage is a sham because Mr. Linck did not give money to Ms. Pichler. That mortgage was not recorded until February 2, 2010.

The Debtor signed a Quit Claim Deed transferring the Jones Road Property to Ms. Pichler in October, 2009, but the Quit Claim Deed was not recorded until April 24, 2012. The Debtor filed his Chapter 7 bankruptcy petition on May 24, 2012.

The Debtor listed Ms. Pichler and Mr. Linck as creditors on Schedule F. The Plaintiffs allege in paragraph 19 of their Complaint that Ms. Pichler "is an insider listed as a creditor in WYMAN'S Petition and Schedules whose alleged debt arose before April 24, 2012." Defendant Pichler's response to this allegation is:

> 19. Defendant Pichler denies that she was an insider at all pertinent times on April 24, 2012. She does admit that she was listed as a creditor of Wyman in the Petition and Schedules.

The Plaintiffs' Motion for Summary Judgment does not identify Defendant Pichler's status as a creditor or insider as a material fact beyond dispute.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F)

(proceedings to determine, avoid, or recover preferences) and (H) (proceedings to determine, avoid, or recover fraudulent conveyances).

## Applicable Statute

11 U.S.C. § 547(b) states:

> (b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property –
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made –
> (A) on or within 90 days before the date of the filing of the petition; or
> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if –
> (A) the case were a case under chapter 7 of this title;
> (B) the transfer had not been made; and
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

## Standard of Review

Federal Rule of Civil Procedure 56 is made applicable in its entirety to bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Federal Rule of Bankruptcy Procedure 7056(c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Choate v. Landis Tool Co.*, 46 F. Supp. 774 (E.D. Mich. 1980). The moving party bears the burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The burden then

3

shifts to the nonmoving party once the moving party has met its burden, and the nonmoving party must then establish that a genuine issue of material fact does indeed exist. *Janda v. Riley-Meggs Industries, Inc.*, 764 F. Supp 1223, 1227 (E.D. Mich. 1991).

Analysis

The Plaintiffs argue that the Jones Road Property was owned by the Debtor until the April, 2012, Quit Claim Deed was recorded. The Plaintiffs also argue that the transactions between the Debtor and the Defendants are fraudulent. Both Ms. Pichler and Mr. Linck dispute the Plaintiffs' contentions and claim that while these transactions are unusual, they can be explained.

With the record developed to date, title to the Jones Road Property did not pass from the Debtor to Ms. Pichler until the Quit Claim Deed was recorded. The Quit Claim Deed was recorded within the 90 day period prior to the Debtor's bankruptcy petition, so this transfer could be a preference under 11 U.S.C. § 547. While the Court acknowledges that Ms. Pichler claims that there was a land contract, the titleholder to the Jones Road Property was the Debtor, not Ms. Pichler. What is not clear, however, is whether Ms. Pichler is a creditor of the Debtor. The pleadings leave this issue open, as Defendant Pichler denies her insider status and only admits that she was listed as a creditor by the Debtor. The Plaintiffs have not alleged any additional facts and do not even address this issue in their summary of uncontested facts. Since a successful preference action requires a debtor-creditor relationship, the record is not sufficient to grant summary judgment at this time. The Court will allow the parties to conduct discovery and raise this issue to the Court.

Turning to the fraudulent conveyance claims, the Court first finds that the mortgage given by the Debtor to Mr. Linck was discharged. To the extent that Mr. Linck claims that this mortgage still exists, the Discharge of Mortgage clearly indicates that the mortgage was released and satisfied.

There is an open issue as to whether Mr. Linck misunderstood the nature of his advancing

4

the funds to Ms. Pichler. There is also the open issue of the transactions, if any, that occurred between the Debtor and Ms. Pichler. For example, if discovery reveals that no debt was owed by the Debtor to Ms. Pichler, the Plaintiffs' preference claim may fail, but the necessary element of lack of consideration may support the Plaintiffs' fraudulent conveyance claim. The affidavits filed in support of the various Motions for Summary Judgment do not allow this Court to clearly find for either party, at this time. Accordingly, the Court finds that there are genuine issues of material fact that preclude the granting of summary judgment at this time.

The Court does note, however, that 11 U.S.C. § § 542, 544, 547, and 550 all grant "the trustee" the powers and remedies created by each statute. Additionally, 11 U.S.C. § 548 grants similar powers and remedies to "the trustee". Here, one of the Plaintiffs, namely Michael Mason, is the Trustee of the Christopher Wyman estate and has the requisite authority to initiate these actions. The other Plaintiff, Barbara Duggan, does not. Although not specifically pled by the Defendants, the Court questions the statutory authority that Barbara Duggan has to continue as a Plaintiff in this case as to those actions. Given this procedural irregularity, the Court will allow the Plaintiffs twenty-one (21) days to amend the Complaint to better explain the position of each Plaintiff as to the causes of action involved. For the same reasons, the Court reserves the right of the Plaintiffs to amend the Complaint to more specifically state the nature of the conveyances, as well as to detail to this Court whether this Court has jurisdiction over these claims pursuant to *Stern v. Marshall*, 131 S. Ct. 2594 (2011) and *Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012). At first blush, it appears to this Court that certain fraudulent conveyance actions are strictly state law related actions which may, or may not, be appropriate in this Court. Given the procedural posture of this case, the Defendants should be given the opportunity to understand the nature of the claims made against them, as well as to ascertain whether this is the proper Court to adjudicate those claims. For

all of these reasons, the Court grants the Plaintiffs the right to amend their Complaint within twenty-one (21) days to clearly state the nature of the claims and the legal basis for same, as well as to state, in detail, the jurisdictional basis for each claim made by the Plaintiffs. Thereafter, the Defendants shall have twenty-eight (28) days to respond to the amended Complaint.

Counsel for the Plaintiffs is directed to prepare an order denying all Motions for Summary Judgment.

**Signed on March 08, 2013**

                                                **/s/ Daniel S. Opperman**
                                                **Daniel S. Opperman**
                                                **United States Bankruptcy Judge**