UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

    CHRISTOPHER D. WYMAN,                  Case No. 12-32264-dof
                                                      Chapter 7 Proceeding
           Debtor.                                Hon. Daniel S. Opperman
_____/
MICHAEL A. MASON and
BARBARA DUGGAN,

       Plaintiffs,

v.                                                                       Adversary Proceeding
                                                                    Case No. 12-3348-dof

MICHELLE PICHLER
and EDWARD LINCK,

       Defendants.
_____/

<u>SUPPLEMENTAL OPINION ADDRESSING PLAINTIFFS' PRESENTMENT OF ORDER
(67), OBJECTION OF EDWARD LINCK (69), RESPONSE OF PLAINTIFFS (72),
RESPONSE OF MICHELLE PICHLER (73), CONCURRENCE OF EDWARD LINCK (75),
PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS AND CONCURRENCE
(77),PLAINTIFFS' MOTION TO DETERMINE CORE/NONCORE STATUS OF CLAIMS
(78), OBJECTION OF MICHELLE PICHLER (79), CONCURRENCE OF EDWARD LINCK
(81), AND REPLY OF PLAINTIFFS (83)</u>

      The Court entered an Opinion Regarding Motions for Summary Judgment in this case on March 8, 2013. On March 11, 2013, the Plaintiffs filed a Notice of Submission of Order that was objected to by the Defendant, Edward Linck, on March 15, 2013. The nature of Mr. Linck's objection goes to the extent of the Court's Opinion, not the appropriateness of the Order proposed by Plaintiffs.

      Since the filing of Mr. Linck's Objection, the parties have filed numerous documents outlining their respective positions on a number of issues, all of which address whether the Court's

1

previous Opinion was complete and whether the Plaintiffs are required to file an amended complaint more clearly stating the claims that the Plaintiffs allege they have against the Defendants. Of interest is the Plaintiffs' Reply Supporting 11 U.S.C. § 572(b)(3) Motion to Detrmine [sic] Core/NonCore Status of Claims DE 78. In this pleading, the Plaintiffs' counsel directs the Court's attention to the case of *In re Global Technovations, Inc.*, 694 F.3d 705, 722 (6th Cir. 2012) which the Plaintiffs claim was decided on September 13, 2013 [sic]. The passage cited to the Court references a proof of claim that was filed in the bankruptcy estate. Morever, the Plaintiffs urge this Court to determine this matter under 11 U.S.C. § 572.

The Court does not find any of the pleadings filed by the parties helpful. The Court in its Opinion concluded that the Plaintiffs' claims were not sufficiently and properly stated as to the nature of each claim that each Plaintiff had. To restate, one Plaintiff is Michael Mason, the appointed Chapter 7 Trustee in this case. The other Plaintiff, Barbara Duggan, claims to hold a judgment against Mr. Wyman. The very statutes cited by the Plaintiffs in their Complaint as forming the basis for a jurisdiction in this case are 28 U.S.C. § 1334, 11 U.S.C. § § 542, 544, 547, and 550. All of the statutes arising out of Title 11 of the United States Code, that is Sections 542, 544, 547, and 550 clearly state that "the trustee" has rights under the statutes. Likewise, under each of these statutes, this Court would have jurisdiction to decide certain claims, if properly alleged under Title 11 of the United States Code. These matters would also be core proceedings under 28 U.S.C. § 157 if properly alleged.

Conversely, it is entirely possible that the allegations made by either Plaintiff may be such that this Court does not have jurisdiction and that the proceedings are not core proceedings. If so, then this Court and the parties need to address whether those claims should be adjudicated

elsewhere. In order to do this, the Plaintiffs should be allowed the opportunity to amend their Complaint. The Court's original Opinion gave the Plaintiffs that right and this Supplemental Opinion continues to allow the Plaintiffs to have that right. If the Plaintiffs do not chose to assert that right, that is the Plaintiffs' prerogative.

The references to 11 U.S.C. § 572 are not helpful to the Court and the Court requests that the Plaintiffs, with more particularity, detail the source and the applicability of the language cited by the Plaintiffs. As to Plaintiffs' Motion pursuant to 11 U.S.C. 527 (b)(3), the Court can not find this section and given the subject matter of Section 527, which details disclosures required for debt relief agencies, fails to see the applicability of this section. The Court therefore denies Plaintiffs' Motion without prejudice.

As the Plaintiffs consider whether the Complaint should be amended, attention is directed to the statutory provisions of 11 U.S.C. § 547. In particular, the Plaintiffs' Complaint, paragraph 19, combines a number of elements of 11 U.S.C. § 547 such that it is not clear what is alleged, and therefore not clear what the Defendant, Michelle Pichler, is admitting or denying. A careful review of 11 U.S.C. § 547 is suggested, and then an allegation of each element on a paragraph-by-paragraph basis is recommended so that the Defendants may properly answer each allegation and this Court can then determine whether a preference exists under 11 U.S.C. § 547.

The request of the Defendants, Michelle Pichler and Edward Linck, for reconsideration or clarification of the Court's Opinion is premature. An order must be entered before such a motion can be filed. L.B.R. 9024-1.

Accordingly, the Court will enter an Order contemporaneous with this Opinion and

3

consistent with the Court's March 8, 2013, Opinion.


Not for publication


**Signed on April 05, 2013 Signed on April 05, 2013**
**　　　　　　　　　　　　　　/s/ Daniel S. Opperman**
**　　　　　　　　　　　　Daniel S. Opperman**
**　　　　　　　　　　　　United States Bankruptcy Judge**

4

12-03348-dof    Doc 85    Filed 04/05/13    Entered 04/05/13 12:01:07    Page 4 of 4