UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

   CHRISTOPHER D. WYMAN,                         Case No. 12-32264-dof
                                                                                   Chapter 7 Proceeding
              Debtor.                                    Hon. Daniel S. Opperman
_____/
MICHAEL A. MASON
and BARBARA DUGGAN,

      Plaintiffs,

v.                                                                              Adversary Proceeding
                                                                            Case No. 12-3348-dof
MICHELLE PICHLER
and EDWARD LINCK,

      Defendants.
_____/

OPINION REGARDING PLAINTIFFS' MOTION TO DETERMINE CORE/NON-CORE
STATUS OF CLAIMS, PLAINTIFFS' SECOND MOTION FOR SUMMARY JUDGMENT AS
TO COUNTS II AND IV, AND DEFENDANT,
<u>MICHELLE PICHLER'S, MOTION FOR SUMMARY JUDGMENT</u>

<u>Introduction</u>

       This Court issued an Opinion dated March 8, 2013, and a Supplemental Opinion dated April 5, 2013, addressing certain preliminary and procedural issues raised by the parties in this case. Thereafter, the Plaintiffs filed a Motion to Determine Core/Non-Core Status of Claims, as well as a Motion for Summary Judgment as to Counts I and IV, which are based on 11 U.S.C. §§ 547 and 542, respectively. The Defendants have responded to these Motions and the Defendant, Michelle Pichler, has filed a separate Motion for Summary Judgment that the Defendant, Edward Linck, joined.

1

The Plaintiffs' Complaint alleges that Defendant Pichler was a creditor of the Debtor, Christopher Wyman, and that transfers made to her within one year of the petition date constitute preferential transfers under 11 U.S.C. § 547. Defendant Pichler denies that she is an insider of the Debtor and leaves the Plaintiffs to their proofs as to whether she is a creditor of the Debtor. In response, the Plaintiffs rely upon the testimony of Defendant Pichler taken July 31, 2012. The pertinent portions of that testimony include:

> Q. Okay. You are also listed in his Schedule F as a creditor of his. He claims a personal loan from you of $10,000. One of the items you should have brought with you today is a copy of that promissory note if it exists, and you just finished telling me that it doesn't.
> A. It doesn't. I don't have it.
> Q. Is there a note?
> A. There is and I – part of that was due to money I received and put into the house for – from the divorce and then part of it was the tax credit money and the stuff that I put into the house.
> Q. I'm sorry, could I have that again, the tax what money?
> A. The tax credit that I received, we put into the house at the time. I guess –
> Q. Can you tell me when this loan was made?
> A. I can't recall.
>
> THE WITNESS: Can we take a break? I need to think about –
>
> . . .
>
> A. I don't know if there is any documentation to it. I mean, at that time we were a couple and I didn't expect, you know, it to be paid right back.
>
> BY MR. TINDALL:
>
> Q. When? Give us the time frame first.
> A. I can't even recall. I want to say it was in 2009.
> Q. Okay. So was this loan made in one lump sum?
> A. No. And I – as far as a note, I don't believe anything was signed at that time because, you know, we were a couple and –
> Q. So there is no note?
> A. Not that I'm aware of, no.
> Q. And you believe that it was made in 2009. How many installments?
> A. It was just – I think there were two.

2

Q. Would they have been 5,000 and 5,000 or –
A. No, I think it was more. Or, I think, one was six.
Q. So 6,000 and 4,000 basically?
A. Somewhere and that's –
Q. Okay. And has any of it ever been paid back?
A. No.
Q. And was this loan to accrue interest?
A. No.

(Tr. Page 17, Lines 15 - 25; Page 18, Lines 1 - 8 and Lines 16 - 25; Page 19, Lines 1 - 13)

Defendant Pichler's Motion for Summary Judgment is based on the *Rooker-Feldman* doctrine and the more recent cases of *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and the Sixth Circuit Court of Appeals case of *Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012). In this case, Defendant Pichler claims that the 53rd District Court addressed the issues raised by the Plaintiff in his complaint. In support, Defendant Pichler offers an order of the 53rd District Court dated August 31, 2012, which states in pertinent part:

> NOW, THEREFORE, IT IS ORDERED (1) motion for contempt dated April 21, 2012, as supplemented by supplements to be dismissed with prejudice; (2) case to be remanded to federal bankruptcy court per federal statute; (3) third party defendants Linck, Pichler, Gentry, et al dismissed without prejudice.

