**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**

**IN RE:**
    **CHRISTOPHER D. WYMAN**

    Debtors

        Bankruptcy Case No. 12-32264
        Hon. Daniel S. Opperman
        Chapter 7

_____

**MICHAEL A. MASON, US**
**BANKRUPTCY TRUSTEE**
**AND STATE COURT JUDGMENT**
**CREDITOR BARBARA DUGGAN**,

    Plaintiffs

v.         Adversarial Case No. 12-03348
        Hon. Daniel S. Opperman

**MICHELLE PICHLER, a/k/a**
**MICHELLE GENTRY; and,**
**EDWARD LINCK**

    Defendants.
_____

| | |
|---|---|
| Michael E. Tindall (P29090) | David W. Brauer (P41974) |
| Attorney for Creditor B. Duggan | Attorney for Defendant M. Pichler |
| P.O. Box 46564 | 515 E. Grand River Avenue |
| Mount Clemens, MI 48046 | Howell MI 48843 |
| (313) 638-7613 | (517) 548-1998 |
| met@comcast.net | davidwbrauer@sbcglobal.net |

_____

**DEFENDANT PICHLER'S REQUEST FOR**
**PRODUCTION OF DOCUMENTS TO PLAINTIFFS**

    Pursuant to FRCP 34, FRCP 26(b) and FRCP 26(b)(1) Michelle Pichler ("Defendant"), submits the following Request for Production of Documents, upon Plaintiffs Michael Mason and Barbara Duggan ("Plaintiffs"), hereinafter may be collectively referred to as "Plaintiffs". The Request for Production of Documents are to be answered separately and fully, under oath, and a copy of such answers and the documents requested shall be served upon the attorney for Defendant within thirty (30) days of the date of service.

    These Request for Production of Documents are to be regarded as continuing and Plaintiffs must provide supplementary answers as required by FRCP 34, FRCP

**Zichi &**
**Brauer, P.C.**

ATTORNEYS AT LAW
_____

515 E. Grand River Ave.
Howell, Michigan 48843
_____
(517) 548-1998

26(b) and FRCP 26(b)(1), any additional information as may hereafter be learned or obtained by Plaintiffs and any other person on Plaintiffs' behalf which will supplement or otherwise modify any answers/documents given to these Request for Production of Documents. Defendant retains the right to file supplemental or additional Interrogatories upon Plaintiffs.

In furnishing Answers/Documents and any supplemental Answers/Documents, Plaintiffs shall include all information which is relevant to the subject matter involved in the pending action and which is available to them, their employees, agents or representatives. You are cautioned to omit nothing by way of information or detail. Defendant will assume that where information is not stated, it does not exist, and where detail is missing, it cannot be provided. Therefore, Defendant will urge the Court to rule that any information or detail not furnished in your Answers or documents provided cannot thereafter be used by you in any way in connection with this action.

## DEFINITIONS

As used in these Discovery Requests, the following terms shall have the following meanings:

A. "Plaintiffs" refer to Michael Mason and Barbara Duggan

B. "Defendant", unless otherwise specified, refers to Defendant Michelle Pichler

C. "Document" or "Documents" shall mean, without limitation, any written (including handwritten, printed, mimeographed, lithographed, duplicated, typed or other graphic, photographic or electric) matter of any kind or nature, whether original or copy, and shall include, without limiting the generality of the foregoing, all letters, telegrams, correspondence, contracts, confirmation agreements, notes, reports, memoranda, ledgers, mechanical and electronic sound recordings or transcripts, memoranda of telephone or personal conversations or of meetings or conferences, minutes, studies and analyses and inter-office communications, photographs, charts in your possession or subject to your control, and specifically includes any information stored or available from or in any computer or electronic or data processing equipment or system or printout from same.

D. "Litigation" shall refer to all of the claims that Plaintiffs have filed against Defendants in the case of <u>Mason and Duggan v. Pichler, et al</u>, United States Bankruptcy Court, Eastern District, Adversarial Court Case No. 12-03348.

