IN RE:

    **CHRISTOPHER D. WYMAN**
        *Debtor(s),*

CASE NO. 12-32264
CHAPTER 7
HON: D. S. OPPERMAN

\_____\\

MICHAEL A. MASON, US
BANKRUPTCY TRUSTEE
And STATE COURT JUDGMNT
CREDITOR BARBARA DUGGAN

        Plaintiffs

v.

MICHELLE PICHLER, a/k/a MICHELLE GENTRY;
and, EDWARD LINCK

        Defendants.

ADVERSARY NO.12-03348

\_____\\

TINDALL LAW
Attorneys for TRUSTEE MASON
And Creditor B. DUGGAN
BY: MICHAEL E. TINDALL P29090
P.O, BOX 46564
MOUNT CLEMENS, MI 480436
(248) 250-8819
(815) 572-5858 (FAX)
Direct Email: met@comcast.net

\_____\\

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served upon counsel of record herein at their respective addresses on the record on _____5/6_____, 2014

___US MAIL  _X_ E-FILE/MAIL
___FAX        ___DELIVERY

_____
MICHAEL E. TINDALL

## PLAINTIFFS' MOTION AND BRIEF "IN LIMINE"

Now come Plaintiffs and, pursuant to FRE 104(A) move for an Order of this Court prohibiting Defendants from presenting witnesses, evidence, or additional claims in this matter, as set forth below, and states:

1. On April 16, 2014 [Pichler], See, Exhibit 6(2); and April 17, 2014 [Linck], See, Exhibit 6(2), Defendants submitted their statements of issues to be tried in this case on June 24, 2014.

A. The two submissions are substantially identical [with the exception of the first paragraph of No. 3 [italicized below]. Therefore, Link's submission is used, below, for purposes of this motion.

B. The two submissions by both Defendants are entirely devoted to manufactured issues of fact and law that (a) do not exist; or, (b) have already been ruled on by this Court throughout the lengthy history of this adversary proceeding. As more fully set forth below, both submissions completely ignore this Court's previous rulings contained in DE 66, 84 and 122.

2. FRE 104(a) provides that the admissibility of evidence to be offered at trial shall be determined by the Court.

3. A ruling "in limine" is any ruling, whether made before or during trial, to exclude anticipated evidence before the evidence is actually offered."[1] In other words, a ruling " in limine" is an evidentiary device that "provides a useful adjunct to other devices for truncating the trial such as motions for summary judgment." [2] These rulings are "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Id.* (internal quotation marks omitted)[3] Rulings "in limine" derive from the trial Court's authority to control the trial process.[4] Such motions/rulings are an accepted part of federal practice.[5]

4. The purpose of a ruling "in limine" is to regulate the admission of evidence at trial, reinforcing the trial court's role as "gatekeeper" of admissible evidence.[6] The admissibility of evidence is determined by the trial Court.[7] Evidence that is not relevant to the claims set forth in a plaintiff's Complaint is inadmissible.[8]

---

[1] *Louzon v. Ford Motor Co.,* **718 F.3d 556**, 560 (6th Cir. 2013) (internal quotation marks omitted).
[2] 21 CHARLES ALAN WRIGHT & KENNETH W. GRAHAM, JR., FEDERAL PRACTICE AND PROCEDURE § 5037.10 (2005).
[3] *Luce v. United States, 469 U.S. 38, 41 n. 4 (1984)* ("Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials.citing Federal Rule of Evidence 103(c))
[4] *Id.*
[5] *US v. Cook, 608 F.2d 1175 (9th Cir 1979) at 1186.*
[6] *Doubert v. Merrell Dow Pharm. Inc., 509 US 579 (1993) at 592-93; Kumho Tire Co. Ltd. V. Carmichael, 526 US 137 (1999) at 249-50.*
[7] *FRE 104(a).*
[8] *FRE 402.*

5. For the reasons set forth below, none of the issues of fact or law proposed by Defendants are relevant, admissible or open to dispute, having been previously ruled on by this Court throughout its prior rulings on motions in this case. Plaintiffs' input is capitalized below.

### Jurisdiction:

DEFENDANTS' CLAIM:

This court has jurisdiction over this matter pursuant to 28 USC § 1334 and 11 USC §542, 544, 547 and 550 as to the Plaintiff Trustee only.

