# EXHIBIT NO: 2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

CHRISTOPHER D. WYMAN

Case No. 12-32264
Chapter 7

*Debtor(s),*

Hon. Daniel S. Opperman

/

MICHAEL A. MASON, US
BANKRUPTCY TRUSTEE and
STATE COURT JUDGMENT
CREDITOR BARBARA DUGGAN,

Adversary Case No. 12-03348

*Plaintiff(s)*

V

MICHELLE PICHLER a/k/a MICHELLE
GENTRY and EDWARD LINCK,

*Defendant(s).*
/

### PROPOSED JOINT FINAL PRETRIAL ORDER

Pursuant to U.S. Bankruptcy Court Rule 7016-1 Defendant Michelle Pichler submits the following as her proposed Joint Final Pretrial Order:

**(1) Jurisdiction:**

This court has jurisdiction over this matter pursuant to 28 USC § 1334 and 11 USC §542, 544, 547 and 550 as to the Plaintiff Trustee only.

**(2) Plaintiff's Claims:**

### (3) Defendant's Claims:

It is Defendant Linck's positon that the mortgages executed by both Wyman and Defendant Pickhler are effective and valid and created secured interest in the subject property in favor of Defendant Linck. It is of no consequence that the parties potentially erred in the technical execution of the documents insofar as it was their intention to grant Defendant Linck a security interest in the property. Restatement of Contracts Second § 201; TKO Equipment Company v C&G Coal Company, 863 F2d 541, 7 UCC Rep Serv 2d 542 (7th Circuit) (1988).

It is Defendant Pichler's position that the Quit Claim Deed executed by Wyman on October 16, 2009 and hand-delivered to Pichler was an effective conveyance of said real property commonly known as 1101 Jones Road, Howell, Michigan 48843 as between those parties pursuant to Michigan law. It does not matter that the Deed was ultimately not recorded until April 24, 2013. For conveyance of real property to occur, there must be a written instrument that purports to convey title to real property. The pertinent provisions for a Deed require that it describe the premises, the parties, the recitals of the reasons for the Deed, the consideration, and the certainty the grantor and grantee of the thing granted, the execution, sealing, signing, delivery, acceptance, and attestation. Wyman signed, delivered, and handed the Deed to Pichler. See Resh v. Fox, 365 Mich 288, (1961) McMahon v. Dorsey, 353 Mich 623 (1958); See also Stevens v. Burgess, 263 Mich 98 (1933).

On October 16, 2009 Wyman signed, had notarized and handed over the Quit Claim Deed to Pichler conveying the real property commonly 1101 Jones Road, Howell, Michigan 48843. Because Pichler did not have money to pay the transfer tax on the sale price of $130,000 the Deed was not recorded until sometime thereafter. However the conveyance was effective as between Wyman and Pichler. As the Court well knows, the Trustee stands in the shoes of Christopher Wyman. Thus, the Deed effectively conveyed to Pichler on October 16, 2009 well before Wyman's filing bankruptcy outside of any relevant preference period.

11 USC §547(b) only grants the Trustee the ability to avoid any transfer of interest of the debtor in property. Additionally, 11 USC §544(a) & (b) only authorizes the Trustee to have the right to avoid any transfer of property of the debtor, or to avoid any transfer of an interest of the debtor in property. Thus, it is Defendant Pichler's and Defendant Linck's position that Plaintiff Duggan does not have standing under 11 USC §547 and 11 USC §544(a) or (b) to maintain a cause of action to avoid, or cancel the transfer between Wyman and Pichler, only Trustee Mason has the standing to maintain such a cause of action.

Further it is Defendant Pichler's and Defendant Linck's position that FRCP 9(b) states that in alleging fraud or mistake a party must state with particularity the

circumstance constituting fraud or mistake. The party alleging fraud must set forth who, what, when, where and how the alleged fraud is to have occurred. The party must state the time, place, and context of the misrepresentation, fraudulent scheme, fraudulent intent, or resulting injury. See Bennett v. MIS Corp., 607 F.3d 1076 (6th Cir. 2010), See also U.S. Ex Rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 555 (8th Cir. 2006). This Honorable Court pursuant to order gave Plaintiff the opportunity to amend their Complaint to more adequately address the allegations of fraud, however the Plaintiffs have failed to do so.

Pursuant to Stern v. Marshall, 131 S.Ct. 2594 (2011) while the bankruptcy court has statutory authority to enter a final judgment under 28 USC§157(b)(2)(C), under Article 3 of the United States Constitution the Bankruptcy Court does not have constitutional authority to enter a final judgment in the state law claims as neither Defendant Pichler or Defendant Linck has filed a Proof of Claim conferring jurisdiction on this Honorable Court. In other words the Bankruptcy Court is unable to enter a final judgment as to claims involving liability between individuals, unless the claims fall within the so-called "public rights" exception to Article 3. A public right is a claim of one that derives from a federal regulatory scheme, or in which resolution of the claim by the expert governmental agency is essential to a limited regulatory objective within the agent's authority. Defendant Pichler and Defendant Linck assert that since they have not filed a Proof of Claim, the Trustee's allegations are one of state law of a fraudulent conveyance which has not been specifically pled pursuant to federal bankruptcy rules.

