UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

CHRISTOPHER D. WYMAN
*Debtor(s),*

CASE NO. 12-32264
CHAPTER 7
HON: D. S. OPPERMAN

_____\\

MICHAEL A. MASON, US
BANKRUPTCY TRUSTEE
And STATE COURT JUDGMNT
CREDITOR BARBARA DUGGAN

Plaintiffs

ADVERSARY NO. 12-03348

v.

MICHELLE PICHLER, a/k/a MICHELLE GENTRY;
and, EDWARD LINCK

Defendants.
_____\\

TINDALL LAW
Attorneys for Creditor B. DUGGAN
BY: MICHAEL E. TINDALL P29090
P.O, BOX 46564
MOUNT CLEMENS, MI 480436
(248) 250-8819
Direct Email: met@comcast.net
_____\\

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served upon counsel of record herein at their respective addresses on the record on \_\_\_\_5/30\_\_\_\_, 2014

\_\_\_US MAIL  __X__ E-FILE/MAIL
\_\_\_FAX        \_\_\_DELIVERY

/s/ MICHAEL E. TINDALL

## PLAINTIFFS' OBJECTION TO
## PICHLER'S AMENDED AFFIRMATIVE DEFENSES, DE 115, and DE178

Plaintiffs' SECOND MOTION FOR SUMMARY JUDGMENT, DE 87, was filed April 18, 2013, and, Pichler's THIRD MOTION FOR SUMMARY JUDGMENT, DE 102, was filed May 22, 2013. While those were pending, Defendants attempted to amend their Affirmative Defenses, DE 115, without leave of this Court in violation of *FRCP 15(a)(2)*.

TINDALL LAW

1

Defendants' RENEWED MOTION FOR SUMMARY JUDGMENT (4TH) was filed May 16, 2014, DE 165, and, Plaintiffs' RESPONSE AND REQUEST FOR SUMMARY JUDGMENT UNDER FRCP 56(f)(1) was filed May 29, 2014, DE 172. Defendant Pichler, again, attempted to amend her Affirmative Defenses, DE 178, – again without leave of this Court in violation of *FRCP 15(a)(2)*. Both remain pending.

1. The Sixth Circuit has made clear that a party may not "expand its claims to assert new theories" in response to a motion for summary judgment.[1] District courts have thus held that a party may not offer new theories in support of a claim in response to a motion for summary judgment.[2]

2. A party may not amend Affirmative Defenses, without first seeking and obtaining leave to do so, as required by *FRCP 15(a)(2)*.

3. A response to a pleading must set forth any matter constituting an affirmative defense.[3] Failure to plead an affirmative defense in the first responsive pleading to a complaint results in a waiver of that defense.[4] "[I]t is of no importance that a party and/or his counsel were unaware of a possible statute of limitations

---

[1] *Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 400 (6th Cir. 2007); *see also Priddy v. Edelman*, 883 F.2d 438, 446 (6th Cir. 1989); *Tucker v. Union of Needletrades, Industrial and Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (holding that a plaintiff may not raise a new claim in response to summary judgment); *Desparois v. Perrysburg Exempted Village Sch. Dist.*, 455 Fed. App'x 659, 666 (6th Cir. 2012); *Yanovich v. Zimmer Austin, Inc.*, 255 Fed App'x 957, 970 (6th Cir. 2007).

[2] *See, e.g., Sweitzer v. Am. Express Centurion Bank*, 554 F.Supp.2d 788, 797 (S.D. Ohio 2008) (holding that a plaintiff could not expand the theory of its negligence claim in response to a motion for summary judgment); *Saad v. City of Dearborn Heights*, ___ F.Supp.2d ___, 2012 WL 2403490, at *11 (E.D. Mich. 2012) (holding that a plaintiff could not expand the theory of a Monell claim in response to a motion for summary judgment).

[3] Fed.R.Civ.P. 8(c). *Senter v. General Motors Corp.*, 532 F.2d 511 (6th Cir.), cert. denied, 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976); *United States v. Masonry Contractors Assoc. of Memphis*, 497 F.2d 871 (6th Cir.1974); *Crawford v. Zeitler*, 326 F.2d 119, 121 (6th Cir.1964).

[4] *Horton v. Potter*, 369 F. 3d 906 - Court of Appeals, 6th Circuit 2004 *Haskell v. Washington Tp.*, 864 F. 2d 1266 - Court of Appeals, 6th Circuit 1988; *Estes v. Kentucky Utils. Co.*, 636 F.2d 1131, 1134 (6th Cir. 1980); *Hayden v. Ford Motor Co.*, 497 F.2d 1292, 1295 (6th Cir.1974) ("**Whatever the motives behind the ... defendant's pleading strategy, to allow [him] to raise the bar of the statute of limitations after so long a delay ... would make a mockery of the intent and purpose of the statute of limitations.**"). *McGraw v. Matthaei*, 388 F. Supp. 84, 88-89 (E.D. Mich. 1972).

12-03348-dof    Doc 180    Filed 05/30/14    Entered 05/30/14 15:24:09    Page 2 of 3

defense." *Id.* Otherwise, the **waiver** aspect of Rule 8(c) would have little meaning. *Haskell.*

4. For the reasons stated, Defendants' repeated attempts to "amend into" some arguable defense[5] must be rejected and DE 115 and 178 must be stricken from the record.

Respectfully Submitted,
TINDALL LAW

BY: _/S/ MICHAEL E. TINDALL_
MICHAEL E. TINDALL  P29090
For the Firm
P,O, BOX 46564
MOUNT CLEMENS, MI  480436
(248) 250-8819
Direct Email: met@comcast.net

Dated: 5/30/14

---

[5] As more fully set forth in DE 173, Defendants' argument, based on 11 USC 548 and a two (2) year period of limitations, is completely without merit in any event, as that period does not apply to either Sections 547 or 544.