UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

    CHRISTOPHER D. WYMAN
        *Debtor(s),*

CASE NO. 12-32264
CHAPTER 7
HON: D. S. OPPERMAN

_____\\

MICHAEL A. MASON, US
BANKRUPTCY TRUSTEE
And STATE COURT JUDGMNT
CREDITOR BARBARA DUGGAN

            Plaintiffs

ADVERSARY NO.12-03348

v.

MICHELLE PICHLER, a/k/a MICHELLE GENTRY;
and, EDWARD LINCK

           Defendants.
_____\\
TINDALL LAW
Attorneys for TRUSTEE MASON
And Creditor B. DUGGAN
BY: MICHAEL E. TINDALL P29090
P.O, BOX 46564
MOUNT CLEMENS, MI  480436
(248) 250-8819
(815) 572-5858 (FAX)
Direct Email: met@comcast.net
_____\\

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served upon counsel of record herein at their respective addresses on the record on _____6/4\_\_\_\_\_, 2014

\_\_\_ US MAIL  \_\_X\_\_ E-FILE/MAIL
\_\_\_ FAX  \_\_\_ DELIVERY

\_\_MICHAEL E. TINDALL\_\_

## PLAINTIFFS' RESPONSE TO PICHLER MOTION
## TO AMEND AFFIRMATIVE DEFENSES, DE 182

    Twenty (20) days before the scheduled trial date, and, long after both discovery and amendment periods have been closed by this Court's Scheduling Order, DE 128, Defendant Pichler moves to amend her Affirmative Defenses to add a statute of limitations defense that clearly does NOT apply to this case, and, that has already been long waived in any event. The belated motion is nothing more than a delay tactic to avoid trial and must be denied.

1. Pichler alleges that she has raised this defense since December 8, 2012, and, therefore, no prejudice will result. This simply is NOT true. NONE of Pichler's first three (3) motions for Summary Judgment, DE 29, 51 and 102 raise or discuss either "statute of limitations" [state or federal] or 11 USC 548. This latest argument first appeared in DE 165.
2. Pichler first attempted, improperly, to amend her Affirmative Defenses in DE 115. Neither "statute of limitations" nor Section 548 was included.
3. Thereafter, in DE 127, No. 3(b), adopted by this Court in DE 128, Pichler could have but did not seek to amend her pleadings. Again, no reference to "statute of limitations" or Section 548 was raised.
4. A statute of limitations Affirmative Defense is waived if not asserted in the first responsive pleading. Pichler has now waived the defense, even if it did apply.
5. Amendment, and the consequent delay in proceedings such a last minute amendment would entail, is – nevertheless – futile, as Section 548 does not apply to this case and Michigan's 6 year statute of limitations applicable to Section 544 claims has not expired.

For the reasons stated, Pichler's newest motion must be denied.

Respectfully Submitted,
TINDALL LAW

BY: /.S/ MICHAEL E. TINDALL
MICHAEL E. TINDALL P29090
For the Firm
P,O, BOX 46564
MOUNT CLEMENS, MI 480436
(248) 250-8819
(815) 572-5858 (FAX)
Direct Email: met@comcast.net

Dated: 6/4/14