IN RE:

CHRISTOPHER D. WYMAN
*Debtor(s),*

_____\\

CASE NO. 12-32264
CHAPTER 7
HON: D. S. OPPERMAN

MICHAEL A. MASON, US
BANKRUPTCY TRUSTEE
And STATE COURT JUDGMNT
CREDITOR BARBARA DUGGAN

                Plaintiffs

v.

MICHELLE PICHLER, a/k/a MICHELLE GENTRY;
and, EDWARD LINCK

                Defendants.

_____\\

TINDALL LAW
Attorneys for TRUSTEE MASON
And Creditor B. DUGGAN
BY: MICHAEL E. TINDALL P29090
P.O, BOX 46564
MOUNT CLEMENS, MI  480436
(248) 250-8819
(815) 572-5858 (FAX)
Direct Email: met@comcast.net

_____\\

ADVERSARY NO.12-03348

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served upon counsel of record herein at their respective addresses on the record on \_\_\_6/7\_\_\_, 2014

\_\_\_ US MAIL   X  E-FILE/MAIL
\_\_\_ FAX       \_\_\_ DELIVERY

MICHAEL E. TINDALL\_\_\_\_

## PLAINTIFFS' AMENDED RESPONSE TO PICHLER MOTION TO AMEND AFFIRMATIVE DEFENSES, DE 182

    Twenty (20) days before the scheduled trial date, and, long after both discovery and amendment periods have been closed by this Court's Scheduling Order, DE 128, Defendant Pichler moves to amend her Affirmative Defenses to add a statute of limitations defense that clearly does NOT apply to this case, and, that has already been long waived in any event. The belated motion is nothing more than a delay tactic to avoid trial and must be denied.

1. Pichler alleges that she has raised this defense since December 8, 2012, and, therefore, no prejudice will result. This simply is NOT true. NONE of Pichler's first three (3) motions for Summary Judgment, DE 29, 51 and 102 raise or discuss either "statute of limitations" [state or federal] or 11 USC 548. This latest argument first appeared in DE 165, which – itself – was filed in violation of the "dispositive motion" cut-off date contained in this Court's Scheduling Order, DE 128. [1]
2. Pichler first attempted, improperly, to amend her Affirmative Defenses in DE 115. Neither "statute of limitations" nor Section 548 was included.
3. Thereafter, in DE 127, No. 3(b), adopted by this Court in DE 128, Pichler could have but did not seek to amend her pleadings. Again, no reference to "statute of limitations" or Section 548 was raised.
4. A statute of limitations Affirmative Defense is waived if not asserted in the first responsive pleading, and evidence of that defense is inadmissible at trial. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133, 128 S.Ct. 750, 753 (2008); *see also,* Fed. R. Bankr. P. 7008, incorporating by reference, Fed. R. Civ. P. 8(c)(requirement of pleading of affirmative defenses, including statute of limitations, in a responsive pleading). While under Federal Rule of Civil Procedure 15(a)(2), a court "should freely give leave" to amend "when justice so requires," the Sixth Circuit has recognized that a different standard applies when a proposed amendment is so late that it would require the modification of a scheduling order entered pursuant to Rule 16 of the Federal Rules of Civil Procedure. *Korn v. Paul Revere Life Ins. Co.*, 382 Fed. Appx. 443, 449 (6th Cir. 2010); *Leary v. Daeschner*, 349 F.3d 888, 905-09 (6th Cir. 2003).
5. Rule 16 "is designed to ensure that `at some point both the parties and the pleadings will be fixed'" and that the Rule only permits modification to a scheduling order `upon a showing of good cause.'" *Leary at 906*; *see* Fed. R. Civ.

---

[1] This Court appears to apply an unusually "forgiving" standard to the motions filed by the Defendants in this case. Aside from entertaining DE 135 and 165 [both dispositive motions] contrary to the express limitations of DE 128, and without any showing of "good cause"; DEs 135, 160, 163, 165, and 182 ALL failed to comply with the requirements imposed by Local Rule 9014-1(b). Additionally, not one of Defendants' four (4) motions for Summary Judgment filed in this case have ever complied with the requirements imposed by FRCP 56 for such motions, incorporated in bankruptcy by Rule 7056.

TINDALL LAW 2
12-03348-dof   Doc 188   Filed 06/07/14   Entered 06/07/14 10:40:19   Page 2 of 3

P. 16(b)(4). In determining whether good cause has been shown, the court must consider whether the amendment will prejudice the party opposing it. *Id.* Prejudice is shown by the fact that discovery would have to be reopened if the amendment was permitted. *Id.* at 908-09.

6. In *Korn*, the court explained that "to satisfy the *Leary* standard, [the movant] must explain why he failed to move for the amendment at a time that would not have required a modification of the scheduling order." *Id.* Thus, where the plaintiff sought leave to amend approximately six weeks after the close of discovery and two weeks after the pre-trial motion filing deadline, the court found that ***even if there was no prejudice to the opposing party***, the movant had not satisfied the *Leary* standard where he failed to explain why he waited to seek leave to amend until after the expiration of discovery and motion filing deadlines. *Id.*

7. Amendment, and the consequent delay in proceedings such a last minute amendment would entail, is – nevertheless – futile, as Section 548 does not apply to this case and Michigan's 6 year statute of limitations applicable to Section 544 claims has not expired.

For the reasons stated, Pichler's newest motion must be denied.

Respectfully Submitted,

TINDALL LAW

BY: /.S/ MICHAEL E. TINDALL
MICHAEL E. TINDALL  P29090
For the Firm
P,O, BOX 46564
MOUNT CLEMENS, MI  480436
(248) 250-8819
(815) 572-5858 (FAX)
Direct Email: met@comcast.net

Dated: 6/7/14