# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN RE:

    CHRISTOPHER D. WYMAN  
    *Debtor(s),*

CASE NO. 12-32264  
CHAPTER 7  
HON: D. S. OPPERMAN

_____\

MICHAEL A. MASON, US  
BANKRUPTCY TRUSTEE  
And STATE COURT JUDGMNT  
CREDITOR BARBARA DUGGAN

    Plaintiffs

v.

ADVERSARY NO.12-03348

MICHELLE PICHLER, a/k/a MICHELLE GENTRY;  
and, EDWARD LINCK

    Defendants.

_____\

TINDALL LAW  
Attorneys for TRUSTEE MASON  
And Creditor B. DUGGAN  
BY: MICHAEL E. TINDALL P29090  
P.O, BOX 46564  
MOUNT CLEMENS, MI 480436  
(248) 250-8819  
Direct Email: met@comcast.net

_____\

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served upon counsel of record herein at their respective addresses on the record on _____6/9_____, 2014

____US MAIL  _X_ E-FILE/MAIL  
____FAX  ____DELIVERY

_____  
MICHAEL E. TINDALL

## COMBINED MOTION AND BRIEF TO STRIKE DEFENDANTS' PLEADINGS AND ENTER JUDGMENT PURSUANT TO FRCP [Rule 7016] 16(f)(1)

Now come Plaintiffs. TRUSTEE MASON and BARBARA DUGGAN, and move to strike Defendants' pleadings and enter Judgment pursuant to FRCP 16(f)(1) and states:

1. From the inception of this case almost two (2) years ago, this Court has repeatedly encouraged court mandated mediation in an effort to encourage a settlement in this matter.

2. Based on the documented public record documents, the numerous admissions contained in Defendants' sworn testimony, and, the applicable provisions of state and

federal law, Plaintiffs have consistently argued that court mandated mediation would not be productive. *In re Bambi, 492 BR 183 ( SD NY 2013)* **(holding that parties cannot be forced to make a settlement offer and cannot be coerced into a settlement by the court** citing In re A.T. Reynolds & Sons, Inc., 452 B.R. 374, 384 (S.D.N.Y.2011)).

3. Nevertheless, this Court compelled the parties to participate in mandatory mediation, requiring Plaintiff DUGGAN to incur yet more expense, during and following its April 29, 2014 status conference in this matter. DE 168

4. The Court mandated mediation occurred May 19, 2014 and was unsuccessful. DE 171.

5. 28 U.S. Code § 651 (b) states, in relevant part:

   " Each United States district court shall authorize, <u>by local rule</u>… the use of alternative dispute resolution processes in all civil actions, <u>including adversary proceedings in bankruptcy</u>…"

6. L. Br. Rul. 7016-2(a)(5) states, in relevant part:

   "All proceedings … incident to the mediation shall be privileged and confidential and <u>shall not be reported</u> … or <u>made available to the court</u>."

7. The overwhelming consensus of authority, in this and other circuits, recognizes and enforces the duty of confidentiality imposed in connection with mediation by the mediation rules, particularly where mediation is mandated by the court. *Goodyear Tire & Rubber v. Chiles Power Supply, 332 F. 3d 976, 980, 981 (6th Cir 2003)* **(**<u>There exists a strong public interest in favor of secrecy of matters discussed by parties during settlement negotiations</u>**. This is true** <u>whether settlement negotiations are done under the auspices of the court</u> **or informally between the parties; The public policy favoring secret negotiations, combined with the inherent questionability of the truthfulness of any statements made therein, leads us to conclude that a settlement privilege should exist)**; *In re Teligent, Inc., 640 F. 3d 53 (2nd Circuit 2011)**(Confidentiality is an important feature of the mediation and other alternative dispute resolution processes. Promising participants confidentiality in these proceedings "promotes the free flow of

