IN RE WYMAN,     CASE NO: 12-32264

Debtor(s)

ADVERSARY 12-03348

# EXHIBIT NO: 6

## PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

1. *Hand v. Walnut Valley Sailing Club,*

J. MICHAEL HAND, Plaintiff-Appellant,

v.

WALNUT VALLEY SAILING CLUB, Defendant-Appellee.

No. 11-3228.

United States Court of Appeals, Tenth Circuit.

April 4, 2012.

Before LUCERO, McKAY, and GORSUCH, Circuit Judges.

# ORDER AND JUDGMENT[*]

NEIL M. GORSUCH, Circuit Judge.

Soon after he wrote a letter to the Governor of Kansas complaining that a storage shed owned by his sailing club didn't comply with the Americans with Disabilities Act, J. Michael Hand found his membership revoked. In response, Mr. Hand filed a lawsuit in federal court against his former club. During the course of the litigation, the district court ordered the parties to participate in mediation, and they did. Unfortunately, no settlement followed. Instead, Mr. Hand sent an email to at least forty-four club members (and others) disparaging the club's positions and relating all the details of the mediation, including what the mediator said and the amount of the club's settlement offer. This despite the fact that a written district court rule expressly required anyone involved in court-ordered mediation to keep all such information confidential.

As sanction for Mr. Hand's conduct, the club sought dismissal of the lawsuit. In his response, Mr. Hand didn't dispute that he violated the confidentiality rule but argued only that dismissal was too harsh a sanction. Ultimately, the district court disagreed and dismissed the case with prejudice.

In the course of doing so, the district court explained that Mr. Hand's disclosures "demonstrated complete disrespect for the confidential mediation process." Aplt. App. at 100. In discussing the importance confidentiality plays under the congressional scheme created by the Alternative Dispute Resolution Act of 1998, see 28 U.S.C. § 652(d) (requiring district courts to "provide for the confidentiality of the alternative dispute resolution processes and to prohibit disclosure of confidential dispute resolution communications"), the court recognized that an assurance of confidentiality encourages parties to participate in mediation with candor and is essential to the success of mediation programs. The need for confidentiality, the court said, is particularly strong where a mediation program is, as here, mandatory, "because participants are often assured that all discussions and documents related to the proceeding will be protected from forced disclosure." Aplt. App. at 102 (quotations omitted). The district court concluded that, absent a sanction, other litigants would consider the court's confidentiality rule unenforceable and would not freely engage in candid settlement discussions.

In explaining the scope of the sanction it ordered, the district court emphasized that Mr. Hand's disclosures reached club members who might testify about the "crucial issue in the case" — why the club expelled him. Aplt. App. at 99. The club was, the court found, prejudiced by its inability to respond to Mr. Hand's disclosures because it was bound by the confidentiality requirement that Mr. Hand "fully disregarded." Id. And by implying that the club had acted unreasonably during the mediation, Mr. Hand's disclosures fostered animosity and prejudiced any future efforts to resolve the case. Given all this, the district court held that no sanction short of dismissal "would adequately admonish [Mr. Hand] for his complete disregard for and willful violation of the confidentiality rule, deter similar conduct by others in the future, restore respect for [the] Court's authority, repair the damage caused by [Mr. Hand] to the integrity of the Court's ADR program, and minimize prejudice to the [club]." Aplt. App. at 105.

Mr. Hand now appeals this dismissal but in doing so he faces a considerable burden. "A district court undoubtedly has discretion to sanction a party for failing to . . . comply with local . . . rules" and "[s]uch sanctions may include dismissing the party's case with prejudice." Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). We review dismissals of this sort for an abuse of discretion. See Lee v. Max Int'l, LLC, 638 F.3d 1318, 1320 (10th Cir. 2011) ("district courts enjoy very broad discretion to use sanctions where necessary to insure" compliance with court orders and rules (quotation omitted)).

Our review confirms that the district court did not abuse its discretion. Mr. Hand committed a serious violation of the **confidentiality** rule. He didn't just share a few tidbits about the **mediation** with a friend, he revealed extensive and prejudicial details about the **mediation** to over forty people, many likely witnesses in the case. And he did so not accidentally but intentionally. In his deposition, Mr. Hand explained that he "absolutely" disclosed **mediation** information because he believed club members "had a right to know." Aplt. App. at 103.

There is only one issue lurking here worthy of mention. On appeal, Mr. Hand contends that while his actions were intentional he did not know about his **confidentiality** obligations, and he points to a paragraph in an affidavit he filed with the district court so stating. Of course, litigants are usually charged with knowing and following court rules. See, e.g., United States v. Windrix, 405 F.3d 1146, 1157 (10th Cir. 2005). But in Mr. Hand's mind his neglect in failing to familiarize himself with court rules is a mitigating factor the district court should have considered when fashioning its sanction.

Whatever other problems this argument may face, and without endorsing its logic, we are confident it must fail for at least this reason: It was never made to the district court. In opposing the club's motion for sanctions before the district court Mr. Hand's brief never argued that he lacked knowledge of the rules. Instead, both sides' briefing, all prepared by retained counsel, proceeded on the premise that he knew the **mediation** was supposed to remain confidential. Mr. Hand argued merely that the club's request for dismissal was a disproportionate sanction.

To be sure, Mr. Hand now says the district court should've spotted the single paragraph in his affidavit and from it deduced that Mr. Hand wished to press an ignorance-of-the-rules argument nowhere raised in his brief. This reply, however, mistakes the district court's role — and ours. District courts are not required to "sift through the record to find evidence not cited by the parties to support arguments they have not made." Cordova v. Aragon, 569 F.3d 1183, 1191 (10th Cir. 2009). Neither may parties use an appellate forum as a "second-shot forum" to try to secure victory using "back-up theories" lurking in the record that they failed to present adequately in district court. Richison v. Ernest Grp., Inc., 634 F.3d 1123, 1130 (10th Cir. 2011) (quotation omitted). Why Mr. Hand waited until now to make his ignorance-of-the-rules argument we do not know. But because of his failure to present the argument fairly to the district court, we do know it is impossible to assess it fairly now. We cannot be sure, for example, whether the district court — with its ability to see witnesses and assess their credibility — would have believed or disbelieved Mr. Hand's profession of ignorance (given, for example, how often **confidentiality** is stressed by courts and mediators in connection with **mediation** proceedings). And whether as a formal matter one considers Mr. Hand's ignorance-of-the-rules argument waived or merely forfeited by virtue of his failure to raise it appropriately in the district court, it is evident enough that the district court didn't commit reversible error by failing to spot and resolve it on its own motion.

The judgment of the district court is affirmed.

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Save trees - read court opinions online on Google Scholar.