# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

IN RE:
    **CHRISTOPHER D. WYMAN**

    Debtors

Bankruptcy Case No. 12-32264
Hon. Daniel S. Opperman
Chapter 7

_____

**MICHAEL A. MASON, US BANKRUPTCY TRUSTEE AND STATE COURT JUDGMENT CREDITOR BARBARA DUGGAN**,

    Plaintiffs

v.

Adversarial Case No. 12-03348
Hon. Daniel S. Opperman

**MICHELLE PICHLER, a/k/a MICHELLE GENTRY; and, EDWARD LINCK**

    Defendants.

_____

| | |
|---|---|
| Michael E. Tindall (P29090) | David W. Brauer (P41974) |
| Attorney for Creditor B. Duggan | Attorney for Defendant M. Pichler |
| P.O. Box 46564 | 515 E. Grand River Avenue |
| Mount Clemens, MI 48046 | Howell MI 48843 |
| (313) 638-7613 | (517) 548-1998 |
| met@comcast.net | davidwbrauer@sbcglobal.net |

_____

## DEFENDANT PICHLER'S AMENDED AFFIRMATIVE DEFENSES

    NOW COMES Defendant Michelle Pichler, by and through her attorney David W. Brauer of Zichi and Brauer, P.C. and whom hereby incorporates by reference all Affirmative Defenses pled and filed with this court on or about December 5, 2012 and adds the following Amended Affirmative Defenses that she will assert in the event of trial or otherwise:

    1.    That pursuant to Michigan law the transfer of the real property which is the subject matter of this litigation (1101 Jones Road, Howell, Michigan 48855) was effectively transferred when Christopher Wyman executed, notarized, and manually handed a Quit Claim Deed conveying said real property to Defendant Pichler on or

about October 16, 2009. Thus, the Trustee may not maintain a preference action, or void the transfer pursuant to the Bankruptcy Code 11 USC 544 and 548 as the transfer occurred more than 2 years prior to Wyman filing his Petition for Bankruptcy before this Honorable Court.

2. Defendant Pichler was not a creditor of Christopher Wyman pursuant to 11 USC 101(10).

3. That Plaintiff Duggan failed to file her Complaint to determine dischargeability within 60 days of the first date set for the Meeting of the Creditors in violation of Federal Rules of Bankruptcy Procedure 4007(c). Consequently Plaintiff Duggan's Complaint should be dismissed.

4. That Plaintiff Michael Mason failed to file his Complaint to Determine Dischargeability within 60 days of the first date set for the Meeting of the Creditors in violation of Federal Rules of Bankruptcy Procedure 4007(c). Consequently Plaintiff Mason's Complaint should be dismissed.

5. That both Plaintiff's violated 11 USC §523(c) in failing to file a Complaint to Determine Dischargeability within 60 days of the first date of the Meeting of the Creditors.

6. Defendant reserves the right to amend and add additional Affirmative Defenses as Discovery progresses and/or information otherwise becomes known.

WHEREFORE, your Defendant Pichler respectfully requests that this Honorable Court dismiss the Plaintiff's cause of action and award Defendant interest, costs, and attorney's fee so wrongfully incurred.

Dated: June 17, 2014    By:   */s/ David W. Brauer*
                              Attorney for Defendant, M. Pichler
                              515 E. Grand River Avenue
                              Howell, Michigan 48843
                              517.548.1998
                              davidwbrauer@sbcglobal.net