IN RE:

**CHRISTOPHER D. WYMAN**
_Debtor(s)._

CASE NO. 12-32264
CHAPTER 7
HON: D. S. OPPERMAN

———————————————————— \

MICHAEL A. MASON, US
BANKRUPTCY TRUSTEE
And STATE COURT JUDGMNT
CREDITOR BARBARA DUGGAN

        Plaintiffs

v.

MICHELLE PICHLER, a/k/a MICHELLE GENTRY;
and, EDWARD LINCK

        Defendants.

———————————————————— \

ADVERSARY NO.12-03348

**TINDALL LAW**
Attorneys for TRUSTEE MASON
And Creditor B. DUGGAN
BY: MICHAEL E. TINDALL P29090
P.O, BOX 46564
MOUNT CLEMENS, MI 480436
(248) 250-8819
(815) 572-5858 (FAX)
Direct Email: met@comcast.net

———————————————————— \

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the
foregoing document was served upon counsel
of record herein at their respective addresses
on the record on _____7/24_____ , 2014

____US MAIL __X__ E-FILE/MAIL
____FAX ____DELIVERY

_____MICHAEL E. TINDALL_____

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO COUNTS II AND V OF PLAINTIFFS' COMPLAINT

### PROPOSED FINDINGS OF FACT:

1. CHRISTOPHER D. WYMAN ("WYMAN") filed for relief under Chapter 13, Case No. 08-33171, August 5, 2008. **Case No. 08-33171, DE 1.**

2. WYMAN was insolvent. **Case No. 08-33171, DE 12, P1 of 31**.

3. WYMAN'S Chapter 13 was dismissed October 14, 2008. **Case No. 08-33171, DE 22.**

4. From approximately June, 2007 through May 31, 2014, PICHLER maintained an account at TCF Bank, Account No. 9883401012, in the name "C D WYMAN CONTRACTORS". See, Exhibit 1 and 2.

5. During the period 2007 through 2009, $105, 209.27 in revenue, earnings and assets belonging to WYMAN were deposited to the C D WYMAN CONTRACTORS account. See, Exhibits 1 and 2.

6. PICHLER then distributed deposited revenue, income and assets to or for the benefit of WYMAN, in the form of false "payments for services", false "loans", and, direct payment of expenses to third parties, and, transferred funds to or for the benefit of WYMAN through an account at FIRST NATIONAL BANK IN HOWELL in the name of CD WYMAN INC., a dissolved Michigan corporation. See, COMP. EXHIBIT 5; EXHIBITS 1 and 2.

7. On October 25, 2003, WYMAN received a conveyance from DIANA GENTRY ("GENTRY") of the following assets:

   A. 2000 Hudson trailer
   B. 1969 General Trailer
   C. 1985 Sea Ray Boat, with trailer. See, Exhibit 3.

8. WYMAN retitled these assets in the name of C D. WYMAN, INC six days later on October 31, 2003 and the boat on February 11, 2004. See, Exhibit 3.

9. CD WYMAN, INC. ceased to exist in 2007. See, Case No. 08-33171, STATEMENT OF FINANCIAL AFFAIRS, DE 12, PP 5 of 31, No. 13; 7 of 31; P 29 of 31, No. 18.

10. WYMAN transferred these assets to PICHLER on June 5, 2009. No consideration was paid by PICHLER. See, Exhibit 4.

11. WYMAN filed his Chapter 7 Petition May 24, 2012, **Case No 12-32264, DE 1.**

12. State Court Judgment Creditor BARBARA DUGGAN is a state court creditor, against whom the conveyances between WYMAN and PICHLER are void, as the holder of a state law claim based on a fully perfected state court Judgment.

13. DUGGAN incurred costs and attorney fees in the amount of $18,539.80 litigating her fraud claims, in 53rd District Court in Howell MI, against PICHLER and WYMAN.

