UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

CHRISTOPHER D. WYMAN
*Debtor(s),*

CASE NO. 12-32264
CHAPTER 7
HON: D. S. OPPERMAN

MICHAEL A. MASON, US
BANKRUPTCY TRUSTEE
And STATE COURT JUDGMNT
CREDITOR BARBARA DUGGAN

Plaintiffs

v.

ADVERSARY NO.12-03348

MICHELLE PICHLER, a/k/a MICHELLE GENTRY;
and, EDWARD LINCK
Defendants.

TINDALL LAW
Attorneys for Creditor B. DUGGAN
BY: MICHAEL E. TINDALL P29090
P.O, BOX 46564
MOUNT CLEMENS, MI 480436
(248) 250-8819
(815) 572-5858 (FAX)
Direct Email: met@comcast.net

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served upon counsel of record herein at their respective addresses on the record on ___9/14__, 2015

___ US MAIL  _X_ E-FILE/MAIL
___ FAX  ___ DELIVERY

_____
MICHAEL E. TINDALLL

## PLAINTIFFS' RESPONSE TO EX PARTE MOTION, DE 328
## AND
## OBJECTION TO DE 330 FOR LACK OF JURISDICTION

Two (2) matters arose from this Adversary Proceeding [Case No. 12-3348] in the District Court:

1. An appeal ("Appeal Case") of a Default Judgment: Case No. 14-cv-13451; and,
2. Withdrawal of reference in this case ("Reference Case"): Case No. 14-cv-13047

On August 3, 2015, the District Court dismissed the Appeal Case expressly ruling the Default Judgment appealed from is not a **final judgment**.[1] This left the Reference Case remaining.

---

[1] As set forth in Plaintiff's response to Pichler's new counsel's last ex parte motion, DE 322, dismissal of *the Appeal Case* does not give this Court jurisdiction over Pichler's FRCP 60(d)(3) motion. Rule 60 only applies to Final Judgments. 11 USC 105 is equally inapplicable. *Law v. Siegel*, 571 US __, 134 S. Ct.

TINDALL LAW

On September 9, 2015, this Court properly rescheduled a noticed telephonic status conference in this case *because it had not yet reacquired jurisdiction over the matter from the District Court*. After the usual childish tantrums, DE 324 and DE 325, Pichler's new counsel filed DE 328 seeking an ex parte order this Court also has no jurisdiction to issue, for the same reasons. Thereafter, on September 11, 2015, this Court issued DE 329 and 330 scheduling a "hearing" on Pichler's new counsel's Objection(s). This Court lacks jurisdiction to conduct this hearing as well.

The general rule is that "**only one tribunal handles a case at a time**." *Apostol v. Gallion*, 870 *F.2d 1335*, 1337 (7th Cir. 1989). As set forth below, BOTH this Court and, Pichler's new counsel have recognized that principle throughout the entire tenure of the District Court's involvement in this case. As set forth below, Pichler's counsel admitted this very point - in **THIS COURT** - in DE 337 only four (4) days ago. Until this Court reacquires jurisdiction from the District Court, the only thing it has jurisdiction to do is to *implement* or *enforce* the Default Judgment. *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 289, 299 n.2 (5th Cir. 1984).

On August 3, 2015, the District Court issued its separate order *in the Reference Case* remanding *the Reference Case* back to this Court, **as BOTH this Court and Pichler's new counsel had – repeatedly – specifically requested**:

> "Based on the Bankruptcy Court's R&R, *as to the non-core proceedings before this Court*, the Bankruptcy Court's recommendation is adopted that Plaintiff be allowed 21 days to amend their Complaint on the issues raised in the R&R only and that Defendant be allowed 21 days thereafter to file an amended Answer. The parties may then conduct limited discovery for an additional 60 days under the supervision of the Bankruptcy Court. DE 16, P6
> ********************
> "IT IS ORDERED that the Report and Recommendation filed by the Bankruptcy

---

1188,1195,188 L. Ed. 2d 146 (2014)(We have long held that "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of" the Bankruptcy Code.) ("A bankruptcy court has statutory authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a).... But in exercising those statutory and inherent powers, a bankruptcy court may not contravene specific statutory provisions.... It is hornbook law that § 105(a) "does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code." 2 Collier on Bankruptcy ¶ 105.01[2], p. 105-6 (16th ed. 2013). Section 105(a) confers authority to "carry out" the provisions of the Code, but it is quite impossible to do that by taking action that the Code prohibits. That is simply an application of the axiom that a statute's general permission to take actions of a certain type must yield to a specific prohibition found elsewhere).

