UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

| | |
|---|---|
| CHRISTOPHER D. WYMAN,<br>Debtor. | Case No. 12-32264-dof<br>Chapter 7 Proceeding<br>Hon. Daniel S. Opperman |

_____/

MICHAEL A. MASON and
BARBARA DUGGAN,
    Plaintiffs,

v.                                                           Adversary Proceeding
                                                          Case No. 12-3348-dof

MICHELLE PICHLER,
    Defendant.

_____/

OPINION REGARDING PLAINTIFFS' FRCP 9(b) MOTION TO STRIKE NON-COMPLIANT
PORTIONS OF DE 296 AND MOTION TO DISQUALIFY THE HON. DANIEL S.
OPPERMAN

Introduction

       The Plaintiffs seek to strike pleadings of the Defendant requesting this Court to set aside a Default Judgment entered in favor of the Plaintiffs and against the Defendant. The Plaintiffs also seek to have this Judge disqualify himself from hearing the Defendant's Motion. At oral argument, the time frame and facts that support the Defendant's Motion were narrowed to late June 2014 to July 15, 2014, with a focus on documents produced or not produced by the Defendant. For the reasons stated in this Opinion, the Court partially grants the Plaintiffs' Motion to Strike and denies the Motion to Disqualify.

1

## Findings of Fact

The Court for sake of brevity incorporates its statement of facts from previous opinions and report. To prepare for trial, the Plaintiffs requested documents from the Defendant and the Defendant did not timely produce those documents to the Plaintiffs' satisfaction. The Plaintiffs then requested that this Court order production of certain documents. Although there are disagreements about the scope of the Court's Order in this regard, the Court entered an Order on July 7, 2014, which stated:

> NOW THEREFORE IT IS ORDERED that Defendant Pichler shall produce all bank records described in Plaintiffs' trial subpoena no later than 5:00 PM, July 14, 2014.
>
> IT IS FURTHER ORDERED that should Defendant Pichler fail to produce all bank records by July 14, 102 [sic] at 5:00 PM, Counsel for Plaintiffs shall submit an Affidavit to that effect together with a DEFAULT JUDGMENT for entry by the Court.

On July 14, 2014, at 2:40 p.m., former counsel for the Defendant filed a Certificate of Service that stated:

> I hereby certify that I served *bank records Plaintiff's counsel subpoenaed for trial* and this *Certificate of Service*, via email upon:
>
> Michael E. Tindall (met@comcast.net)
> P.O. Box 46564
> Mount Clemens, MI 48046

Defendant tried to personally serve Plaintiff's counsel with the documents; however, he indicated that he was in and out of the office. Thus they were emailed. [1]

---

[1] At the January 11, 2017 hearing, Plaintiffs' counsel indicated he was out of the office and in depositions that day, leaving the implication that there was an agreement that this delivery was acceptable.

That same day, at 5:00 p.m., Plaintiffs' counsel filed an Affidavit stating in pertinent part:

> 5. On July 14, 2014, at approximately 1PM, while absent from the office, the undersigned received – by email transmission – various documents from Attorney Brauer, despite the fact that he no longer represents Pichler and has not represented her for 3 days. See, Exhibit 5.
>
> 6. Upon return to the office, the undersigned examined the documents transmitted. The documents transmitted DO NOT comply with the order of this Court, or, with Plaintiff's subpoena in the following material respects:
>
>     A. The documents transmitted contain bank statements from FNBH in the name of JOHN PICHLER for the years 2011, 2012 and 2013.
>
>         1. This account is obviously a required "deposit" account for purposes of paying someone's mortgage to OCWEN PPD, as there is little or no other activity in the account in any month.
>
>         2. There is only 1 statement, 12/31/2011 for 2011.
>
>         3. The months of March, June, August and November are missing for the year 2012.
>
>         4. The months of May, August and November are missing for the year 2013.
>
>     B. The documents transmitted DO NOT include Ms. Pichler's personal checking account or her personal savings account, both of which she testified did exist, AND, from which she made deposits/web transfers to the CD WYMAN CONTRACTOR ACCOUNT, used to receive and further transfer moneys belonging to Debtor Wyman. See, Exhibit 4. According to the CD WYMAN CONTRACTOR statements provided today, the account numbers of the originating accounts were 8883524287, and, 6883372707.
>
>     C. Based on the statements of CD WYMAN CONTRACTORS provided, the amounts fraudulently transferred from Wyman to Pichler throught [sic] the years 2007 through 2012 is $105,209.27.
>
> 7. Neither Defendant Pichler, nor attorney Brauer, have complied with the subpoena or the Order of this Court and Plaintiffs respectfully request the entry of the DEFAULT JUDGMENT attached as Exhibit 6.

