UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

CHRISTOPHER D. WYMAN,                    Case No. 12-32264-dof
          Debtor.                        Chapter 7 Proceeding
                                         Hon. Daniel S. Opperman

_____/
MICHAEL A. MASON and
BARBARA DUGGAN,
          Plaintiffs,

v.                                       Adversary Proceeding
                                         Case No. 12-3348-dof

MICHELLE PICHLER,
          Defendant.
_____/

OPINION DENYING PLAINTIFFS' MOTION TO VACATE/SET ASIDE COURT'S
FEBRUARY 16, 2017 OPINION AND FEBRUARY 28, 2017 CORRESPONDING ORDER
REGARDING PLAINTIFFS' MOTION TO STRIKE AND MOTION TO DISQUALIFY

Findings of Fact

After oral argument on January 11, 2017, the Court entered its Opinion on February 16,

2017 partially granting the Plaintiffs' Motion to Strike and denied the Motion to Disqualify.

After Notice of Presentment, the Court entered the corresponding Order on February 28, 2017.

The facts underlying the Court's February 2017 Opinion and Order are summarized in that

Opinion, and will not be repeated here.

On May 26, 2017, Plaintiffs filed a Motion To Vacate/Set Aside the February 2017

Opinion and Order pursuant to Federal Rule of Civil Procedure 54(b),[1] asserting that this Court

_____

[1] Made applicable to this bankruptcy proceeding by Federal Rule of Bankruptcy
Procedure 7054.

1

engaged in ex-parte communications with counsel for the Defendant in another adversary proceeding, which Plaintiffs characterize as related to this one. That adversary proceeding, filed as Adversary Proceeding No. 15-3038, is filed in the bankruptcy case of Diana Gentry, Bankruptcy Case No. 09-36472, and involves a removed state probate court action to surcharge a former trustee brought by Debtor and some of her siblings, as children of the deceased. Counsel for the successor Trustee in that adversary proceeding was Judy Calton, and Plaintiffs in the instant Motion assert that: "New evidence presented clearly evidences the admission that ex parte communication between this Court and Ms. Calton occurred, and, that the subject matter of those communications was the same as raised between Mr. Toll and Ms. Calton." Mr. Toll represents the Defendant in the instant adversary proceeding, Michelle Pichler.

Specifically, Plaintiffs assert the following, attaching as an exhibit to the instant Motion the billing records of Ms. Calton:

> 4. On or about May 10, 2017, in proceedings pending in Livingston County Probate Court in the matter of In re Banfield Trusts [Plaintiffs'] counsel received certain materials related to CASE NO. 15-3038 presided over by this Court:
>
> * * * *
>
> E. Nevertheless, the materials received May 10, 2017, Ms. Carlton's [sic] billing records, See, Exhibit 1, reveal eleven (11) or more communications between Ms. Carlton [sic] and Mr. Toll, throughout the one (1) year period April 2015 through April 2016.
>
> F. The same billing materials reveal two (2) ex parte communications between Ms. Carlton and this Court regarding matters raised by Mr. Toll.
>
> > 1. 12/1/15: regarding mooting a pending hearing;
> >
> > 2. 1/14/16: regarding the timing of the above described Michigan Court of Appeals decision resulting in the determination that Ms. Carlton's [sic] client, SCHALLER, was NOT a "Successor Independent Trustee" of the trusts.

2

G. According to Ms. Carlton [sic], these ex parte communications between herself and the Court were preceded by three (3) communications to/from Mr. Toll on the same subjects.

    1. 10/22/15: delay re issuing opinion

    2. 12/20/15: multiple emails re appeal

    3. 12/21/15: multiple emails re holding hearing

5. Ms. Carlton's [sic] billings also reflect five (5) or more communications between Ms. Carlton [sic] and the staff of this Court on 4/29/15, 7/31/15, 9/28/15, 10/21/15, and 1/28/16.

6. None of the communications between Ms. Carlton [sic] and this Court or its staff were disclosed to counsel. These records constitute new evidence under FRCP 54(b) and are grounds to vacate DE 373 and 377.

See Plaintiffs' Motion, pp. 3-4. Plaintiffs argue that had their counsel " been aware" of these time entries, counsel would have utilized such in argument connected with the previous Motion To Disqualify filed on November 30, 2016, and which should result in a different conclusion than ultimately made by this Court in its February 2017 Opinion and Order, concluding that recusal was not warranted pursuant to 28 U.S.C. 455.

Defendant Michelle Pichler responds that any communications were in an unrelated adversary proceeding. Defendant Pichler further argues that even if that adversary proceeding could be considered related, the communications complained of by Plaintiffs were regarding procedural and administrative matters, which are matters insufficient to justify recusal.

