UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

    CHRISTOPHER D. WYMAN
        _Debtor(s)_,

CASE NO. 12-32264
CHAPTER 7
HON: D. S. OPPERMAN

_____\

MICHAEL A. MASON, US
BANKRUPTCY TRUSTEE
And STATE COURT JUDGMNT
CREDITOR BARBARA DUGGAN

        Plaintiffs

ADVERSARY NO.12-03348

v.

MICHELLE PICHLER, a/k/a MICHELLE GENTRY;
and, EDWARD LINCK

        Defendants.

_____\

## OBJECTION TO PROPOSED ORDER RE MICHELLE PICHLER'S MOTION TO SET ASIDE DEFAULT JUDGMENT, DE 405-1

Now comes BARBARA DUGGAN and for her Objection to the Proposed Order submitted by counsel for Pichler on October 16, 2017, DE 405-1 states:

1. I hold a Judgment against Christopher Wyman in the amount of $28,399.53 plus statutory interest plus taxable costs and attorney fees. That Judgment is secured by a perfected Judgment Lien against the real property commonly known as 1011 Jones Rd., Howell MI. Therefore, I have an interest in that Default Judgment entered against Pichler on July 16, 2014. All of this is set forth in Claim No. 1 filed November 25, 2014 in this Court.

2. On October 11, 2017, this court conducted a "STATUS CONFERENCE" in this case. See, Exhibit 1. NO notice of any other action or proceeding was given. This Court was informed that the undersigned had not received notice and would not be present. See, Exhibit 2.

3. Despite the lack of notice of any action or proceeding other than a "STATUS CONFERENCE", this Court conducted a lengthy dialogue on the record on October 11, 2017 during which the Court inspected a box produced by Attorney Toll. See, Audio, 10/11/17, DE 401. No "evidence" was presented, no objection(s) were permitted, and, no response or presentation was made on my behalf or that of my co-plaintiff, the Trustee.

4. Cases require a party seeking to show fraud on the court to present clear and convincing evidence of the following elements: "1) [conduct] on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court." *Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010); (quoting *Carter v. Anderson*, 585 F.3d 1007, 1011-12 (6th Cir. 2009); *General Medicine, PC v. Horizon/CMS Health Care Corp.*, 2012 U.S. App. LEXIS 7186 (6th Cir. April 10, 2012). None of this has been presented and no opportunity has been afforded to either Plaintiff, or, the accused attorney to rebut Pichler's contention.

5. This Court also ignored the existing evidence, already on record, definitively contradicting the Court's statements and conclusions, and, establishing that Pichler's allegations of "fraud on the court" are plainly false. These include, but are in no way limited to:

    A. That Ms. Pichler delivered her box to the US post office at approximately 3:45PM July 14, 2014.
    B. That the package was not [and could not be] made available to counsel until July 15, 2014.
    C. That the package was mailed through US Mail and was not delivered or made available to counsel until July 15, 2014, DE 226, P3.
    D. That Ms. Pichler was told, by the post office, that the package could not be delivered until July 15, 2014.
    E. That the allegedly fraudulent Affidavits, DE 224 and 225 were filed July 14, 2014 before the Pichler package was even delivered.

F. Therefore, nothing about the package is in any way relevant to DE 224 and 225.

6. This Court then instructed Mr. Toll to prepare and present findings of fact and conclusions of law regarding the entry of the Default Judgment without any proofs whatsoever.

7. As a party to this proceeding and a creditor with a lien/interest in the real property and the Default Judgment, I am entitled to notice of any action by this Court; an evidentiary hearing where Pichler must meet the "clear and convincing" standard by presenting admissible evidence; the opportunity to be heard as to the validity/admissibility of Pichler's proposed evidence; the opportunity to cross examine Pichler and any other witnesses Pichler may present; and, the opportunity to present evidence opposing/rebutting Pichler's evidence and supporting the entry of the Default Judgment.

For the reasons stated, DE 405-1 must be rejected, and, an evidentiary hearing must be conducted.

BARBARA DUGGAN

Dated: 10/23/17

MET
_____

**From:** mieb_ecfadmin@mieb.uscourts.gov
**Sent:** Tuesday, September 26, 2017 3:41 PM
**To:** mieb_ecfadmin@mieb.uscourts.gov
**Subject:** 12-32264-dof "Notice of Hearing (BK)" Ch 7

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.

## U.S. Bankruptcy Court

### Eastern District of Michigan

Notice of Electronic Filing

The following transaction was received from JAM entered on 9/26/2017 at 3:40 PM EDT and filed on 9/26/2017

**Case Name:** Christopher D Wyman
**Case Number:** 12-32264-dof
**Document Number:** 170

**Docket Text:**
Notice of Status Conference. PARTIES MUST APPEAR IN PERSON - Status Conference to be held on 10/11/2017 at 02:00 PM at Courtroom, Flint, 226 West Second St.. (JAM)

The following document(s) are associated with this transaction:

**12-32264-dof Notice will be electronically mailed to:**

Rodney M. Glusac on behalf of Trustee Michael A Mason
rodg@brgpc.com

Michael J. Olson on behalf of Creditor Edward Linck
molson@mtolaw.com

Dennis L. Perkins on behalf of Debtor Christopher D Wyman
bkperk@sbcglobal.net

Dennis L. Perkins on behalf of Debtor Christopher D Wyman
bkperk@sbcglobal.net

Dennis L. Perkins on behalf of Defendant Christopher D Wyman



UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

CHRISTOPHER D. WYMAN
    *Debtor(s),*

CASE NO. 12-32264
CHAPTER 7
HON: D. S. OPPERMAN

---

MICHAEL A. MASON, US
BANKRUPTCY TRUSTEE
And STATE COURT JUDGMNT
CREDITOR BARBARA DUGGAN

    Plaintiffs

ADVERSARY NO.12-03348

v.

MICHELLE PICHLER, a/k/a MICHELLE GENTRY;
and, EDWARD LINCK

    Defendants.

---

TINDALL LAW
Attorneys for TRUSTEE MASON
And Creditor B. DUGGAN
BY: MICHAEL E. TINDALL P29090
P.O. BOX 46564
MOUNT CLEMENS, MI 480436
(248) 250-8819
(815) 572-5858 (FAX)
Direct Email: met@comcast.net

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served upon counsel of record herein at their respective addresses on the record on _10/21_, 2017

___ US MAIL  _X_ E-FILE/MAIL
___ FAX  ___ DELIVERY

_____
MICHAEL E. TINDALL

---

## NOTICE TO COURT RE STATUS CONFERENCE OF NOVEMBER 11, 2017

The Court has scheduled a status conference for November 11, 2017 at 2PM requiring the appearance of parties. Despite multiple attempts, by email and certified mail, the undersigned has been unable to contact Ms. Barbara Duggan to inform her to appear. At last contact, in early September, she had been and was again leaving town to

care for her seriously ill mother. I can only presume she is still doing so, as she has never failed to respond to contact attempts in the five (5) year history of these matters.

Once contacted, Ms. Duggan will require a minimum of sixty (60) days to locate and retain new counsel to represent her in these seven (7) related matters. My own best estimate is that, once retained, new counsel will require a minimum of ninety (90) days thereafter to become familiar with and continue these matters.

Respectfully Submitted
TINDALL LAW

BY: /.S/ MICHAEL E. TINDALL
MICHAEL E. TINDALL P29090
For the Firm
P.O. BOX 46564
MOUNT CLEMENS, MI 480436
(248) 250-8819
(815) 572-5858 (FAX)
Direct Email: met@comcast.net

Dated: 10/11/17

ATTORNEYS AND COUNSELLORS AT LAW