UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

    CHRISTOPHER D. WYMAN       CASE NO. 12-32264
    *Debtor(s),*      CHAPTER 7
     HON: D. S. OPPERMAN

_____\

MICHAEL A. MASON, US
BANKRUPTCY TRUSTEE
And STATE COURT JUDGMNT
CREDITOR BARBARA DUGGAN

    Plaintiffs      ADVERSARY NO.12-03348
v.

MICHELLE PICHLER, a/k/a MICHELLE GENTRY;
and, EDWARD LINCK

    Defendants.
_____\

## RESPONSE TO ORDER TO SHOW CAUSE

My name is BARBARA DUGGAN, a named Plaintiff in this case. I have personally appeared in this Bankruptcy Court on numerous occasions over the past 5 years in each of these related cases. I am not an attorney. I have been represented by my attorney for the past 5 years and have been kept informed on each of these related cases by telephone, email and copies of documents filed on my behalf. While I understand, generally, the nature and status of the various matters, I do not claim to understand the various legal theories involved. I have asked Mr. Tindall to assist me with this response to the Order to Show cause dated October 13, 2017.

## MY POSITION IN THIS CASE:

I hold a Judgment against Christopher Wyman in the amount of $28,399.53 plus statutory interest plus taxable costs and attorney fees. That Judgment is secured by a perfected Judgment Lien against the real property commonly known as 1011 Jones Rd., Howell MI. Therefore, I have an interest in that Default Judgment entered against Pichler

on July 16, 2014. All of this is set forth in Claim No. 1 filed November 25, 2014 in this Court.

I hold damage claims against Michelle Pichler and Edward Linck, as fraudulent transferees of the Jones Rd. property. My "claim" arose, by contract, against WYMAN September 25, 2008. Under the Michigan Uniform Fraudulent Transfer Act ("MUFTA"), *MCL 566.34(1)(a)*, a fraudulent transfer is void as to ANY creditor, without regard to whether the claim arose before or after the transfer.[1] Under *MCL 566.37(1)*, my claim against Pichler and Linck - to set aside fraudulent transfers from WYMAN - also arose September 25, 2008; with, my separate and independent claim, against Pichler and Linck, for money damages for aiding and abetting WYMAN's fraud.[2] My independent rights may be litigated in this bankruptcy court.[3]

I also hold a claim against Pichler, as a fraudulent transferee, insider and nominee of WYMAN, for fraud damages caused by the transfer of approximately $109,000.00 in cash/income from WYMAN to Pichler through a bank account at TCF Bank held in the name of CD WYMAN CONTRACTORS throughout the period 2007 through 2012.

A fraudulent transfer is fraud.[4] The law relating to fraud and misrepresentation supplement the provisions of MUFTA.[5] As a defrauded creditor of WYMAN, I may obtain a direct money Judgment against Pichler and Linck, as fraudulent transferees, for assisting WYMAN's fraud.[6] MR. MASON/SWEET is limited to "avoidance claims". He does not have standing to pursue tort/fraud claims that belong to me arising from a fraudulent transfer.[7] My fraud claims include damages for diminution in the value of the

---

[1] *In re Machine Tool Cont. Corp., 381 BR 657 (ED MI 2008)*.
[2] *MCL 566.38(2); Regan v. Carrington, 194 Mich App 35, 40 (1992)*.
[3] My independent rights are inextricably intertwined with the "**avoidance rights**" asserted by Trustee Mason. Ancillary jurisdiction supports the required nexus to this bankruptcy case under 28 U.S.C. § 1334 and authorizes their exercise in this adversary proceeding. *Waldman v. Stone, 698 F.3d 910 (6th Cir.2012); In re Salem Mortgage Co., 783 F.2d 626, 634 (6th Cir.1986)*. See also *In re Maislin Ind., U.S., Inc., 75 B.R. 170 (Bankr.E. D.Mich.1987); Charles Taunt, Trustee v. Fidelity Bank of Michigan, (In re Petrolia Corp.), 79 B.R. 686 (Bankr.E.D.Mich. 1987); In re Barman, 244 BR 896 (2000)*( **creditor** *[Trustee of the Bankruptcy Estate **of a related debtor**] - seeking to recover fraudulent transfers-* **had standing in the bankruptcy of a fraudulent transferee.**)
[4] *Husky Int. Elec. Inc. v. Ritz, 578 US __; 136 S. Ct. 1581 (2016)*.
[5] MCL 566.40.
[6] *MCL 566.38(2)*( **a direct money Judgment against a fraudulent transferee**) *Regan v. Carrigan, 194 Mich App 35 (1992) (Creditor may* **recover directly against a fraudulent grantee, whether or not the grantee knowingly participated in the fraudulent transaction**)
[7] *5 Collier on Bankruptcy ¶ 544.01 (16th ed. 2011) (footnote omitted) (***Section 544 "does not transform the trustee into a `super creditor.'"***). See, e.g., Hyundai Translead, Inc. v. Jackson Truck & Trailer Repair*

property transferred, exemplary damages, punitive damages, and, attorney fees incurred by me in all other state and federal cases.

I settled my damage claim against Mr. Linck in July 2014 for a one-time payment of $15,000.00. That payment/settlement was solely with Mr. Linck and applied solely to my damages against him. It did not apply to my claims against Pichler or to the Judgment against WYMAN.

My rights in these related cases, particularly this case, have been argued, reargued and reargued, again and again and my "standing" has been repeatedly explained over the last 5 years.

```
BANKRUPTCY      09-36472   DE 88 Filed 08/19/12
ADVERSARY NO. 12-03340,   DE 18, November 6, 2012.
ADVERSARY NO. 12-03347,   DE 12, October 30, 2012
ADVERSARY NO.12-03348     DE 21, November 1, 2012
ADVERSARY NO.12-03348,    DE 86, April 8, 2013, Nos. 2,3, 11.
ADVERSARY NO.12-03348     DE 153, May 6, 2014
ADVERSARY NO.12-03348     DE 308, November 17, 2014 Nos. 36-39
ADVERSARY NO.12-03348     DE 315-1, December 15, 2014
```

## MY INTENTIONS:

I intend to continue this and all related cases to a final Judgment. I intend to locate and retain replacement counsel to complete these cases. I believe 60 days should be sufficient time to locate and retain replacement counsel. I do not know how long replacement counsel will need to become familiar with the 5 year history of all 7 cases.

*[signature: Barbara Duggan]*
BARBARA DUGGAN

---

Inc., 419 B.R. 749, 761 (M.D. Tenn. 2009) ("Bankruptcy courts have consistently held that neither § 544(b) nor § 550 authorizes a trustee to pursue conspiracy or 'aiding and abetting' state law claims.").

3