# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION—FLINT

**IN RE:**

**CHRISTOPHER D. WYMAN,**

    *Debtor.*

Case No. 12-32264-dof
Chapter 7 Proceeding
Hon. Daniel S. Opperman

**MICHAEL A. MASON**, and **BARBARA DUGGAN**,

    *Plaintiffs*,

v.

**MICHELLE PICHLER**,

    *Defendant.*

Adversary Proceeding
Case No. 12-03348-dof

**Supplemental Reply to Barbara Duggan's Response to Order to Show Cause**

In her response to this Court's order to show cause, Barbara Duggan, acting through her disbarred attorney, Michael E. Tindall,[1] contends that her "independent rights may be litigated in this bankruptcy court." According to Ms. Duggan, "My

---

[1] On September 21, 2017, the Attorney Discipline Board for the State of Michigan issued a Notice of Disbarment (Pending Review) disbarring Mr. Tindall from the practice of law effective September 20, 2017. *See* Notice of Disbarment (Pending Review), available at http://www.adbmich.org/coveo/notices/2017-09-21-14n-36.pdf. By drafting and filing documents on behalf of Ms. Duggan, Mr. Tindall is engaging in the unauthorized practice of law. Under Mich. Comp. Laws § 600.916, "A person shall not practice law or engage in the law business, shall not in any manner whatsoever lead others to believe that he or she is authorized to practice law or to engage in the law business, and shall not in any manner whatsoever represent or designate himself or herself as an attorney and counselor, attorney at law, or lawyer, unless the person is regularly licensed and authorized to practice law in this state. A

independent rights are inextricably intertwined with the '**avoidance rights**' asserted by Trustee Mason. Ancillary jurisdiction supports the required nexus to this bankruptcy case under 28 U.S.C. § 1334 and authorizes their exercise in this adversary proceeding." In support of this argument, Ms. Duggan cites the following cases: *Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012); *In re Salem Mortgage Co.*, 783 F.2d 626, 634 (6th Cir. 1986); *In re Maislin Ind., U.S., Inc.*, 75 B.R. 170 (Bankr. E.D. Mich. 1987); *Charles Taunt, Trustee v. Fidelity Bank of Michigan (In re Petrolia Corp.*), 79 B.R. 686 (Bankr. E.D. Mich. 1987); and *In re Barman*, 244 B.R. 896 (Bankr. E.D. Mich. 200). None of these cases supports Ms. Duggan's position.

---

person who violates this section is guilty of contempt of the supreme court and of the circuit court of the county in which the violation occurred, and upon conviction is punishable as provided by law." Under Mich. Ct. R. 9.119(E), "An attorney who is disbarred … is, during the period of disbarment, … forbidden from: (1) practicing law in any form; (2) having contact either in person, by telephone, or by electronic means, with clients or potential clients of a lawyer or law firm either as a paralegal, law clerk, legal assistant, or lawyer; (3) appearing as an attorney before any court, judge, justice, board, commission, or other public authority; and (4) holding himself or herself out as an attorney by any means." "'According to the generally understood definition of the practice of law in this country, it embraces the *preparation of pleadings and other papers* incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and courts, and in addition conveyancing, the preparation of legal instruments of all kinds, and in general all *advice* to clients and all actions taken for them in matters connected with the law'." *In re Perez*, 327 B.R. 94, 97 (Bankr. E.D.N.Y. 2005) (quoting *People v. Alfani*, 125 N.E. 671, 672 (N.Y. 1919)). *Accord Matter of Bright*, 171 B.R. 799, 802 (Bankr. E.D. Mich 1994) ("advertising professional guidance to clients, arranging personal conferences with clients, *preparing documents*, *filing completed documents with the court*, and personally advising clients as to proper testimony is the practice of law and, thus, when performed by a non-attorney constitutes the unauthorized practice of law").

Moreover, another bankruptcy judge in this district has already rejected the "vague 'sufficiently intertwined with the debtor' standard" as inconsistent with the *Pacor* test[2] adopted by the Sixth Circuit in *Michigan Employment Sec. Comm'n v. Wolverine Radio Co., Inc.*, 930 F.2d 1132 (6th Cir. 1991), which holds that "'an action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate." *Miller v. Bruemmer (In re Bruemmer Dev., LLC)*, 515 B.R. 551, 558 (Bankr. E.D. Mich. 2014) (citations omitted).

