# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

**IN RE:**
    **CHRISTOPHER D. WYMAN**

    Debtors

Bankruptcy Case No. 12-32264
Hon. Daniel S. Opperman
Chapter 7

___

**MICHAEL A. MASON, US
BANKRUPTCY TRUSTEE
AND STATE COURT JUDGMENT
CREDITOR BARBARA DUGGAN**,

    Plaintiffs

v.

Adversarial Case No. 12-03348
Hon. Daniel S. Opperman

**MICHELLE PICHLER, a/k/a
MICHELLE GENTRY; and,
EDWARD LINCK**

    DefendantS.

___

Michael E. Tindall (P29090)
Attorney for Creditor B. Duggan
P.O. Box 46564
Mount Clemens, MI 48046
(313) 638-7613
met@comcast.net

David W. Brauer (P41974)
Attorney for Defendant M. Pichler
515 E. Grand River Avenue
Howell MI 48843
(517) 548-1998
davidwbrauer@sbcglobal.net

Michael J. Olson (P56453)
Attorney for Defendant E. Linck
915 N. Michigan Ave., Suite 6
Howell, MI 48843
(517) 548-7400
molson@mtolaw.com

___

## DEFENDANT'S REPLY TO PLAINTIFF'S 28 USC 157(B)(3) COMBINED MOTION AND BRIEF TO DETERMINE CORE/NONCORE STATUS OF CLAIMS (AMENDED)

In re: Mason and Duggan v. Pichler and Linck    Case No.12-03348
Reply to Plaintiff's 28 USC 157(b)(3) Combined Motion

NOW COMES Defendant Michelle, Pichler, by and and through her attorney David W. Brauer, of Zichi & Brauer, P.C. and in answer to Plaintiff's motion states as follows:

1. Defendant's admit that Plaintiff did allege violation of sections 11 USC 542, 544, and 547 in their Complaint. However in further response to this paragraph the allegations are not clear and concise as to which Plaintiff is asserting exactly which cause of action. In further response to this paragraph Plaintiff admits in paragraph 3 of this motion that Plaintiff Duggan is "asserting her independent right inextricably intertwined with, and arising out of the avoidance rights asserted by Trustee Mason". As this court has already noted Plaintiff Duggan does not appear to have a statutory right to concur in the avoidance procedures of the Plaintiff Trustee as sections 11 USC 542, 544, 547, and 550 clearly state "only the Trustee" has rights under those statutes. Thus it is premature at this time for this court to rule on whether this is a core proceeding and grant the relief requested by Plaintiff in this motion.

2. Neither admit nor deny. Please see answer to paragraph 1 above.

3. Defendants admit that Duggan's cause of action as plead is inextricably intertwined with that of the Trustee's. Defendant denies the remained of the allegations in this paragraph. Please see answer to paragraph 1 above.

4. Defendant's does admit that 28 USC 157(b)(3) provides that the court may on a timely motion determine whether a matter is a core or noncore proceeding under Title 11. However in further response to this paragraph Defendants allege that the requested relief in this matter is premature for the reasons set forth in Defendant's Answer to Plaintiff's Second Motion for Summary Disposition Docket No. 87. Defendant incorporates by referenced it's Answer to Plaintiff's Second Motion for Summary Disposition Docket No. 87 as though fully set forth herein. Please see also answer in paragraph 1 above.

5. In further response to this paragraph the Plaintiff's Complaint is so vague, it is difficult to ascertain which Plaintiff is alleging which cause of action. Further Defendant Duggan does not have a cause of action under 11 USC 542, 544, 547 or 550. However please see answer to paragraph 4 above.

6. Admitted. In further response to this paragraph it is possible this matter may be transferred to the federal district court, or the state court for further adjudication. And thus the request for relief is premature.

7. Please see answer to paragraph 4 above.

Zichi & Brauer, P.C.
ATTORNEYS AT LAW
515 E. Grand River Ave.
Howell, Michigan 48843

8. Defendant leaves Plaintiff to its proofs. However this matter is not ripe for determination of whether it is a core or noncore proceeding at this juncture.

9. Defendant would respectfully assert that only the United States Supreme Court has the jurisdiction to change its Stern ruling. Defendant admits that the district and circuit have attempted to clarify and further interpret the Supreme Court's decision in Stern. There has been no proof of claim filed to defense counsel's knowledge which would be germane to trigger holdings of Waldman and Global. Thus under Plaintiff's interpretation this matter would be a noncore preceding. Defendant's may then seek to have the matter transferred to state court, or federal district court. However that issue is not ripe for review at this juncture.

10. Please see answer to paragraph 4 above.

11. Please see answer to paragraph 4 above.

WHEREFORE, your Defendant respectfully request this Honorable Court deny the relief sought for by Plaintiff for the reasons set forth above, enter Defendant's proposed Order denying the relief sought for by Plaintiff for the reasons set forth above, enter Defendant's proposed Order Denying the Relief Requested by plaintiff, and enter such other relief as is appropriate under the facts and circumstances at hand.

Dated: April 22, 2013        By:   */s/ David W. Brauer*
                                   Attorney for Defendant, M. Pichler
                                   515 E. Grand River Avenue
                                   Howell, Michigan 48843
                                   517.548.1998
                                   davidwbrauer@sbcglobal.net

**Zichi & Brauer, P.C.**
ATTORNEYS AT LAW

515 E. Grand River Ave.
Howell, Michigan 48843