# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - FLINT

IN RE:

CHRISTOPHER D. WYMAN,

       Debtor.
_____/

CASE NO. 12-33264-dof
CHAPTER 7
HONORABLE DANIEL S. OPPERMAN

Michael A. Mason, US Bankruptcy
Trustee and State Court Judgment
Creditor, Barbara Duggan,
       Plaintiffs,

Adversary No. 12-03348-dof

v

Michelle Pichler, a/k/a Michelle Gentry ;
and, Edward Linck,
       Defendants.
_____/

**RESPONSE AND BRIEF IN OPPOSITION OF THE CLAIMAINT'S AMENDED FRCP 60(b)(4) MOTION TO VACATE DE 418, CASE NO. 12-03348 AS VOID FOR VIOLATION OF DUE PROCESS AND TO SET ASIDE INVALID DISMISSAL FOR VIOLATION OF FRCP 41(a)(1)(A)(ii) AND FOR AWARD OF SANCTIONS/DAMAGES OF $109,000 FOR FRAUD AGAINST TRUSTEE SWEET**

Now comes Trustee, Samuel D. Sweet, by and through his counsel, Samuel D. Sweet, PLC, and hereby states as follows:

**MOTION TO VACATE DE 481, CASE NO. 12-03348 AS VOID FOR VIOLATION OF DUE PROCESS PURSUANT TO FRCP 60(b)(4)**

Claimant has asserted that he was deprived of due process with respect to the entry of an Order deeming that he has committed fraud on this court. Reviewing FRCP 60(b)(4), claimant may set aside an Order if he is deprived of due process in the entry of the Order. In determining what constitutes due process the Supreme Court has been very illustrative in explaining what is required: the following is a list as identified by the cases.

1. An unbiased tribunal;
2. Notice of the proposed action;
3. Grounds asserted for the proposed action; and

4. The opportunity to put forth reasons why the proposed action is not correct.

*Morrissey v Brewer* 408 US 471, 481 (1972), *Twining v New Jersey*, 211 US 78, 110 (1908), *Jacob v Roberts* 223 US 261, 265 (1912).

This Court has graciously heard Mr. Tindall's arguments on many matters over the last ten years. Never once has this Court acted in any way biased for or against Mr. Tindall and no showing is or could be made on this issue. As such, there is no allegation that this Court is biased in any way.

This Order DE 418 was the result of a motion filed by Defendant Pichler on September 10, 2014, DE 296. In the motion the movant asked for a judgment to be set aside, due to Mr. Tindall's fraud on this Court. It is clear that notice was given of the issue and requested action by Pichler. Originally and throughout the last 3 years between the filing of this motion and DE 418 all issues were litigated over and over again. The request by Pichler was laid out and identify the issues the Court should consider in this matter.

Mr. Tindall has made much of the fact that an Order entered which lacks due process is void. Unfortunately, he spends very little time identifying what the failure of due process would be. Sadly, in this case the motion which created DE 418 was filed originally on September 10, 2014 whereas DE 418 was entered on November 3, 2017. As a result, a full 3 years pended between the filing of the motion and the entry of an Order deeming Mr. Tindall to have perpetrated a fraud on this Court. In those 3 years Mr. Tindall has filed 19 pleadings related to this matter, those being docket entries 299, 306, 311, 313, 315, 320, 326, 333, 335, 343, 351, 352, 353, 386, 393, 394, 409, 410, and 322. Those 19 pleadings were filed disputing the statements made in the original motion which was DE 296. In DE 296 it was specifically provided that Mr. Tindall had engaged in fraud on this Court and the Judgment entered by this fraud was to be set aside. The motion specifically provided in the request for relief by the Defendant. In addition to those pleadings filed, there were 6 hearings held in those 3 years specifically related to this fraud on the Court, those being identified as DE 336, 345, 349, 369, 379, and 380. In each of those hearings Mr. Tindall was allowed to argue that fraud on the Court was not present and that the Judgment obtained improperly should not be set aside. In addition to those hearings Mr. Tindall filed two appeals, one to the District Court which was dismissed and one to the Sixth Circuit Court which was dismissed and those being identified in DE as 338 and 340.

Based upon the record in this case it seems incomprehensible that anyone could claim that due process was denied. In fact, this appears to be the textbook definition of due process as Mr. Tindall was allowed to argue for 3 years that he had done nothing wrong when in fact he had simply committed very

straightforward fraud on the Court and deceived this Court in obtaining a Judgement. The Court ruled on this matter, Mr. Tindall had ample opportunity to object, and as a result I see no ability to set this aside based upon any lack of due process.

