## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN RE:
    CHRISTOPHER D. WYMAN
        *Debtor(s),*

_____\\

MICHAEL A. MASON, US
BANKRUPTCY TRUSTEE
And STATE COURT JUDGMENT
CREDITOR BARBARA DUGGAN
        **Plaintiffs**
v.

MICHELLE PICHLER, a/k/a MICHELLE GENTRY;
and, EDWARD LINCK
        **Defendants.**
_____\\

CASE NO. 12-32264
CHAPTER 7

ADVERSARY NO.12-03348

## CLAIMANT'S REPLY TO DE 448, SUPPORTING DE 442

### "AMENDED [*ITALICS*]
### CLAIMANT'S FRCP 60(b) (4) MOTION AND BRIEF
### TO VACATE DE 418, CASE NO *12-03348*
### AS VOID [AB INITIO] FOR VIOLATION OF DUE PROCESS
### AND
### TO SET ASIDE INVALID DISMISSAL FOR VIOLATION OF FRCP
### *FRCP 41(a)(1)(A)(ii)*
### AND
### FOR AWARD OF SANCTIONS/DAMAGES OF $109,000
### FOR FRAUD AGAINST TRUSTEE SWEET"

MICHAEL E. TINDALL, (hereinafter "Claimant"), Assignee of all [100%] claims of BARBARA DUGGAN ($32,240.34); and, an independent party in interest holding a separate secured attorney lien ($34,100.00/$21,869.33) against the proceeds of the Realty (hereinafter "allowed secured claim"), and for this REPLY TO DE *448* states:

On December 16, 2022, Trustee Sweet filed his RESPONSE to DE 442. Rather than attempt to paraphrase, Sweets "arguments" will be set forth verbatim.

> 1. "In determining what constitutes due process the Supreme Court has been very illustrative in explaining what is required: the following is a list as identified by the cases.
>    1. An unbiased tribunal; (*hereinafter referred to as "F-I"[fair and impartial]*)
>    2. Notice of the proposed action;
>    3. Grounds asserted for the proposed action; and
>    4. The opportunity to put forth reasons why the proposed action is not correct. (*hereinafter, collectively Nos 2,3,4, referred to as "N-H"[notice and opportunity to be heard]*).[1]
>
> 2. "the motion [DE 296] which created DE 418 was filed originally on September 10, 2014 whereas DE 418 was entered on November 3, 2017. ... a full 3 years pended between the filing of the motion and the entry of an Order deeming Mr. Tindall to have perpetrated a fraud on this Court. In those 3 years Mr. Tindall has filed 19 pleadings related to this matter, those being docket entries 299, 306, 311, 313, 315, 320, 326, 333, 335, 343, 351, 352, 353, 386, 393, 394, 409, 410, and 322. Those 19 pleadings were filed disputing the statements made in the original motion which was DE 296. ... In addition to those pleadings filed, there were 6 hearings held in those 3 years specifically related to this fraud on the Court, those being identified as DE 336, 345, 349, 369, 379, and 380. In each of those hearings Mr. Tindall was allowed to argue that fraud on the Court was not present and that the Judgment obtained improperly should not be set aside...Based upon the record in this case it seems incomprehensible that anyone could claim that due process was denied. In fact, this appears to be the textbook definition of due process as Mr. Tindall was allowed to argue for 3 years that he had done nothing wrong ... This Court has graciously heard Mr. Tindall's arguments on many matters over the last ten years. Never once has this Court acted

---

[1] DE 448, PP 1-2

in any way biased for or against Mr. Tindall and no showing is or could be made on this issue. As such, there is no allegation that this Court is biased in any way[2]

3. "The dismissal of this adversary proceeding did not occur until February of 2018 ...Ms. Duggan is not coming forth and making any allegations that there is anything improper or inappropriate in this matter, it is Mr. Tindall's scorched earth style of litigation that simply is happening here the claim that not all parties were noticed with respect to the dismissal herein in not appropriate, given that on January 25, 2018 DE 437 Barbara Duggan was dismissed as a Plaintiff in Case No. 12-03348 before this Court. Only thereafter was an agreement reached wherein Michelle Pichler would provide consent to transfer the real property in question back to the bankruptcy estate and that the estate would be allowed to liquidate same..."[3]

And, last - but certainly not least - the perennial "scumbag[4]/scallywag" defense.[5]

4. "Let's not forget that **the whole reason that any of this is even an issue by Mr. Tindall is that he was disbarred for conducting fraud on the court. Much akin to what transpired in this case. He did not play by the rules and as a result he was disbarred.** That being said, now we are forced to deal with the aftermath of Mr. Tindall's inappropriate and unlawful activities."[6]

Claimant's REPLY to each, 1-4, follows.