<u>Standard of Review</u>

Federal Rule of Civil Procedure 56 is made applicable in its entirety to bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Federal Rule of Bankruptcy Procedure 7056(c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Choate v. Landis Tool Co.,* 46 F. Supp. 774 (E.D. Mich. 1980). The moving party bears the

3

burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472 (6th Cir. 1989). The burden then shifts to the nonmoving party once the moving party has met its burden, and the nonmoving party must then establish that a genuine issue of material fact does indeed exist. *Janda v. Riley-Meggs Industries, Inc.,* 764 F. Supp. 1223, 1227 (E.D. Mich. 1991).

Analysis

<u>Whether Certain Counts are Core or Non-Core</u>

After the *Stern v. Marshall* decision of the United States Supreme Court, the Sixth Circuit Court of Appeals addressed limitations on this Court's jurisdiction and the proper procedure for non-core proceedings when a proof of claim was not an issue in the case of *Waldman v. Stone*. Per *Waldman*, issues related to the determination of a claim are core proceedings and may proceed within this Court. Proceedings that do not involve the determination of a claim and that are not based upon a specific statute in Title 11 of the United States Code are subject to the Court, assuming proper consent, conducting a trial or evidentiary hearing and then issuing a report and recommendation to the United States District Court.

Here, Count I is a classic preference action based upon 11 U.S.C. § 547 and is a core proceeding. Likewise, Count IV is based upon 11 U.S.C. § 542. Accordingly, these two Counts are core proceedings and will be treated as such.

As to the remaining Counts, neither Defendant has filed a proof of claim in this case. Accordingly, the Court will conduct the necessary hearings and trial and will issue a report and recommendation to the United States District Court.

Applicability of *Rooker-Feldman* Doctrine to This Proceeding

The Defendants urge this Court to defer to the state court as to determinations made that affect this action. Also, in response to the Plaintiffs' Motion to Determine Core/Non-Core Proceeding, the Defendants claim that it is too early in this proceeding to determine if any particular action is core or non-core. As part of the Defendants' reply to the Plaintiffs' Motion to Determine Core/Non-Core Proceeding, however, the Defendants imply that this Court should either dismiss these actions or issue a report and recommendation. The Court has agreed that a report and recommendation as to all Counts, except Counts I and IV, is appropriate, but the Court must still address the *Rooker-Feldman* doctrine raised by the Defendants.

After a review of the proffered transcript of the state court action and a review of the 53rd District Court Order, the Court concludes that the state court has not made a determination as to the salient facts or issues in this case. While this Court notes that the 53rd District Court did dismiss the motion for sanctions with prejudice, the remaining claims were dismissed without prejudice and the 53rd District Court specifically remanded this proceeding to this Court as to the remaining issues. Applied in this case, the lack of a final order as required by the *Rooker-Feldman* doctrine precludes determinations by this Court as urged by the Defendants. The Defendants' Motion for Summary Judgment is therefore denied.

Plaintiffs' Motion for Summary Judgment as to Preference Count

11 U.S.C. § 547 requires that a debtor/creditor relationship be established in order for a plaintiff to claim a preference. Here, the testimony offered to the Court is confusing and ambiguous. In certain portions of her testimony, Defendant Pichler denies that a note existed and states that

5

whatever was given by her to Mr. Wyman was such that she did not expect it to be paid right back. She also testified that she could not recall when the loan was made. The lack of documentation, the inability to set forth the amount of the loan, the terms of the loan, or any written evidence of the loan does not bode well for the Plaintiffs.

On the other hand, Defendant Pichler's testimony was that some installments were to be made in the amount of either $5,000 each or $6,000 and $4,000 each, that no monies were paid back, and that the loan did not accrue interest. These facts are indicia of a debt and a debtor/creditor relationship.

Given the applicable summary judgment standards, this Court is unable to make a clear determination that the Plaintiffs have shown that there is no genuine issue of material fact. As this is the Plaintiffs' burden, summary judgment is denied on this record.

<u>Conclusion</u>

The Court grants the Plaintiffs' Motion to Determine that Counts I and IV are core proceedings, which will be treated as such, and that the remaining Counts are not core proceedings, which will be subject to a report and recommendation to the United States District Court. The Court denies the Defendants' Motion for Summary Judgment and denies the Plaintiffs' Motion for Summary Judgment. The Court will enter an Order consistent with this Opinion.

Not for Publication

**Signed on August 20, 2013**

                                                           **/s/ Daniel S. Opperman**
                                                **Daniel S. Opperman**
                                                **United States Bankruptcy Judge**