E. "Person" or "persons" shall include the singular as well as in the plural, including, without limiting the generality of the foregoing, any natural person, proprietorship, firm, association, partnership, corporation, joint venture, government (and any department, agency or instrumentality thereof), or any other entity, and all affiliates, present or former agents, sureties, indemnitors, servants, employees, representatives, and all other persons acting in behalf of or in the interest of the person.

F. "Communication" shall be deemed to include any meeting, conversation, any words heard or spoken, any document delivered or sent, and any other means or event of communication.

G. "Identify" shall mean as follows:

**Zichi & Brauer, P.C.**
ATTORNEYS AT LAW
515 E. Grand River Ave.

    1.    When used in reference to a <u>person</u>,

    (a)    if a natural person, to state his or her full name, his or her last known home address, his or her last known business address, his or her last known business and his or her last known employer and position.

    (b)    if other than a natural person, to state its full name, type of entity (e.g., corporation, partnership, joint venture, single proprietorship), its last known address, the nature of its business, and identify the person in charge of the principal office.

    2.    When used in reference to a <u>document</u>, to state the type of document (e.g., letter, memorandum, telegram, chart, etc.), its date and to identify each person who prepared it, who received it, who executed it, and who presently has possession, custody, or control of it, or, if none, who last had possession, custody or control of it, and a description of its contents. In lieu of such identification, you may produce such documents for inspection and copying at the time you file Answers to these Discovery Requests; provided, however, that all documents produced shall be segregated and identified by the Discovery Requests to which they are primarily responsive.

    3.    When used in reference to a <u>communication</u>, to state the manner of the communication (e.g., personal meeting, telephone conversation, in writing) and:

    (a)    If it is a personal meeting:
        (i)    state the date on which the meeting occurred;
        (ii)    state the place at which the meeting occurred;
        (iii)    identify the person at whose insistence the meeting occurred; and
        (iv)    identify the persons present at the meeting.

    (b)    If a telephone conversation:
        (i)    state the date on which the conversation occurred;
        (ii)    identify the person who initiated the conversation by telephone; and
        (iii)    identify the persons who participated in the conversation.

    (c)    If in writing, identify the document.

    (d)    Describe in detail the substance of the communication including its subject matter, purpose and result; and

    (e)    Identify all documents which contain information about, refer or relate to the communication (other than the writing referred to in subparagraph (c).

    4.    When "identify" is used in reference to anything other than "document", "person" or "communication" or when the following Interrogatories ask you to "describe", "state", "explain", "define", or to do something of similar implication, state every fact which concerns or is connected with any such thing. Specifically, explain fully any reference to underlying facts rather than by reference to ultimate facts or conclusions of fact or law; where applicable, particularize as to time, place, and manner; and set forth all facts necessary to the complete understanding of the act, process, event or thing in question.

    When requested to state the factual basis of any allegation, identify each occurrence, incident, event or fact upon which you rely to support such allegation, including:

    1.    The date;

    2.    The place;
    3.    The substance of each occurrence, incident, event and fact;
    4.    Identification of each person who participated in the occurrence, incident, event and fact;
    5.    Identification of each person present;
    6.    The source of your knowledge.

If any of these Interrogatories cannot be answered in full, you are to answer to the extent possible, using an estimate if exact figures or detailed records are not available and specifying that an estimate rather than exact figures or statements have been used.

If you claim that any documents are lost or destroyed, identify and describe each document by date, author and recipient, and provide a brief summary of its contents.

    I.    "Concerns" or "in connection with" or a similar term or implication shall be deemed to include:  refers to, alludes to, responds to, relates to, is in respect of, is about, regards, discusses, shows, describes, reflects, analyzes or constitutes, regardless of whether such matter tends to substantiate or refute that matter or tends to make the existence of any fact of consequence to the determination of this cause more probable or less probable than it would be without the existence of such document, communication or person, etc.