THIS COURT'S PRIOR RULING:

ON AUGUST 20, 2013, DE 122, THIS COURT RULED THAT COUNTS I AND IV WERE CORE PROCEEDINGS UPON WHICH THIS COURT WOULD ENTER JUDGMENT; COUNTS II, III, AND V WERE NON CORE PROCEEDINGS UPON WHICH THIS COURT WOULD CONDUCT TRIAL AND MAKE FINDINGS OF FACT AND CONCLUSIONS OF LAW FOR ENTRY OF JUDGMENT BY THE DISTRICT COURT.

### Defendant's Stated Issues:

DEFENDANTS' CLAIM:

*It is Defendant Linck's position that the mortgages executed by both Wyman and Defendant Pickler are effective and valid and created secured interest in the subject property in favor of Defendant Linck. It is of no consequence that the parties potentially erred in the technical execution of the documents insofar as it was their intention to grant Defendant Linck a security interest in the property. Restatement of Contracts Second § 201; TKO Equipment Company v C&G Coal Company, 863 F2d 541, 7 UCC Rep Serv 2d 542 (7th Circuit) (1988).*

THIS COURT'S PRIOR RULING (S):

**A few months later, the Debtor borrowed $133,000 and gave P1 ... a mortgage to Mr. Linck that was recorded on July 13, 2009. That mortgage was discharged on February 2, 2010, as evidenced by a Discharge of Mortgage recorded with the Livingston County Register of Deeds. This Discharge states the mortgage is "fully paid, satisfied and discharged". DE 66 P2**

**the Court first finds that the mortgage given by the Debtor to Mr. Linck was discharged. To the extent that Mr. Linck claims that this mortgage still exists,**

TINDALL LAW 3
12-03348-dof    Doc 153    Filed 05/06/14    Entered 05/06/14 17:51:35    Page 3 of 10

the Discharge of Mortgage clearly indicates that the mortgage was released and satisfied. DE 66, P4

**While the Court acknowledges that Ms. Pichler claims that there was a land contract, the titleholder to the Jones Road Property was the Debtor, not Ms. Pichler.**" DE 66, P4

DEFENDANTS' CLAIM:

It is Defendant Pichler's position that the Quit Claim Deed executed by Wyman on October 16, 2009 and hand-delivered to Pichler was an effective conveyance of said real property commonly known as 1101 Jones Road, Howell, Michigan 48843 as between those parties pursuant to Michigan law. It does not matter that the Deed was ultimately not recorded until April 24, 2013. For conveyance of real property to occur, there must be a written instrument that purports to convey title to real property. The pertinent provisions for a Deed require that it describe the premises, the parties, the recitals of the reasons for the Deed, the consideration, and the certainty the grantor and grantee of the thing granted, the execution, sealing, signing, delivery, acceptance, and attestation. Wyman signed, delivered, and handed the Deed to Pichler. See <u>Resh v. Fox</u>, 365 Mich 288, (1961) <u>McMahon v. Dorsey,</u> 353 Mich 623 (1958); See also <u>Stevens v. Burgess,</u> 263 Mich 98 (1933).

On October 16, 2009 Wyman signed, had notarized and handed over the Quit Claim Deed to Pichler conveying the real property commonly 1101 Jones Road, Howell, Michigan 48843. Because Pichler did not have money to pay the transfer tax on the sale price of $130,000 the Deed was not recorded until sometime thereafter. However the conveyance was effective as between Wyman and Pichler. As the Court well knows, the Trustee stands in the shoes of Christopher Wyman. Thus, the Deed effectively conveyed to Pichler on October 16, 2009 well before Wyman's filing bankruptcy outside of any relevant preference period.

THIS COURT'S PRIOR RULINGS:

**The Debtor signed a Quit Claim Deed transferring the Jones Road Property to Ms. Pichler in October, 2009 DE 66, P2 ... but the Quit Claim Deed was not recorded until April 24, 2012. title to the Jones Road Property did not pass from the Debtor to Ms. Pichler until the Quit Claim Deed was recorded. The Quit Claim Deed was recorded within the 90 day period prior to the Debtor's bankruptcy petition DE 66, P4**

DEFENDANTS' CLAIM:

11 USC §547(b) only grants the Trustee the ability to avoid any transfer of interest of the debtor in property. Additionally, 11 USC §544(a) & (b) only authorizes the Trustee to have the right to avoid any transfer of property of the debtor, or to avoid any transfer of an interest of the debtor in property. Thus, it is Defendant Pichler's and

Defendant Linck's position that Plaintiff Duggan does not have standing under 11 USC §547 and 11 USC §544(a) or (b) to maintain a cause of action to avoid, or cancel the transfer between Wyman and Pichler, only Trustee Mason has the standing to maintain such a cause of action.