**(4) Stipulation of Facts and Law:**

A. Christopher Wyman prepared, signed, and handed a Quit Claim Deed conveying real property commonly known as 1101 Jones Road, Howell, Michigan 48843 to Michelle Pichler.

B. That upon execution and manual delivery of the Deed the conveyance was complete from Wyman to Pichler.

C. That the conveyance is outside of any preference period.

D. That Wyman intended to grant a security interest to Linck via a mortgage.

E. That Pichler intended to grant a security interest to Linck via a mortgage.

F. That there was no fraud in the transfer of said real property between Wyman and Pichler.

G. That Plaintiff Duggan does not have standing pursuant to 11 USC §547 or 544 to avoid any transfer in property owned by debtor Wyman.

H. That Pichler does not have standing to maintain a cause of action under 11 USC §547 or 544(a) or (b).

I. That the Quit Claim Deed executed by Wyman and conveyed to Pichler was taken to the Livingston County Register of Deed's office to be recorded on November 25, 2009.

**(5) Issues of Fact to be Litigated:**

Did Wyman intend to grant a security interest to Linck in the property via a mortgage?

Did Pichler intend to grant a security interest to Linck in the property via a mortgage?

Did the Estate of Wyman either benefit or suffer loss as a result of the granting of a security interest in the property to Linck?

Was Linck involved in any conspiracy or fraud designed to avoid payment to Wyman's creditors, secured or unsecured?

Did Defendant Wyman execute, sign, convey, and deliver the real property commonly known as 1101 Jones Road, Howell, Michigan, 48843 to Michelle Pichler on October 16, 2009?

Did said Deed contain a recital of consideration, a certainty between the grantor and grantee, the habendum to determine what estate was granted, a stipulation that Wyman reserved or retained any rights, a date of execution, was it sealed, signed, delivered and attestated?

Did Wyman's estate benefit or burdened by the conveyance to Pichler?

**(6) Issues of Law to be Litigated:**

Were the mortgages executed by Wyman and Pichler in favor of Linck valid and effective conveyances of a security interest in the property to Linck?

Was Trustee Mason bound by said transactions between Linck and Wyman and Linck and Pichler?

Was the preparation, execution, signing, and delivery of the Deed from Wyman to Pichler on October 16, 2009 a valid conveyance as between Defendants Wyman and Pichler on October 16, 2009?

Was Trustee Mason bound by said transaction between Wyman and Pichler?

Does Plaintiff Duggan have standing pursuant to 11 USC §544(a) or (b) to maintain the cause of actions alleged in Plaintiff's Complaint?

Does Plaintiff Duggan have standing pursuant to 11 USC §547 to maintain the cause of action alleged in Plaintiff's Complaint?

Has Plaintiff failed to state with specificity of fraud as required under FRCP 9(b)?

Does this Honorable Court have the constitutional authority pursuant to Stern v. Marshall, 131 S.Ct. 2594 (2011) to enter a final judgment on Plaintiff's state law claims?

Was there a preferential transfer within the requisite time period set forth in 11 USC §547?

Has the Trustee sought to void the valid lien of Defendant Linck under 11 USC §506?

Has the Trustee alleged that there was a fraudulent transfer between Wyman and Pichler under 11 USC §548?

(7) **Evidence Problems Likely to Arise at Trial:**

(8) **Witnesses:**

    Christopher Wyman
    Michelle Pichler
    Edward Linck
    Records Custodian for the Livingston County Register of Deeds

(9) **Exhibits:**

    Quit Claim Deed executed on October 16, 2009
    Memorandum of Land Contract executed on October 16, 2009
    Mortgages executed by Pichler and Wyman

(10) **Objections to Exhibits:**

(11) Damages:

(12) Trial:

    (A) Non-Jury

    (B) 2 days

(13) Settlement or Mediation:

The Defendants desire mediation. The Trustee indicated that they did not have the funds to contribute towards a mediator. Defendants propose that the Trustee could pay funds for mediation from any settlement received. Mediation was not conducted.

Dated: April 16, 2014      By:    /s/ Michael J. Olson
                                           Attorney for Defendant, Linck
                                           915 N. Michigan Ave., Suite 6
                                           Howell, Michigan 48843
                                           517.548.7400
                                           molson@mtolaw

(11) Damages:

(12) Trial:

    (A) Non-Jury

    (B) 2 days

(13) Settlement or Mediation:

The Defendants desire mediation. The Trustee indicated that they did not have the funds to contribute towards a mediator. Defendants propose that the Trustee could pay funds for mediation from any settlement received. Mediation was not conducted.

Dated: _____ By: _____
Michael E. Tindall (P-29090)
Attorney for Plaintiffs
P.O. Box 46564
Mount Clemens, MI 48046
248.250.8819
met@comcast.net

Dated: April 17, 2014 By: /s/ David W. Brauer
Attorney for Defendant, M. Pichler
515 E. Grand River Avenue
Howell, Michigan 48843
517.548.1998
davidwbrauer@sbcglobal.net

Dated: April 17, 2014 By: /s/ Michael J. Olson
Attorney for Defendant, Linck
915 N. Michigan Ave., Suite 6
Howell, Michigan 48843
517.548.7400
molson@mtolaw.com