information that may result in the settlement of a dispute); In re Grand Jury Subpoena Dated Dec. 17, 1996, 148 F.3d 487, 492 (5th Cir.1998); In re Cnty. of Los Angeles, 223 F.3d 990, 993 (9th Cir.2000); Clark v. Stapleton Corp., 957 F.2d 745, 746 (10th Cir. 1992) (per curiam); United States v. Erie County, New York, 2013 WL 4679070, *12 (W.D.N.Y. 2013) (Skretny, J.). (**The importance of the existence and perception of mutual fairness, confidentiality in mediation and settlement negotiations is critical**.); Irwin Seating Co. v. Int'l Bus. Mach. Corp., 2006 WL 3446584 – 2006 at *1 (**improper disclosure of confidential mediation statements and exhibits**); IN RE HAYES, 414 BR 682, 695 (Mon 2009) (**The Court agrees with the members of WSME that none of the parties should be allowed to discuss any particular aspect of the mediation**.);Sheldone v. Pa. Tpk. Comm'n, 104 F.Supp.2d 511, 517 (W.D.Pa. 2000); Fields-D'Arpino v. Rest. Assocs., Inc., 39 F.Supp.2d 412, 417 (S.D.N.Y.1999); Folb v. Motion Picture Indus. Pension & Health Plans, 16 F.Supp.2d 1164, 1170-80 (C.D.Cal.1998), aff'd 216 F.3d 1082 (9th Cir.2000); Bernard v. Galen Grp., Inc., 901 F.Supp. 778, 784 (S.D.N.Y.1995).

8. Additionally, in this circuit, courts have the duty to ensure that parties comply with the procedural rules that keep a case proceeding in an orderly fashion. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003). Where a party violates procedural rules sanctions are appropriate under FRCP 37. *River City Capital, L.P. v. Bd. of Cnty. Comm'rs*, 491 F.3d 301, 310 (6th Cir. 2007) (applying Rule 37 sanctions).

9. This case is currently scheduled for trial, June 23 and 24, 2014, with this Court acting as trier of fact. When the judge is the actual trier of fact, the need to preserve the "**appearance of impartiality**" is especially pronounced. *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 163, 166 (3rd Cur. 1993); *Price Bros. v. Phil Gear Corp.*, 629 F.2d 444 (6th Cir 1980).

> "The duty to avoid off-the-record contacts that might influence the outcome of the litigation is expressed in Canon 3(A)(4) of the Code of Judicial Conduct for United States Judges, which provides: "*A judge should neither initiate nor consider ex parte ... communications concerning a pending or impending proceeding. ...*" Canon 3(C)(1)(a) goes even farther and **imposes a duty upon a judge to disqualify himself where his "impartiality might reasonably be**

**questioned**" because of his "personal knowledge of disputed evidentiary facts concerning the proceedings."

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

"A rule that merely prohibits a presiding judge from testifying in open court, however, does not insure that the fact finder will be "free from external causes tending to disturb the exercise of deliberate and unbiased judgment,"[citation omitted], *where the trial is to the bench*. Whether, in a bench trial, a judge can avoid an involvement destructive of impartiality where he has personal knowledge of material facts in dispute is a question that cannot be answered satisfactorily, [citation omitted] and, **therefore, a judge should recuse himself in such circumstances.**" *Price Bros. v. Phil Gear Corp., 629 F.2d 444, 447 (6th Cir 1980).*

10. On June 24th 2014, during oral argument on Defendants' Fourth (4th) MOTION FOR SUMMARY JUDGMENT, Counsel for Defendants – Messrs. Brauer and Olson- intentionally violated local rule 7016-2(a)(5), by intentionally disclosing to this Court absolutely confidential information concerning the court mandated mediation. Furthermore, the information provided by Defendants' counsel to this Court was intentionally false. It appears, from Mr. Brauer's comments that the purpose of this disclosure was to encourage this Court to conduct yet another, second (2nd), mandatory mediation on June 10, 2014 at the Final Pre-Trial Conference, **with this Court acting as mediator.**