## CONCLUSIONS OF LAW:

1. Insolvency is essentially a balance-sheet test. *Foreman Indus., Inc. v. Broadway Sand & Gravel (In re Foreman Indus., Inc.)*, 59 B.R. 145, 149 (Bankr.S.D.Ohio 1986); *MCL 566.32(1) and (2).*

2. From and after August 5. 2008, WYMAN was insolvent.

3. The Michigan Uniform Transfer Act, MUFTA, *MCL 566.31 (1)* provides:

(a) **"Affiliate"** means **1 or more of the following**:

   (iv) **A person who** operates the debtor's business under a lease or other agreement or **controls substantially all of the debtor's assets.**

(g) "Insider" includes all of the following:

   (i) If the debtor is an individual, all of the following:

   (iv) **An affiliate**, or an insider of an affiliate as if the affiliate were the debtor.

   (v) A managing agent of the debtor.

4. From and after June, 2007, PICHLER controlled substantially all the assets, earnings, revenues and income of WYMAN and was an "affiliate" and "insider" of WYMAN under the MUFTA.

5. A 'nominee' is a person or entity who holds legal title to property that in truth belongs to another who exercises control over and realizes the benefit of it." *Sumpter v. United States,* 302 F. Supp. 2d 707, 720 (E.D. Mich. 2004). Generally, nominee status is determined by the degree of control that a party exerts over the nominee and the subject property. *Id.* In order to establish that property is held by a nominee, Federal courts in Michigan consider six factors:

   (1) whether **inadequate or no consideration was paid** by the nominee;

   (2) whether the property was placed in the nominee's name **in anticipation of a lawsuit or other liability while the transferor remains in control of the property**;

   (3) whether there is a **close relationship** between the nominee and the transferor;

   (4) whether they **failed to record the conveyance**;

   (5) whether the **transferor retains possession**; and

   (6) whether the transferor continues to **enjoy the benefits of the transferred property**.

*Porta-John of America, Inc. v. United States,* 4 F. Supp. 2d 688, 700 (E.D. Mich. 1998); *see also Sumpter,* 302 F. Supp. 2d at 721; *United States v. DeTar,* No. 1:04-CV-749, 2009 WL 2252822, at *5 (W.D. Mich. July 28, 2009).

6. From and after June, 2007, PICHLER was WYMAN'S "nominee" controlling substantially all the assets, earnings, revenue and income of WYMAN.

7. A creditor may show "actual intent" with circumstantial evidence. *United States v. Leggett,* 292 F.2d 423, 426 (6th Cir. 1961) (**holding that it is not possible to look into a debtor's mind for the purpose of ascertaining intent**);*Bentley v. Caille,* 289 Mich. 74, 286 N.W. 163, 164 (1939) (**holding that "the only method of determining actual intent is by a consideration of the circumstances surrounding the transaction"**).

8. The MUFTA, *§ 566.34(2),* provides that "badges of fraud" evidencing actual intent to defraud creditors include:

> (a) **The transfer or obligation was to an insider.**
> (b) **The debtor retained possession or control of the property transferred after the transfer**.
> (c) **The transfer** or obligation **was** disclosed or **concealed.**
> (d) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.
> (e) **The transfer was of substantially all of the debtor's assets.**
> (f) The debtor absconded.
> (g) **The debtor** removed or **concealed assets**.
> (h) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.
> (i) **The debtor was insolvent** or became insolvent shortly after the transfer was made or the obligation was incurred.
> (j) The transfer occurred shortly before or shortly after a substantial debt was incurred.
> (k) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

9. *MCL 566.34(2)(a)* permits a creditor to use evidence that a transfer or obligation was made to an insider to support a claim that the transfer was made with the actual intent to hinder, delay, or defraud the creditor. The Michigan UFTA differs from other states' versions of the UFTA.... *MCL 566.34(2)* provides: "In determining actual intent . . ., consideration may be given ... to whether **1 or more** of the following occurred. . . ." *Estes v. Titus, 481 Mich 573, 751 NW 2d 493 (2008) at n6.*

10. From and after June, 2007, WYMAN transferred substantially all of his assets, revenue, earnings and income to his nominee/insider PICHLER to hinder, delay and defraud his creditors, including Plaintiff BARBARA DUGGAN.