Court **(Doc. No. 14) is ADOPTED IN PART**, as more fully set forth above." DE 16 P7

*IMMEDIATELY* [8/3/2015, 10:55:36] after issuance of DE 16 by the District Court, this Court scheduled a status conference in the Reference Case for September 9, 2015, before the requisite 14 days expired for the District Court Order to become final. On August 12, 2015, Plaintiffs filed their timely motion for rehearing and reconsideration in the District Court. By the morning of September 9, no decision on that motion had issued from the District Court, and, the remand back to this Court has yet to become effective. In short, this Court has NOT reacquired jurisdiction from the District Court.

From the inception of *the Reference Case*, **BOTH** this Court and Pichler's new counsel took the identical position; *that the Default Judgment against Pichler on Count I [core claim] was related to and impacted Counts II and V [non- core claims]*, as demonstrated by the respective filings identified below. Each filing repeatedly stated this Court could not act on these allegations, unless and until *the Reference Case* was remanded back from District Court.

## BANKUPTCY COURT:

On November 17, 2014, this Court issued its R&R to the District Court *in the Reference Case [not the appeal]*, DE 308, devoting six (6) pages, 1-6, to the Default Judgment and Pichler's allegations regarding the core [Count 1] claim. This Court stated:

> "On October 16, 2014, United States Federal District Court Judge Hood directed this Court to **submit a Report and Recommendation by November 18, 2014.** After careful review of the pleadings and evidence in this matter, this Court submits the following Report and Recommendation." P1.
>
> "Moreover, the Court **would conduct a further inquiry, if allowed…** " P5
>
> Until **further investigation and presentation of proofs is allowed…** " P6
>
> Second, **the Court reports and recommends to the District Court that further inquiry and investigation be made …**" P6.
>
> Thereafter, on May 19, 2015, in the words of Pichler's new counsel:
>
> "On May 29, 2015, the Bankruptcy Court indicated it "would grant the Defendant's Motion To Set Aside Default Judgment pursuant to Rule 60(b)(4) and/or (d)(3), <u>if the United States District Court</u> for the Eastern

District of Michigan, where the appeal is pending, <u>remands this case to this Court for that purpose.</u>" DE 19, n1.

Reference to DE 316 reveals Pichler's new counsel **CAN** quote accurately when it suits his purpose. DE 316, filed by this Court, expressly references the above discussion from the R&R in the Reference Case, at P5, and *requests remand from the District Court*.

**PICHLER:**

On October 20, 2014, Pichler's new counsel filed his Motion for Reconsideration, DE 7, *in the Reference Case* stating:

> "By failing to take into account Ms. Pichler's well-founded allegations of fraud on the bankruptcy Court, this Court [District Court] erroneously entered an order withdrawing the reference and **<u>depriving the Bankruptcy Court of jurisdiction to conduct an evidentiary hearing on Ms. Pichler's motion to set aside the "fraudulently begotten judgment</u>**.... As a result of the Order, this Court [District Court] **<u>deprived the bankruptcy court of jurisdiction to consider Ms. Pichler's well-founded allegations of fraud on the bankruptcy court</u>**". DE 7, P 9, No. 9.
>
> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
>
> "This Court possesses the authority and could have – and should have – ordered **<u>remand to the bankruptcy court for consideration of Ms. Pichler's motion.</u>**" DE 7, P 10, No. 9
>
> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
>
> "...the proper procedure is for this Court [District Court] to **first allow the bankruptcy court to address Ms. Pichler's claim for fraud on the court (including conducting an evidentiary hearing)** <u>before issuing its report and recommendation</u>..." DE 7, PP 10-11, No. 10.