This Affidavit was later amended at 6:47 p.m. and subsequently supplemented on July 15,

3

2014, at 3:43 p.m. to state:

> On July 15, 2014, See Attached, a package from Michelle Pichler was received. Upon examination, the materials contained therein DO NOT comply with this Court's Order, DE 214, in the following material respects:
>
> 1. No cancelled checks are included for any account. The TCF account for cd [sic] WYMAN CONTRACTOR has images of the front of some checks, but nothing as to the back. It is impossible to determine who, when, where the check was endorsed, or, what account and bank any check was deposited to.
>
> 2. No cancelled checks, or images, are included for ANY other account.
>
> 3. Random months are missing for each account included.

The Court signed the now contested Default Judgment on July 15, 2014, and the Clerk entered that Default Judgment the next day.

The Defendant has attached exhibits to her pleadings that show she gave a package to the United States Postal Service on July 14, 2014, which the United States Postal Service accepted at 1:49 p.m. that day at its Mount Clemens, Michigan office, where Plaintiffs' counsel has his post office box, the only physical address Plaintiffs' counsel has disclosed to parties or the Court. This parcel was not claimed and was returned to the Defendant on August 8, 2014. A photograph of the box suggests it was not opened, but was addressed to Plaintiffs' counsel.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

Applicable Law

Federal Rule of Civil Procedure 9(b), made applicable by B.R. 7009, states:

   (b) Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

28 U.S.C. § 455 states:

     (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

     (b) He shall also disqualify himself in the following circumstances:

       (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

. . .

       (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy.

Analysis

I.    Plaintiffs' Motion to Strike

The Plaintiffs argue the Motions, as amended, by the Defendant should be stricken because the elements of fraud were not plead sufficiently. While it is true that the Defendant's pleadings did cover a wide area, the subsequent pleadings and arguments of counsel pinpoint the time, date, identity of the actions, and the statements made. As observed by Plaintiffs' counsel at oral argument, the issues are now narrowed and all parties are aware of what is contested.

In particular, the Court will focus on the events of July 14 and 15, 2014. The major point of contention may very well be the contrast of Plaintiffs' counsel's supplemental exhibit of July 15, 2014, where he stated he examined a package sent by the Defendant. The Defendant, on the other hand, claims this package was return and is unopened.

II.   Motion to Disqualify

The Plaintiffs argue that I must be a material witness because I am the only one who knew exactly what I relied on when the July 15, 2014, Default Judgment was signed. I do not find this argument persuasive.

First, if the Plaintiffs' argument is accepted, every motion to set aside an order or judgment would require a different judge to preside over that hearing to hear testimony from a fellow judge regarding entry of that order. As stated by the Seventh Circuit Court of Appeals:

> "[F]acts learned by a judge in his judicial capacity cannot be the basis for disqualification" under § 455(b)(1). "Were it otherwise, no judge could rule on post-trial motions claiming error in the conduct of the trial." *United States v. Widgery*, 778 F.2d 325, 328 (7th Cir. 1985).

*Arrowood Indem. Co. v. City of Warren*, 54 F. Supp.3d 723, 727 (E.D. Mich. 2014). That is not the case because the facts any judge relies on in such motions are part of the public record learned in a judicial capacity. Here, Plaintiffs' counsel filed three pleadings attesting to the Defendant's failure to produce the documents, and I signed the submitted order the same day, which was done after the last pleading was filed, and all as part of the record in this case and learned in my judicial capacity. If the facts in the Plaintiffs' pleadings are incorrect, as argued by the Defendant, the facts are outside my knowledge in that the evidence comes from the Defendant, the United States Postal Service, the exhibits, and perhaps others.

Second, the Plaintiffs' arguments do not fit within the applicable authorities. I have no personal knowledge of disputed evidentiary facts, that is what did the Defendant do to deliver the documents to Plaintiffs' counsel or what Plaintiffs' counsel did. Instead, everything I know about this case has been gathered from my role as a judge and is therefore not grounds for disqualification. *See Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 447-48 (2nd Cir. 2005); *Arrowood Indemn. Co. v. City of Warren, Mich.*, 54 F. Supp. 3d 723 (E.D. Mich. 2014). Also, while it is true I have

expressed opinions while serving in governmental employment, I have done so as a Judge. Again, if accepted, the Plaintiffs' argument would only allow a judge to express one opinion in a case, and then recuse to another judge.

Third, my knowledge is limited to the record and is not for any material issue. Here, the cause and effect relationship between the three pleadings of Plaintiffs' counsel and the signing of the Default Judgment is clear. There can be no serious dispute that the Default Judgment was signed as a result of the pleadings filed by Plaintiffs' counsel. This issue is not in dispute; what is in dispute is the accuracy of those pleadings, which contain facts known only by Plaintiffs' counsel, Defendant, or possibly Defendants' counsel. For these reasons, the Plaintiffs' Motion to Disqualify is denied.

Defendant's counsel is directed to prepare an order consistent with this Opinion and the presentment of order procedures of this Court.

**Not for Publication**

```
Signed on February 16, 2017
```

                                                    **/s/ Daniel S. Opperman**
                                                    **Daniel S. Opperman**
                                                    **United States Bankruptcy Judge**