Independently, I have reviewed the Court calendar to confirm the circumstances of Ms. Calton's entries of December 1, 2015 and January 14, 2016, which reference a conference with me. On December 1, 2015, I attended a seminar sponsored by the Bankruptcy Court for the

3

Eastern District of Michigan, and on January 13, 2016,[2] I attended a seminar sponsored by both the Bankruptcy Court and the Debtor/Creditor Rights Committee of the Business Law Section of the State Bar of Michigan. Both seminars regarded changes to the national and local bankruptcy rules and I spoke to over 100 attorneys, including Ms. Calton, who was a member of the organizing committee and a moderator for the second seminar. Other than a possible passing word with her, I have no recollection of specific conversations with her.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## Applicable Law

Rule 54(b)

Federal Rule of Civil Procedure 54(b), incorporated by Federal Rule of Bankruptcy Procedure 7054, provides a means for a court to reconsider interlocutory orders. Rule 54(b) states:

> (b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

> In the case of *Rodriquez v. Tenn. Laborers Health & Welfare Fund*, 89 F. Appx. 949 (6th

---

[2] This seminar took place on January 13, 2016, not January 14, 2016, as stated in Ms. Calton's time records. I was out of state on a vacation with my wife immediately after the conference and would not have talked to Ms. Calton after the conference in January 2016.

Cir. 2004), the Sixth Circuit Court of Appeals, held that the authority to reconsider interlocutory orders exits both under common law and Rule 54(b) "'to afford such relief from [interlocutory orders as justice requires.'" *Id*. at 959 (quoting *Citibank (South Dakota), N.A. v. FDIC*, 857 F. Supp. 976, 981 (D.D.C. 1994)).  The *Rodriquez* Court also cautioned that "a movant has no right to reconsideration of an interlocutory order simply because the movant makes the motion in good faith."  *Id*. at n.6.

Relief from a Judgment or Order Under Rule 60(b)(2)

Federal Rule of Civil Procedure 60 is incorporated by Federal Rule of Bankruptcy Procedure 9024.  Rule 60(b)(2) allows for relief based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."

"To constitute 'newly discovered evidence,' the evidence must have been previously unavailable."  *GenCorp, Inc. v. American International Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

> In order to prevail on a Rule 60(b)(2) motion, a movant must demonstrate (1) that it exercised due diligence in obtaining the information and (2) [that] the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment.  In other words, the evidence cannot be merely impeaching or cumulative.

*Good v. Ohio Edison Co.,* 149 F.3d 413, 423 (6th Cir. 1998) (internal quotation marks and citations omitted).

Analysis and Conclusion

The Court first notes that Plaintiffs only cite Rule 54(b) in support of their instant Motion, and offer no substantive authority to set aside the February 2017 Opinion and Order. The Court first concludes justice requires it has the authority reconsider this interlocutory Opinion and Order.  However, authority to reconsider does not mean reconsideration is appropriate.

Plaintiffs do not cite Rule 60(b) or any other authority for setting aside the February 2017

Opinion and Order. The Court concludes that analysis under Rule 60(b)(2) most closely aligns

with Plaintiffs' arguments. The communications complained of by Plaintiffs may be "newly

discovered evidence," in the literal sense, but the communications at issue are neither "material"

or "controlling," which would produce a different result if presented prior to the February 2017

Opinion and Order.

The Court based its conclusion not to disqualify itself in the February 2017 Opinion and

Order on the findings that it had "no personal knowledge of disputed evidentiary facts."

(February 16, 2017 Opinion, p. 6). The Court further concluded that its knowledge was "limited

to the record and . . . not for any material issue." (February 16, 2017 Opinion, p. 7). The alleged

new grounds for recusal asserted by Plaintiffs consist of communications made from counsel in

another adversary proceeding, Ms. Calton, to: (1) counsel for Defendant, Mr. Toll, in this

adversary proceeding; (2) the Court; and (3) the Court's staff. First, this Court finds no

relationship between Adversary Proceeding 15-3038, and the instant adversary proceeding.

Adversary Proceeding 15-3038, now closed, involved a removed state probate court action to

surcharge a former trustee brought by Debtor and some of her siblings, as children of the

deceased. In contrast, the instant adversary proceeding involves an action brought by the

Chapter 7 Trustee and a state court judgment creditor against Defendant Pichler under

preference, fraudulent transfer and turnover theories. The Court does not consider these

adversary proceedings related, except for the same counsel representing the plaintiffs in both

cases.

Even if these adversary proceedings were related, the communications described by

Plaintiffs are not newly discovered evidence, because such are not "material" or "controlling."

On the contrary, the court communications appear to involve case updates, or procedural

communications as to status and timing. As to communications as between Ms. Calton and Mr. Toll, such would not be material or controlling as to whether this Court's decision not to recuse was appropriate because such involved communications between private counsel.

For these reasons, the Court concludes that while Rule 54(b) gives this Court the authority to reconsider the February 2017 Opinion and Order, there is no basis to set such aside under the only applicable authority, Rule 60(b)(2). The Court will prepare an appropriate order.

**Not for Publication**

**Signed on September 07, 2017**

/s/ Daniel S. Opperman
**Daniel S. Opperman**
**United States Bankruptcy Judge**