Here, Ms. Duggan does not allege (nor can she) that the resolution of her "claims" against Ms. Pichler could have any impact on the administration of the Chapter 7 bankruptcy estate, let alone the bankruptcy debtor, Christopher Wyman. Ms. Duggan's claims are state-law claims that are being asserted against a non-debtor, by a party who is neither the debtor nor the trustee in the bankruptcy case. The outcome of Ms. Duggan's claims will have no conceivable effect on the estate being administered in Mr. Wyman's Chapter 7 bankruptcy case.[3] Thus, there is no "related to" jurisdiction, or any other basis of bankruptcy court subject matter jurisdiction, over Ms. Duggan's claims against Ms. Pichler.[4]

---

[2] *Pacor, Inc. v. Higgins (In re Pacor, Inc.)*, 743 F.2d 984 (3d Cir. 1984).
[3] Indeed, the sole relief sought by Ms. Duggan in her claim is "a separate and independent Judgment in favor of DUGGAN and against PICHLER … for her consequential damages, costs and attorney fees incurred under MCL 566.38." Compl., Doc 1, p. 7.
[4] In *Waldman*, a case cited by Ms. Duggan as supporting jurisdiction here, the Sixth Circuit found that "[e]ach of Stone's claims will have an effect on his estate here.

Ms. Duggan's reliance on "ancillary jurisdiction" is similarly misplaced.[5] As the court in *Bruemmer* explains, "Section 1367 codifies the supplemental jurisdiction of the district courts. It does not mention bankruptcy courts or bankruptcy judges, and is not explicitly linked to bankruptcy courts." *Id.* at 560 (citing *Walker v. Cadle Co. (In re Walker)*, 51 F.3d 562, 571, 572 (5th Cir. 1995)). In *Bruemmer*, Judge Tucker concluded that "as a bankruptcy court, it does not have, and may not exercise, supplemental jurisdiction, which some cases, such as *Petrolia*, have called ancillary jurisdiction." *Id.* While noting that "there is a split of authority over this issue," *id.* at 560–61, Judge Tucker "agree[d] with the majority view, that bankruptcy courts do not have supplemental jurisdiction" and adopted the reasoning of the Fifth Circuit in *Walker*. *Id.* at 561. As the Fifth Circuit explained:

> Congress has gone to great lengths determine what proceedings may be tried by bankruptcy courts, and "the exercise of ancillary and pendent jurisdiction by bankruptcy courts could subsume the more restrictive 'relate to' and 'arising in' jurisdiction, such that the latter would be rendered substantially, if not entirely, superfluous." Thus, it would be somewhat incongruous to guy this careful system by allowing bankruptcy courts to exercise supplemental jurisdiction to pull into bankruptcy courts matters Congress excluded in its specific

---

His disallowance claims challenge the validity of debts that Waldman has sought to enforce in bankruptcy. And a damages award on Stone's affirmative claims would provide assets for his other creditors." 698 F.3d at 916. Unlike in *Waldman*, a damages award on Ms. Duggan's affirmative claims would not provide assets for Mr. Wyman's other creditors.

[5] As the court explains in *Bruemmer*, "Three years after the decision in *Petrolia*, Congress enacted 28 U.S.C. § 1367, entitled 'Supplemental jurisdiction,' which became effective December 1, 1990. After the enactment of 28 U.S.C. § 1367, most courts have referred to what the court in *Petrolia* called ancillary jurisdiction as a form of supplemental jurisdiction." 515 B.R. at 559–60 (collecting cases).

> jurisdictional grants.
>
> Additionally, even if supplemental jurisdiction were thought to "supplement [ ] rather than supplant[ ] 'related to' and 'arising in' jurisdiction, a bankruptcy court exercising the former could hear claims which in effect, merely relate to claims which themselves have only a relate-to connection with the primary case." It seems unlikely that Congress would have intended such a result, especially after carefully delimiting bankruptcy jurisdiction in § 157. Moreover, as noted above, such a result would contravene the Supreme Court's directive in *Finley* instructing courts not to "read jurisdictional statutes broadly." Thus, we find that the district court correctly concluded that the bankruptcy court could not exercise supplemental jurisdiction over Cadle's third-party claim.

*Walker*, 51 F.3d at 573 (internal citations omitted). Accordingly, Ms. Duggan cannot rely on "ancillary jurisdiction" to "support[ ] the required nexus to this bankruptcy case under 28 U.S.C. § 1334[.]"