**MOTION TO SET ASIDE DISMISSAL FOR VIOLATION OF FRCP 41(a)(1)(A)(ii)**

Mr. Tindall next asserts that the stipulation and Order resolving this adversary proceeding was improper under FRCP 41(a)(1)(A)(ii). Tindall seems to claim that entry of the Order for dismissal was not proper and notice was not provided to Ms. Duggan. Tindall himself was disbarred prior to this dismissal and Ms. Duggan was dismissed as a party to this adversary proceeding.

Sadly, in this case Mr. Tindall fails to provide that Ms. Duggan specifically appeared at a hearing and determined that she would not pursue her rights in this adversary proceeding. DE 437 in case 12-03348. These are all matters of record, and as a result she was dismissed from this case as a Plaintiff. Ms. Duggan is not coming forth and making any allegations that there is anything improper or inappropriate in this matter, it is Mr. Tindall's scorched earth style of litigation that simply is happening here. Please note Ms. Duggan was paid in full for her claim.

Mr. Tindall seems to put forth a chain of events that he has alleged in his pleading that neither square with the actual record in this case nor assist in determining whether any claim whatsoever would exist for Ms. Duggan or Mr. Tindall. The dismissal of this adversary proceeding did not occur until February of 2018 whereas DE 418 in case 12-03348 occurred in November of 2017.

As a result, DE 418 in case no. 12-03348 was not related to or specifically aligned with any issue with respect to Ms. Duggan finding replacement counsel.

With respect to an attempt to set aside a dismissal for violation of FRCP 41(a)(1)(A)(ii), the claim that not all parties were noticed with respect to the dismissal herein in not appropriate, given that on January 25, 2018 DE 437 Barbara Duggan was dismissed as a Plaintiff in Case No. 12-03348 before this Court. Only thereafter was an agreement reached wherein Michelle Pichler would provide consent to transfer the real property in question back to the bankruptcy estate and that the estate would be allowed to liquidate same.

As a result, FRCP 41(a)(1)(A)(ii) was clearly complied with given that Barbara Duggan was no longer a Plaintiff in the case and that the dismissal was proper under the circumstances.

Let's not forget that the whole reason that any of this is even an issue by Mr. Tindall is that he was disbarred for conducting fraud on the court. Much akin to what transpired in this case. He did not

play by the rules and as a result he was disbarred.  That being said, now we are forced to deal with the aftermath of Mr. Tindall's inappropriate and unlawful activities.

  Wherefore, Trustee prays this Honorable Court deny Mr. Tindall's motion herein and award any such other further relief that this Court deems fair and equitable.

                     Respectfully submitted,

Dated: 12/16/2022                  /s/ Samuel D. Sweet
                     Samuel D. Sweet, PLC
                     By: Samuel D. Sweet
                     52 E. Burdick Street #10
                     Oxford, Michigan 48371
                     (248) 236-0985
                     ssweet@trusteesweet.us

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

CHRISTOPHER D. WYMAN,

    Debtor.
_____/

CASE NO. 12-33264-dof
CHAPTER 7
HONORABLE DANIEL S. OPPERMAN

Michael A. Mason, US Bankruptcy Trustee and State Court Judgment Creditor, Barbara Duggan,
    Plaintiffs,

v

Michelle Pichler, a/k/a Michelle Gentry; and, Edward Linck,
    Defendants.
_____/

Adversary No. 12-03348-dof

## CERTIFICATE OF SERVICE

*The undersigned hereby certifies that a copy of the following:*

**Response and Brief in Opposition of the Claimant's Amended FRCP 60(b)(4) Motion to Vacate DE 418, Case No. 12-03348 as Void for Violation of Due Process and to Set Aside Invalid Dismissal for Violation of FRCP 41(a)(1)(A)(ii) and for Award of Sanctions/Damages of $109,000 for Fraud Against Trustee Sweet**

*was served via First Class Mail, pre-paid postage, on this 16th day of December, 2022, addressed as follows:*

    Michael Tindall
    18530 Mack Ave., Ste. 430
    Detroit, Michigan 48236

    /s/ Jessica A. Will
    SAMUEL D. SWEET, PLC
    Jessica A. Will, Legal Assistant
    52 E. Burdick Street #10
    Oxford, Michigan 48371
    (248) 236-0985
    jwill@trusteesweet.us