---

[2] DE 448, P2
[3] DE 448, P3
[4] *Britannica Dictionary* definition of SCUMBAG. [count] slang. : a **dishonest, unkind, or unpleasant person.**
[5] The "**scumbag/scallywag**" defense, in common street parlance, is: "Any/everything he says, true or not, can be ignored because he is a BAD person."
[6] DE 448, P3-4

1. **DUE PROCESS**:

As Sweet correctly recites, due process includes BOTH F-I and N-H.[7] However, the two are NOT the same. F-I is **"macrocosmic"**, looking to the entirety of the case, rather than any one or more individual actions taken within it. F-I looks for and reacts to either real or perceived defects. It is "structural"; where either a real or perceived violation is found, the ENTIRE case [rather than merely the individual act] is invalidated.[8]

N-H is **"microcosmic"**. It is laser focused on specific individual acts. As Sweet correctly recites, N-H was fully discussed in DE 442. That discussion will not be repeated here. N-H is not "structural". Where N-H has been deprived, only the specific act for which N-H was not provided is voided. It is irrelevant whether N-H was provided for other/earlier acts.

2. **NOTICE AND HEARING OF PAST PROCEEDINGS AND ACTIONS IS "GOOD ENOUGH"!**

---

[7] The Fifth and Fourteenth Amendment guarantees to a fair, impartial and unbiased judge are the bedrock of our judicial system. *Tumey v. Ohio*, 273 U.S. 510 (1927); *In re Murchison*, 349 U.S. 133, 136 (1955); *Marshall v. Jerrico*, 446 U.S. 238 (1980). *Caperton v. Massey Coal Company* 556 U.S. 868 (2009). *Williams v. Pennsylvania*, 136 S. Ct. 1899 (2016); *Johnson v. Morales*, 946 F. 3d 911, 918 (6th Cir 2020)(**Federal due process "guarantees 'an absence of actual bias' on the part of a judge."**) (quoting) *Williams v. Pennsylvania*, ___ U.S. ___, 136 S. Ct. 1899, 1905, 195 L.Ed.2d 132 (2016) (quoting *In re Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942 (1955)); *Coley v. Bagley*, 706 F. 3d 741, 749-50 (6th Cir 2013).

[8] **Since judicial bias is a structural defect both when actual and when merely unconstitutionally probable,** see *Arizona v. Fulminante*, 499 U.S. 279, 309-10, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991), **if either type of judicial bias is proven,** *Strickland* **prejudice need not be proven.** See *Strickland v. Washington*, 466 U.S. 668, 691-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

On September 10, 2014, upon filing DE 296, at least three (3) people became entitled to N-H: Ms. Duggan, a co-plaintiff; the undersigned, as "**the accused**"; and, Mr. Sweet, also "**an accused**".[9] Although Mr. Toll "attempted" [and failed] to exclude Sweet from his request for monetary sanctions only,[10] he failed to name or serve Mr. Mason, individually, thereby depriving Mason, another "**accused**" of any N-H at all.

Sweet correctly recites that for the three (3) year period, September 2014 through September 2017, numerous pleadings and hearings were conducted, AND, that N-H was given to three (3) of the persons entitled. **Mr. Mason got nothing.** Far from being an acceptable substitute for what would later occur in October-November 2017, three (3) years of pleadings and hearings produced a DETERMINATION that evidentiary issues required the opportunity for each person to present, challenge and confront EVIDENCE.

---

[9] "Defendant Michelle Pichler moves … to set aside the default judgment declaring title to real property (Doc 127) for fraud on the court **by the trustee and his counsel.**" DE 296 P1 of 28; "**The trustee and his counsel's false statements of material facts to this Court** affected the integrity of the judicial process and constituted a fraud on this Court." DE 296, P4 of 28; "…this Court relied on the representations **made by the trustee and his counsel** …" DE 296, P25 of 28; "… **the trustee and his counsel knowingly committed fraud on this Court**" DE 296, P25 of 28; "This Court would not have entered a default judgment against Ms. Pichler but for **the fraudulent actions of the trustee and his counsel—both officers of this Court…**" DE 296, p26 of 28; "**The trustee and his chosen counsel committed fraud on this Court** …" DE 296, P26 of 28; "**The trustee and his counsel committed fraud on this Court** …" DE 296, P27 of 28.