    J.    If you assert a privilege (e.g., attorney-client) or otherwise refuse to answer part of any of the following Discovery Requests, you are to answer the remainder of such Discovery Requests, and, in the case of assertion of a privilege, to identify each document, person or communication upon which you base your assertion of privilege or other objection, and to identify each document, person, communication or fact which might tend to refute the existence or validity of such privilege or other objection, or which might tend to substantiate the waiver or non-existence of the privilege or other objection (e.g., identity of each person who has had access to some or all of the matters that would be responsive to the unanswered portion of the discovery requests).

If you claim that any documents are privileged, you must:
1.    Identify each document by date, author and recipient;
2.    Identify each person (other than stenographer or clerical assistants) participating in the preparation of the document;
3.    Identify each person to whom the contents of the document have been communicated by copy, exhibition, reading, or summarization;
4.    Provide a brief summary of its contents;
5.    State the privilege or privileges asserted; and
6.    Describe the factual basis of the claim of privilege in sufficient detail so that the Court may adjudicate the validity of the claim.

**Request for Production of Document No. 1:**  Please produce all written appraisals on real property commonly known as 1101 Jones Road, Howell, Michigan 48855.

**Response No. 1:**

**Zichi & Brauer, P.C.**
ATTORNEYS AT LAW
515 E. Grand River Ave.

12-03348-dof    Doc 129    Filed 10/25/13    Entered 10/25/13 16:05:37    Page 4 of 6

**Request for Production of Document No. 2:**  Please produce all market analysis' prepared at any time for the real property commonly known as 1101 Jones Road, Howell, Michigan 48855.

**Response No. 2:**

**Request for Production of Document No. 3:**  Please produce all exhibits Plaintiffs intend to utilize in the event of trial, or any court proceeding.

**Response No. 3:**

**Request for Production of Document No. 4:**  Please produce any and all documents, whether written or photographs of any and all evidence Plaintiffs intend to use in the event of trial or court proceeding.

**Response No. 4:**

**Request for Production of Document No. 5:**  Please provide all proof of any alleged fraud allegedly committed by or on the behalf of Defendant Michelle Pichler.

**Response No. 5:**

**Request for Production of Document No. 6:**  Please provide all evidence Plaintiffs intend to introduce to show when the transfer of the real property commonly known as 1101 Jones Road, Howell, Michigan 48855 from Christopher Wyman to Michelle Pichler occurred.

**Response No. 6:**

**Request for Production of Document No. 7:**  Please produce all evidence that Plaintiffs intend to utilize to dispute Defendant Pichler's claim that the conveyance of the real property commonly known as 1101 Jones Road, Howell, Michigan 48855 occurred on October 16, 2009.

**Response No. 7:**

**Request for Production of Document No. 8:**  Please produce all evidence Plaintiffs intend to utilize to dispute the allegation of Defendant Pichler that the conveyance was completed when Christopher Wyman executed, notarized, and delivered the Deed to Defendant Pichler for the real property set forth in the attached Exhibit 1 on October 16, 2009.

**Zichi & Brauer, P.C.**
ATTORNEYS AT LAW
515 E. Grand River Ave.

12-03348-dof   Doc 129   Filed 10/25/13   Entered 10/25/13 16:05:37   Page 5 of 6

**In re: Mason and Duggan v. Pichler and Linck**   Case No.12-12-03348   Page 6
Defendant Pichler's Request for Production of Documents

**Response No. 8:**

**Request for Production of Document No. 9:** Please produce the name, address, and phone number of all experts of any kind Plaintiffs intend to utilize in the event of trial or other court proceedings.

**Response No. 9:**

**Request for Production of Document No. 10:** Please produce all evidence, documents, or factual assertions Plaintiffs will rely upon in denying Request for Admission No. 1 or No. 2.

**Response No. 10:**

Dated: October 25, 2013      By:   */s/ David W. Brauer*
                                   Attorney for Defendant, M. Pichler
                                   515 E. Grand River Avenue
                                   Howell, Michigan 48843
                                   517.548.1998
                                   davidwbrauer@sbcglobal.net
**Zichi & Brauer, P.C.**
ATTORNEYS AT LAW
515 E. Grand River Ave.