Plaintiffs have – repeatedly – made clear, as a matter of law:

"Counts I through IV of Plaintiffs' Complaint, **as filed**, recites Trustee Mason, **only**, is asserting preference [547] and avoidance [542, 544] rights for the benefit of all creditors of the estate.[9]

Count V of Plaintiff's Complaint, **as filed**, recites Ms. Duggan, **only**, is asserting her independent right inextricably intertwined with, and, arising out of the avoidance rights asserted by Trustee Mason. Ancillary jurisdiction supports the required nexus of Count V to this bankruptcy case under 28 U.S.C. § 1334.[10] A purely state law claim for affirmative relief, "**may be adjudicated in federal court on the basis of its relationship to the [bankruptcy] petition[.]**"[11]

A defrauded creditor may obtain a direct money Judgment against a fraudulent transferee for assisting the debtor's fraud.[12] The Trustee's avoiding powers do not enable him to pursue a **prepetition state law tort cause of action** belonging to a creditor. While § 544 of the Bankruptcy Code permits "**the trustee [to] avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502.**", section 544 is limited to avoidance actions and **does not give the trustee standing to pursue tort claims that belong to a creditor.** [13]

THIS COURT'S PRIOR RULINGS:

**Here, Count I is a classic preference action based upon 11 U.S.C. § 547 and is a core proceeding. Likewise, Count IV is based upon 11 U.S.C. § 542. Accordingly, these two Counts are core proceedings and will be treated as such. DE 122, P4**

---

[9] *Corzin v. Fordu (In re Fordu)*, 201 F.3d 693, 697 n. 3 (6th Cir.1999); *Mason v. Young (In re Young)*, 238 B.R. 112, 114 (6th Cir. BAP 1999).
[10] *In re Salem Mortgage Co.*, 783 F.2d 626, 634 (6th Cir.1986);See also *In re Maislin Ind., U.S., Inc.*, 75 B.R. 170 (Bankr.E. D.Mich.1987); *Charles Taunt, Trustee v. Fidelity Bank of Michigan, (In re Petrolia Corp.)*, 79 B.R. 686 (Bankr.E.D.Mich. 1987.
[11] *N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 72 n.26 (1982) (plurality opinion).
[12] MCL 566.38(2)( **a direct money Judgment against a fraudulent transferee**) *Regan v. Carrigan*, 194 Mich App 35 (1992) (Creditor may **recover directly against a fraudulent grantee, whether or not the grantee knowingly participated in the fraudulent transaction**)
[13] 5 Collier on Bankruptcy ¶ 544.01 (16th ed. 2011) (footnote omitted) (**Section 544 "does not transform the trustee into a `super creditor.'"**). See, e.g., *Hyundai Translead, Inc. v. Jackson Truck & Trailer Repair Inc.*, 419 B.R. 749, 761 (M.D. Tenn. 2009) ("*Bankruptcy courts have consistently held that neither § 544(b) nor § 550 authorizes a trustee to pursue conspiracy or `aiding and abetting' state law claims.*").

**As to the remaining Counts, neither Defendant has filed a proof of claim in this case. Accordingly, the Court will conduct the necessary hearings and trial and will issue a report and recommendation to the United States District Court. DE 122, P4**

DEFENDANTS' CLAIM:

Further it is Defendant Pichler's and Defendant Linck's position that FRCP 9(b) states that in alleging fraud or mistake a party must state with particularity the circumstance constituting fraud or mistake. The party alleging fraud must set forth who, what, when, where and how the alleged fraud is to have occurred. The party must state the time, place, and context of the misrepresentation, fraudulent scheme, fraudulent intent, or resulting injury. See <u>Bennett v. MIS Corp.</u>, 607 F.3d 1076 (6th Cir. 2010), See also <u>U.S. Ex Rel. Joshi v. St. Luke's Hosp., Inc.</u>, 441 F.3d 552, 555 (8th Cir. 2006). This Honorable Court pursuant to order gave Plaintiff the opportunity to amend their Complaint to more adequately address the allegations of fraud, however the Plaintiffs have failed to do so.