   A. Tr. 6/4/14, 5:02-6:22 [Mr. Brauer]
   - We almost settled everything at mediation – this close
   - Thought we had Trustee's action resolved
   - Surprisingly, we thought we had Ms. Duggan's action resolved
   - Then everything got turned on its head the next day
   - I think it's a case that can settle and probably should
   - There has been a series of events that make it difficult to do that
   - The only way we are going to be able to accomplish that settlement if we can is if the parties are present, most particularly Mr. Mason.
   - *If efforts are made similar to our previous mediation*, then there is a distinct possibility that all or part of the suit will go away.
   - I would suggest that if the court does find an issue of fact that *the court use the 24th trial date as a final pre-trial **and a mediation*** rolled into one.

- I think we have a chance to settle it, but I would indicate that if that's the case I think its important to have it on a date the court is here because if we do forge a settlement, we have to put it on the record right then so that an order can be entered.

   **B. Tr. 52.32-53:21 [Mr. Olson]**
   - I don't think we ever had a prayer of settlement at mediation.
   - I do not believe there was a good faith attempt to settle the case.
   - If I had been able to do what I wanted to do at mediation, I would not be here.

11. As set forth in *Price,* the suggestion that this Court, as trier of fact, could also act as mediator and conduct yet another "compulsory mediation" 13 days prior to trial is untenable, and, would require this Court to recuse itself.

12. Plaintiffs' counsel objected to the disclosure/discussion of information concerning mediation, but that objection was ignored. Tr. 6/4/14, 7:08-7:23.

13. The disclosure of this information by Defendant's counsel was intentional and highly prejudicial for the reasons that:
    A. The statements made were intentionally false.
    B. Plaintiffs can prove, in writing, that Defendants' counsels' statements are false.
    C. Yet, Plaintiffs' are prohibited from making that proof by the same confidentiality requirements that Messrs Brauer and Olson violated. As the 10th Circuit Court of Appeals stated in *Hand v. Walnut Valley Sailing Club*, See, Exhibit 6(1) at * 1:

    > "The club was, the court found, ***prejudiced by its inability to respond to Mr. Hand's disclosures because it was bound by the confidentiality requirement that Mr. Hand "fully disregarded."*** *Id.* **And by implying that the club had acted unreasonably during the mediation, Mr. Hand's disclosures fostered animosity and prejudiced any future efforts to resolve the case.** Given all this, the district court held that no sanction short of dismissal "would adequately admonish [Mr. Hand] for his complete disregard for and willful violation of the confidentiality rule…"

14. This Court, as trier of fact, is now in possession of false information that the rules and the case law strictly forbid it from being privy to. Moreover, because that

information is false, and, Plaintiffs are barred – by the same rule – from proving it false, this is inherently prejudicial and cannot be remedied. *Hand, supra.*

15. FRCP 16(f)(1), incorporated by Rule 7016, incorporates the sanctions contained in FRCP 37(b)(2)(A)(ii) – (vii).

16. Under FRCP 16 and 37, this Court may:

    (A) Prohibit Defendants from opposing designated claims (ii);

    (B) Strike Defendants' pleadings (iii);

    (C) Enter a Default Judgment against Defendants (vi);

    (D) Treat Defendants' counsels' violation of confidentiality as contempt of court (vii).

17. Defendants' counsel both knowingly and intentionally violated the local rule regarding confidentiality, and, thereby "tainted" this Court's ability to act as trier of fact. The entry of Rule 37 sanctions, in the form of a Default Judgment, is clearly called for. *River City Capital, supra No. 8.*

Wherefore, Plaintiffs request this Court enter Default Judgment against both Defendants under FRCP 16 and 37.

Respectfully Submitted,
TINDALL LAW

BY: /S/ MICHAEL E. TINDALL
MICHAEL E. TINDALL P29090
For the Firm
P,O, BOX 46564
MOUNT CLEMENS, MI 480436
(248) 250-8819
Direct Email: met@comcast.net

Dated: 6/8/14