11. A defrauded creditor may obtain a direct money Judgment against a fraudulent transferee for assisting the debtor's fraud. *MCL 566.38(2)(* **a direct money Judgment against a fraudulent transferee)** *Regan v. Carrigan, 194 Mich App 35 (1992) (Creditor may **recover directly against a fraudulent grantee, whether or not the grantee knowingly participated in the fraudulent transaction).***

12. Michigan adheres to the general rule that awards of costs or attorney fees are not allowed unless expressly authorized by an applicable statute, the court rules, or a recognized exception. One of the exceptions to this general rule exists when the party seeking to recover attorney fees, as damages, has been forced to expend money to litigate because of the wrongful acts of another. *Warren v. McLouth Steel Corp., 111 Mich App 496 (1981); 314 NW 2d 666 (1981); Bonner v. Chicago Title Ins. Co., 194 Mich App 462; 487 NW2d 807 (1992); Fleischer v Buccilli, 13 Mich App 135, 139; 163 NW2d 637, 639 (1968), Cagney v Wattles, 121 Mich 469, 473, 475; 80 NW 245 (1899), State Farm v Allen, supra 78-79, Birou v Thompson-Brown, supra. McCormick, Damages, § 55, p 246.*

13. TRUSTEE MICHAEL MASON asserts the avoidance rights of all creditors of Wyman to recover back property of WYMAN fraudulently transferred under *11 USC 544*, or, a money Judgment for the value thereof. *MCL 566.37(1)(c)(iii).*

14. TRUSTEE MICHAEL MASON has no standing to pursue separate and independent state tort claims of a creditor for damages suffered for aiding and abetting fraudulent transfer(s) to defraud the creditor. *5 Collier on Bankruptcy ¶ 544.01 (16th ed. 2011) (footnote omitted) (Section 544 "does not transform the trustee into a `super creditor.'").* See, e.g., *Hyundai Translead, Inc. v. Jackson Truck & Trailer Repair Inc., 419 B.R. 749, 761 (M.D. Tenn. 2009) ("**Bankruptcy courts have consistently held that neither § 544(b) nor § 550 authorizes a trustee to pursue conspiracy or `aiding and abetting' state law claims**.").*

15. State Court Creditor BARBARA DUGGAN, only, may assert and recover for her separate and distinct tort claim against PICHLER, WYMAN, and, the remaining transferees, for aiding and abetting WYMAN'S efforts to defraud her as a creditor.

## REQUEST FOR ENTRY OF JUDGMENT:

Plaintiffs request entry of Judgment against MICHELLE PICHLER, in the form

attached as Exhibit 5, as to Counts II and V of the Complaint for fraud as follows:

A. Awarding TRUSTEE MASON money damages in the amount of $105,209.27 representing the assets, funds, revenue and income fraudulently transferred by WYMAN to PICHLER, from 2007 through 2009, through the TCF bank account of C D WYMAN CONTRACTORS.

B. Awarding TRUSTEE MASON immediate possession of the following assets fraudulently transferred and now titled in the name of MICHELLE PICHLER:

    (i)  2000 Hudson trailer
    (ii) 1969 General Trailer
    (iii)1985 Sea Ray Boat, with trailer, more fully described in Exhibit 3.

C. Awarding State Court Creditor BARBARA DUGGAN $18,539.80 incurred to litigate against WYMAN and PICHLER in the 53rd District Court.

Respectfully Submitted,
**TINDALL LAW**

BY: /S/ MICHAEL E. TINDALL_
MICHAEL E. TINDALL  P29090
For the Firm
P,O, BOX 46564
**MOUNT CLEMENS, MI  480436**
**(248) 250-8819**
**(815) 572-5858 (FAX)**
**Direct Email: met@comcast.net**

Dated: 7/24/14