On October 30 and 31, 2014, Pichler's new counsel filed PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW in this Court, DE 305, and, *in the Reference Case,* DE 9-2, wherein he proposed that his factual allegations and legal conclusions regarding his "*fraud on the court*" claims, on core Count I, be adopted by the District Court *in the Reference Case* with regard to non-core claims in Counts II and V, because they were connected. See, Exhibit 1.

On December 15, 2014 Pichler's new counsel filed DE 12 in the District Court Reference Case expressly seeking the following relief:

> "**Relief Requested**
>
> Defendant MICHELLE PICHLER requests that this Court:

> **REMAND this matter to the Bankruptcy Court to consider the issue of fraud on the court and the appropriateness of the default and default judgment;"**

On August 19, 2015, Pichler's new counsel responded to the Motion for Reconsideration in the District Court, DE 19, arguing – once again - the core and noncore claims were connected:

> "Plaintiffs and their attorney went so far as to fraudulently induce the Bankruptcy Court to enter the <u>underlying default</u> against Ms. Pichler <u>on the withdrawn claims</u>, in addition to a default judgment against Ms. Pichler on the core claims." DE 19, P1
>
> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
>
> "This matter is before this Court in its present posture because Plaintiffs and their counsel <u>fraudulently induced the Bankruptcy Judge to enter a default</u> and a <u>default judgment</u> against Defendant Michelle Pichler on July 15, 2014." DE 19, P1
>
> \*\*\*\*\*\*\*\*\*\*\*\*
>
> "Based on these false documents, the Bankruptcy Judge entered <u>a default on the noncore claims</u> and a <u>default judgment on the core claims</u> against Ms. Pichler on July 15, 2014." DE 19, P2
>
> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
>
> "As this Court recognized in its order, the Bankruptcy Court's decision on the <u>validity of the underlying default</u> "may affect the outcome of the non-core proceedings before this Court." *Id.* <u>If the Bankruptcy Court vacates the underlying default, this Court will have to try the noncore claims</u> unless the Bankruptcy Court recommends dismissal of the noncore claims with prejudice to remedy the fraud on the court." DE 19, P6
>
> \*\*\*\*\*\*\*\*\*\*\*"
>
> "Instead, this Court <u>is delaying entry of a default judgment on the withdrawn noncore claims</u> so that the court <u>that entered the default on them</u> can address its "serious concern" over the entry of the default." P7
>
> \*\*\*\*\*\*\*\*\*\*
>
> "Again, <u>if the Bankruptcy Court vacates the default on the with-drawn noncore claims</u>, no grounds exist for this Court to <u>enter a default judgment on the withdrawn noncore claims</u>" DE 19, P7

On September 10, 2015, Pichler's new counsel filed DE 327 in this Court, wherein he stated:

> "It appears that the District Court was under the mistaken belief <u>that this Court could set aside the "default" on the withdrawn claims without a referral back from the District Court.</u> In her response to Plaintiff's argument that remand was unnecessary, Ms. Pichler reminded the District Court that <u>this Court could not take any action related to the withdrawn claims without a referral back.</u>"

Suddenly, Pichler's new counsel completely reversed the position he and this Court have repeatedly asserted throughout the tenure of this matter, claimed the claims were NOT connected, and now invites this Court to join him; solely to satisfy his juvenile impatience.

For the reasons stated, this Court lacks jurisdiction to do anything in this case – except enforce the Judgment – until remand is complete and jurisdiction is reacquired from the District Court. This includes any status conference, as well as the September 22, 2015 hearing on Pichler's Objection. It is difficult, in any event, to understand what such a hearing is intended to accomplish, because the very Objection the September 22, 2015 hearing is scheduled to consider is already moot. Nothing valid or binding can possibly result from a hearing this Court has no jurisdiction to conduct; or, on a matter that is already moot; and, attempting to do so is a waste of judicial resources. The September 22, 2015 hearing should be dismissed and a status conference rescheduled for after jurisdiction is reacquired by this Court from the District Court.

Respectfully Submitted,
TINDALL LAW

BY: /.S/ MICHAEL E. TINDALL
MICHAEL E. TINDALL  P29090
For the Firm
P,O, BOX 46564
MOUNT CLEMENS, MI  480436
(248) 250-8819
Direct Email: met@comcast.net

Dated: 9/14/15