But even if Ms. Duggan could establish subject matter jurisdiction here, she still lacks standing to pursue her "claims" for the reasons set out in Ms. Pichler's Reply to Barbara Duggan's Response to Order to Show Cause, Doc 411. As Ms. Pichler explains in her reply, the injury that Ms. Duggan describes is not one specific to her, but rather, it is a generalized injury to the bankruptcy estate and all its creditors. Although Ms. Duggan has alleged various theories of recovery in her filings, the injury is always the same: Ms. Duggan has been deprived of her $28,399.53 judgment.[6] This

---

[6] Ms. Duggan claims that her "Judgment is secured by a perfected Judgment Lien against the real property commonly known as 1101 Jones Rd., Howell MI." According to the Livingston County Register of Deeds, Ms. Duggan recorded her judgment lien on May 3, 2012. *See* Livingston County Register of Deeds Search, **Ex. A**. Under Mich. Comp. Laws § 600.2809(1) states that "a judgment lien expires 5 years after

harm is an indirect consequence of Ms. Pichler's alleged actions. It is the bankruptcy estate that sustained direct injury. And indeed, the bankruptcy trustee has filed an action on behalf of the estate against Ms. Pichler seeking to avoid the fraudulent transfer of which Ms. Duggan complains. As the district court in *Lincoln Elect. Co. v. Manahan*, No. 1:10-cv-00724, 2011 WL 3516201 (N.D. Ohio Aug. 11, 2011) reasoned, "To allow this case to proceed would have the effect of placing [Ms. Duggan] at the front of the line, a result that would run counter to the basic principles of bankruptcy." 2011 WL 3516201 at *4.

While Ms. Duggan has failed to cite a single case that would remotely support a finding of standing here, Ms. Duggan tries to pass off Judge Rhodes opinion in *In re Barman* as such a case. Specifically, Ms. Duggan cites *Barman* for the following proposition: "creditor [Trustee of the Bankruptcy Estate of a related debtor] – seeking to recover fraudulent transfers – had standing in the bankruptcy of a fraudulent transferee." But a review of *Barman* does not support a finding of standing here.

---

the date it is recorded." Subsection (4) states that "a judgment lien may be rerecorded only once. A judgment lien is rerecorded by recording with the register of deeds, not less than 120 days before the initial expiration date under subsection (1), a second notice of judgment lien that has been certified by the clerk of the court that entered the judgment." Mich. Comp. Laws § 600.2809(4). And subsection (5) states that "[t]he filing of a state or federal insolvency proceeding by the judgment debtor does not toll or suspend the time period in which a judgment lien is effective." Mich. Comp. Laws § 600.2809(5). A review of the Livingston County Register of Deeds records reveals that Ms. Duggan failed to timely rerecord her judgment lien and therefore her judgment is no longer "secured by a perfected Judgment Lien" against the Jones Road real estate. *See* Livingston County Register of Deeds Search, **Ex. A**.

In *Barman*, the court was faced with an objection to discharge filed by the Chapter 7 trustee in the debtor's parents' bankruptcy case. *See Barman*, 244 B.R. at 899. The court found that the third-party trustee could object to the granting of a discharge under 11 U.S.C. § 727(a) because the third-party trustee had a possible preference or fraudulent conveyance claim against the debtor's bankruptcy estate. *See id.* The court found that a Chapter 7 trustee, standing in the place of a party with a particular, direct claim, had standing as a "creditor" under 11 U.S.C. § 727(c) to object to the discharge of the debtor. *See id.*

In sum, Ms. Duggan has cited no authority establishing that a creditor has standing to sue a non-debtor for damages in bankruptcy court. Nor has Ms. Duggan cited any authority establishing that a bankruptcy court would have subject matter jurisdiction over such a claim. Accordingly, this Court must recommend that the District Court dismiss Ms. Duggan's claims.

                                                Respectfully submitted,

By:   /s/Kevin S. Toll
       KEVIN S. TOLL (P69611)
       THE TOLL LAW FIRM, PLC
       *Attorney for Defendant Michelle Pichler*
       3511 Linwood Avenue
       Royal Oak, MI 48073
       (248) 246-6640
       ktoll@ktolllaw.com

Dated: October 28, 2017

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION—FLINT

**IN RE:**

**CHRISTOPHER D. WYMAN,**

    *Debtor.*

Case No. 12-32264-dof
Chapter 7 Proceeding
Hon. Daniel S. Opperman

**MICHAEL A. MASON**, and **BARBARA DUGGAN,**

    *Plaintiffs*,

v.

**MICHELLE PICHLER,**

    *Defendant.*

Adversary Proceeding
Case No. 12-03348-dof

## Certificate of Service

I hereby certify that on October 28, 2017, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

    /s/Kevin S. Toll
    KEVIN S. TOLL (P69611)
    *Attorney for Defendant Michelle Pichler*
    3511 Linwood Avenue
    Royal Oak, MI 48073
    (248) 246-6640
    ktoll@ktolllaw.com