[10] " … At this time, Ms. Pichler has no reason to believe that trustee Sweet engaged in any wrongdoing or sanctioned the actions taken by coun- sel. Thus, Ms. Pichler is <u>not seeking costs and fees</u> against trustee Sweet. Any refer-ence in this filing to the trustee refers to trustee Mason." DE 296, PP1-2

> "04/27/2017 379 (1 pg) Notice of Evidentiary Hearing. (RE: related document(s)296 Motion to Vacate/Set Aside filed by Defendant Michelle Pichler, 353 Generic Motion filed by Plaintiff Michael A. Mason, Plaintiff Barbara Duggan) Hearing to be held on 6/12/2017 at 09:30 AM Courtroom, Flint, 226 West Second St. for 296 and for 353, (JAM) (Entered: 04/27/2017)
>
> 06/06/2017 Minute Entry. Hearing adjourned to a date to be determined. (RE: related document(s)296 Motion to Vacate/Set Aside filed by Defendant Michelle Pichler, 353 Generic Motion filed by Plaintiff Michael A. Mason, Plaintiff Barbara Duggan) (JAM) (Entered: 06/06/2017)"

Indeed, that right to present and confront EVIDENCE was re-confirmed.

> 10/31/2017 Minute Entry. Hearing Adjourned. Ms. Duggan has 60 days to find new counsel. (related document(s): 403 Order to Show Cause) Show Cause hearing to be held on 01/23/2018 at 02:00 PM at Courtroom, Flint, 226 West Second St.. (JAM) (Entered: 10/31/2017)
>
> 11/01/2017 416 (1 pg) Notice of Trial. Trial date set for 3/13/2018 at 09:30 AM at Courtroom, Flint, 226 West Second St.. (JAM) (Entered: 11/01/2017)

Nevertheless, ten (10) days later; and, again, ten (10) days after that, the following happened, over the express objection of Ms. Duggan. DE 409.

> 11/03/2017 418 (20 pgs) Order Re: Defendant Michelle Pichler's "Motion to Set Aside Default Judgment Declaring Title to Real Property for Fraud on the Court and to Dismiss Adversary Complaint with Prejudice and Award Costs and Attorney Fees" (RE: No. 405 Notice of Presentment of Order filed by Defendant Michelle Pichler). (Mum, J) (Entered: 11/03/2017)

> 11/13/2017 422 (21 pgs) Amended Order Re: Defendant Michelle Pichler's "Motion To Set Aside Default Judgment Declaring Title To Real Property For Fraud On The Court And To Dismiss Adversary Complaint With Prejudice And Award Costs And Attorney Fees" (RE: related document(s)418 Order). (kcm) (Entered: 11/13/2017)

DEs 418 and 422 are identical, with one exception to be discussed below. BOTH recite HOW the above described actions occurred,[11] and, at whose direction, where ONLY a "status conference" was to take place.

> "The Court, having conducted ... a <u>hearing</u> on October 11, 2017 ... directed Defendant's counsel to prepare and submit an Order which ... stated on the record <u>at the October 11, 2017 hearing</u>."
> DE 418 and 422, P1-2

In short, no one received N-H that a "hearing" would take place on October 11, 2017; and, that potentially prejudicial action might be taken on that date. The resulting prejudicial actions/orders were directed by the person who noticed the "status conference" and was required to provide F-I.

### 3. <u>IT'S OK BECAUSE MS. DUGGAN IS NOT COMPLAINING, AND, THE CASE WAS DISMISSED AFTER SHE WAS DISMISSED ON JANUARY 25, 2018.</u>

Ms. Duggan's rights to N-H were violated on or about October 31, 2017, when a "status conference" became a "hearing" she was given no notice of. Her rights to F-I were violated on November 3 and 13, when DEs

---

[11] DE 398, dated 9/26/2017 stated otherwise: "**NOTICE OF STATUS CONFERENCE** PLEASE TAKE NOTICE that the STATUS CONFERENCE on the above entitled adversary proceeding will be held on: 10/11/17 at 02:00 PM at U.S. Bankruptcy Court Courtroom, 226 West Second St., Flint, MI 48502 PARTIES MUST APPEAR IN PERSON".