PLAINTIFFS ASSERT:

DEFENDANTS WAIVED ANY DEFENSE BASED ON FRCP 9(b),[14] BY FAILING TO BRING A FRCP 12(b) OR 12(e) MOTION PRIOR TO FILING AN ANSWER:[15]

DEFENDANTS CLAIM:

Pursuant to <u>Stern v. Marshall,</u> 131 S.Ct. 2594 (2011) while the bankruptcy court has statutory authority to enter a final judgment under 28 USC§157(b)(2)(C), under Article 3 of the United States Constitution the Bankruptcy Court does not have constitutional authority to enter a final judgment in the state law claims as neither Defendant Pichler or Defendant Linck has filed a Proof of Claim conferring jurisdiction on this Honorable Court. In other words the Bankruptcy Court is unable to enter a final judgment as to claims involving liability between individuals, unless the claims fall within the so-called "public rights" exception to Article 3. A public right is a claim of one that derives from a federal regulatory scheme, or in which resolution of the claim by the expert governmental agency is essential to a limited regulatory objective within the agent's authority. Defendant Pichler and Defendant

---

[14] A FRCP 9(b) challenge is brought either as a FRCP 12(b)(6) Motion to Dismiss for failure to state a claim, or, as a FRCP 12(e) Motion for More Definite Statement. A 12(b) motion must be brought BEFORE pleading, if a responsive pleading is required. A 12(e) motion, alleging the Complaint is "**so vague or ambiguous that the party cannot reasonably prepare a response**", MUST be made BEFORE filing a responsive pleading. *Hayduk v. Lanna,* 775 F.2d 441, 445 (1st Cir.1985); *Coffey v. FOAMEX LP,* 2 F. 3d 157, 162 (6th Cir 1993).

[15] PICHLER filed her Answer December 5, 2012, and, two (2) Motions for Summary Judgment, clearly demonstrating the allegations were NOT too vague or ambiguous to prepare a response and, thereby, waived any argument that the Complaint is too vague.

Linck assert that since they have not filed a Proof of Claim, the Trustee's allegations are one of state law of a fraudulent conveyance which has not been specifically pled pursuant to federal bankruptcy rules.

PLAINTIFFS ASSERT:

THIS COURT'S PRIOR RULING, DE 122, SEE 1 ABOVE, EXCLUDES THIS CLAIMED ISSUE.

### Stipulation of Facts and Law:

DEFENDANTS CLAIM:

    A. Christopher Wyman prepared, signed, and handed a Quit Claim Deed conveying real property commonly known as 1101 Jones Road, Howell, Michigan 48843 to Michelle Pichler.

    B. That upon execution and manual delivery of the Deed the conveyance was complete from Wyman to Pichler.

    C. That the conveyance is outside of any preference period.

    D. That Wyman intended to grant a security interest to Linck via a mortgage.

    E. That Pichler intended to grant a security interest to Linck via a mortgage.

    F. That there was no fraud in the transfer of said real property between Wyman and Pichler.

    G. That Plaintiff Duggan does not have standing pursuant to 11 USC §547 or 544 to avoid any transfer in property owned by debtor Wyman.

    H. That Pichler does not have standing to maintain a cause of action under 11 USC §547 or 544(a) or (b)

    I. That the Quit Claim Deed executed by Wyman and conveyed to Pichler was taken to the Livingston County Register of Deed's office to be recorded on November 25, 2009.

PLAINTIFFS ASSERT:

BASED ON THE RULINGS OF THIS COURT, NONE OF THE 'FACTS' OR 'LAW' LISTED BY DEFENDANTS ARE RELEVANT AND ALL SHOULD BE EXCLUDED.

## Issues of Fact to be Litigated:

    Did Wyman intend to grant a security interest to Linck in the property via a mortgage?

    Did Pichler intend to grant a security interest to Linck in the property via a mortgage?

    Did the Estate of Wyman either benefit or suffer loss as a result of the granting of a security interest in the property to Linck?

    Was Linck involved in any conspiracy or fraud designed to avoid payment to Wyman's creditors, secured or unsecured?

    Did Defendant Wyman execute, sign, convey, and deliver the real property commonly known as 1101 Jones Road, Howell, Michigan, 48843 to Michelle Pichler on October 16, 2009?

    Did said Deed contain a recital of consideration, a certainty between the grantor and grantee, the habendum to determine what estate was granted, a stipulation that Wyman reserved or retained any rights, a date of execution, was it sealed, signed, delivered and attested?

    Did Wyman's estate benefit or burdened by the conveyance to Pichler?

PLAINTIFFS ASSERT:

BASED ON THE RULINGS OF THIS COURT, AND, THE ADMISSIONS OF DEFENDANTS AND DEBTOR LISTED BELOW, NONE OF THE ISSUES OF FACT OR LAW LISTED BY DEFENDANTS, AS STIPULATIONS OR TO BE LITIGATED, EXIST OR ARE RELEVANT AND ALL SHOULD BE EXCLUDED.