418 and 422 were entered prejudicing her rights. She subsequently assigned all claims for those violations to the undersigned, who now asserts BOTH her claims and his own.

DEs 418 and 422 differ in one single respect, although both were signed and adopted by this Court. DE 422 states:

> Amended Order Re:.... and **to Dismiss Adversary Complaint with Prejudice ...**

As to Ms. Duggan, at least, her claims/Complaint was dismissed, and, her rights and interests were violated on November 3 and 13, 2017. She was a party at that time; supposedly protected by the 60 day period given her to obtain new counsel. Whatever Messrs. Sweet and Toll did to or with each other, in February 2018, is meaningless, as to her and the undersigned.

### 4. THE "SCUMBAG/SCALLYWAG" DEFENSE.

In the words of the SIXTH Circuit Court of Appeals:

> "As we have noted before, "[c]areful research and cogent reasoning, not aspersions, are the proper tools of our trade."[12] Not only is derogatory language unpersuasive, but it also violates the expectation that members of the bar will accord due respect to those involved in the judicial process.[13] Moreover, an attorney should not waste this Court's resources as part of a personal vendetta in the wake of a soured business relationship. *See* Fed. R. Civ. P. 11(b)(1); Fed. R. App. P. 38. "But just as one cannot `equate contempt with courage or insults with independence,' we cannot dismiss the disparaging statements in this case as mere stylistic flourishes or vigorous advocacy."[14]

---

[12] *Bearden v. Ballad Health*, 967 F.3d 513, 519 (6th Cir. 2020) (citation omitted).

[13] *See Bennett v. State Farm Mut. Auto. Ins. Co.*, 731 F.3d 584, 585 (6th Cir. 2013); 6th Cir. R. 46.

[14] *Bearden*, 967 F.3d at 519 (quoting *Sacher v. United States*, 314 U.S. 1, 14 (1952)).

The case to vacate DE 418, 422 and 425, and, to sanction Mr. Sweet, is made entirely on this Court's record, and, the statements, recitals and actions made and endorsed by Messrs. Toll and Sweet, all as adopted by and reflected in the Orders of this Court. No reliance on ANYTHING said by the undersigned is required. DE 442 must be granted, as there is NO judicial discretion to do otherwise.[15]

Dated: 12/18/22

/s/
MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
Direct Email: met@comcast.net

---

[15] See, DE 442, ns 4,5.

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN RE:

CHRISTOPHER D. WYMAN
*Debtor(s),*

_____\

MICHAEL A. MASON, US
BANKRUPTCY TRUSTEE
And STATE COURT JUDGMNT
CREDITOR BARBARA DUGGAN
        **Plaintiffs**
v.

MICHELLE PICHLER, a/k/a MICHELLE GENTRY;
and, EDWARD LINCK
        **Defendants.**
_____\

CASE NO. 12-32264
CHAPTER 7

ADVERSARY NO.12-03348

## CERTIFICATE OF SERVICE
(Modified for PEDUP)

Defendant, in pro per, hereby certifies that

**CLAIMANT'S REPLY TO DE 448, SUPPORTING DE 442**

**"AMENDED [*ITALICS*]**
**CLAIMANT'S FRCP 60(b) (4) MOTION AND BRIEF**
**TO VACATE DE 418, CASE NO *12-03348***
**AS VOID [AB INITIO] FOR VIOLATION OF DUE PROCESS**
**AND**
**TO SET ASIDE INVALID DISMISSAL FOR VIOLATION OF FRCP *FRCP 41(a)(1)(A)(ii)***
**AND**
**FOR AWARD OF SANCTIONS/DAMAGES OF $109,000**
**FOR FRAUD AGAINST TRUSTEE SWEET"**

was submitted for filing through the PEDUP program on December 18, 2022 and will be served on Plaintiff Trustee Sweet by the Clerk's filing through the Court's ECF System on the date and at the time so filed by the Clerk.

Dated: 12/18/22

/s/
MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
Direct Email: met@comcast.net