    RULING OF THIS COURT:

**the necessary element of lack of consideration may support the Plaintiffs' fraudulent conveyance claim DE 66, p5**

ADMISSIONS BY DEBTOR, PICHLER AND LINCK: DE 87-6,7,8,9

    **WYMAN ADMISSIONS (RULE 2004 EXAMINATION 7/24/12,)**
    A. PICHLER is a creditor.
    B. PICHLER made Multiple personal loans made over 8 year period, 2004-12.
    C. PICHLER told him the balance due. PP 81-83.

    **PICHLER ADMISSIONS (RULE 2004 EXAMINATION 7/31/12 )**
    A. She is a creditor of Wyman. P17-19.

B. Loans to WYMAN were made in two installments in 2009. PP 17-19.
   C. She paid nothing to WYMAN for house. PP 45-46, 62
   D. She did not ask LINCK for loan/mortgage. PP49-40
   E. LINCK gave her no mortgage funds. PP 51,57
   F. PICHLER did not pay for repairs to house. PP 58-59.
   G. Repair money came from Crest Homes/GENTRY. P58.

   **PICHLER ADMISSIONS AGAINST LINK (RULE 2004 EXAMINATION 7/31/12)**
   H. LINCK suggested putting house and mortgage in her name. PP46-47.
   I. She did not ask LINCK for loan/mortgage. PP49-40
   J. LINCK inspected home multiple times and directed the work to be done. PP 53-57.
   K. LINCK gave her no mortgage funds. PP 51,57
   L. She gave LINCK no money. PP 51,57,65-68

   **LINCK ADMISSIONS (RULE 2004 EXAMINATION 7/31/12)**
   A. LINCK gave no money to WYMAN for $130,000 mortgage. P11-13
   B. LINCK gave no mortgage funds to PICHLER. P27
   C. WYMAN made no payments to LINCK on mortgage. PP 11-12

PLAINTIFFS REQUEST ALL LISTED FACTS BE DEEMED ADMITTED.

## Issues of Law to be Litigated:

Were the mortgages executed by Wyman and Pichler in favor of Linck valid and effective conveyances of a security interest in the property to Linck?

Was Trustee Mason bound by said transactions between Linck and Wyman and Linck and Pichler?

Was the preparation, execution, signing, and delivery of the Deed from Wyman to Pichler on October 16, 2009 a valid conveyance as between Defendants Wyman and Pichler on October 16, 2009?

Was Trustee Mason bound by said transaction between Wyman and Pichler?

Does Plaintiff Duggan have standing pursuant to 11 USC §544(a) or (b) to maintain the cause of actions alleged in Plaintiff's Complaint?

Does Plaintiff Duggan have standing pursuant to 11 USC §547 to maintain the cause of action alleged in Plaintiff's Complaint?

Has Plaintiff failed to state with specificity of fraud as required under FRCP 9(b)?

Does this Honorable Court have the constitutional authority pursuant to <u>Stern v. Marshall,</u> 131 S.Ct. 2594 (2011) to enter a final judgment on Plaintiff's state law claims?

TINDALL LAW
ATTORNEYS AND COUNSELLORS AT LAW                         9

12-03348-dof    Doc 153    Filed 05/06/14    Entered 05/06/14 17:51:35    Page 9 of 10

Was there a preferential transfer within the requisite time period set forth in 11 USC §547?

Has the Trustee sought to void the valid lien of Defendant Linck under 11 USC §506?

Has the Trustee alleged that there was a fraudulent transfer between Wyman and Pichler under 11 USC §548?

BASED ON THE ABOVE REFERENCED RULINGS OF THIS COURT, AND, THE ADMISSIONS OF DEBTOR AND DEFENDANTS, NONE OF THE ISSUES OF LAW LISTED BY DEFENDANTS ARE RELAVENT AND SHOULD BE EXCLUDED.

### Witnesses:

Christopher Wyman
Michelle Pichler
Edward Linck
Records Custodian for the Livingston County Register of Deeds

BASED ON THE ABOVE REFERENCED RULINGS OF THIS COURT, AND, THE ADMISSIONS OF DEBTOR AND DEFENDANTS, NONE OF THE WITNESSES LISTED BY DEFENDANTS ARE RELAVENT AND SHOULD BE EXCLUDED.

6. For the reasons set forth above, this Court should enter its ruling/order "in limine" excluding the issues, exhibits, theories and matters proposed by Defendants and enter Judgment in favor pf Plaintiffs forthwith.

Respectfully Submitted,
TINDALL LAW

BY: _/.S/ MICHAEL E. TINDALL_
MICHAEL E. TINDALL  P29090
For the Firm

Dated: 5/6/14